**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL L. McGINLEY and<br>  S.C. PRODUCTS, INC. | ) | |
| | ) | |
| | ) | Civil Action No. 4:16-cv-00283-DW |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUV N' CARE, LTD. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES
AND DECLARATORY JUDGMENT COUNTERCLAIM**

Defendant Luv n' care, Ltd., through counsel, for its answer, affirmative defenses and declaratory judgment counterclaim to Plaintiffs' Complaint (Doc. 1) hereby states as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies same.

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies same.

3.      Defendant admits that it is "organized under the laws of Louisiana with its principal place of business in Monroe, Ouachita Parish, Louisiana." Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4.      Defendant denies the allegations of paragraph 4 of the Complaint.

5.      Defendant denies the allegations of paragraph 5 of the Complaint.

6.      Defendant admits the allegations of paragraph 6 of the Complaint.

7.      Defendant denies the allegations of paragraph 7 of the Complaint.

KCP-4797111-1

8.    Defendant admits that "[o]n October 28, 2008, the United States Patent Office" "issued United States Letters Patent No. 7,441,675 (the "'675 Patent") to McGinley and Brian Lau for an invention in a flexible panel pitcher device" and that a "true and accurate copy of the '675 Patent" is attached to the Complaint as Exhibit 1.  Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9.    Defendant admits that "[o]n June 28, 2014, the United States Patent Office" "issued United States Letters Patent No. 8,636,178 (the "'178 Patent") to McGinley and Brian Lau for an invention in a flexible panel pitcher device" and that a "true and accurate copy of the '178 Patent" is attached to the Complaint as Exhibit 2.  Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies same.

11.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies same.

12.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint and, therefore, denies same.

13.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint and, therefore, denies same.

14.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint and, therefore, denies same.

15.    Defendant denies the allegations of paragraph 15 of the Complaint.

16.    Defendant admits that it received a letter dated April 1, 2014 purportedly sent on behalf of Plaintiffs.  Defendant denies the remaining allegations in paragraph 16 of the Complaint.

KCP-4797111-1

17.     Defendant admits that it requested time to respond to Plaintiffs' letter dated April 1, 2014.  Defendant denies the remaining allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations of paragraph 18 of the Complaint.

19.     Defendant denies the allegations of paragraph 19 of the Complaint.

20.     Defendant denies the allegations of paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendant.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper under 28 U.S.C. § 1400(b) as (1) Defendant does not reside within this judicial district and (2) Defendant has not committed acts of infringement and does not also have a regular and established place of business within this judicial district.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not directly infringed any claim of the '675 patent, either literally or under the doctrine of equivalents, and is not liable as an infringer with respect to any claim of the '675 patent.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has not directly infringed any claim of the '178 patent, either literally or under the doctrine of equivalents, and is not liable as an infringer with respect to any claim of the '178 patent.

3

KCP-4797111-1

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the '178 patent is unenforceable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for damages are barred, in whole or in part, by 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' are not entitled to recover damages, in whole or in part, based on provisional rights under 35 U.S.C. § 154(d)(1) including but not limited to the failure to provide actual notice of the publication of the '178 patent application (US 2009/0045229 A1) to Defendant and the lack of substantial identicality between the invention disclosed in US 2009/0045229 AI and the invention disclosed in the '178 patent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' fail to state any claim upon which relief can be granted with respect to Kmart, Walmart, Toys "R" Us, Amazon.com or any other retailers that Plaintiffs' have failed to name as party Defendants in this action and, therefore, are not entitled to recover damages from or seek entry of preliminary and permanent injunctive relief against these named and unnamed retailers as requested in paragraph 20 of the Complaint.

## COUNTERCLAIM

For its declaratory judgment counterclaim against Plaintiffs, Defendant states as follows:

1. This counterclaim seeks a declaratory judgment of non-infringement and unenforceability of U.S. Patent No. 8,636,178 ("'178 patent"), entitled "Flexible Panel Pitcher," which issued from U.S. Patent Application Serial No. 12/255,797 on January 28, 2014. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4

KCP-4797111-1

2.      This Court may declare the rights and other legal relations of the parties in this action under 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57, because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiffs and Defendant as regards the unenforceability and alleged infringement of the '178 patent.

3.      As set forth in the Complaint, Plaintiffs have sued Defendant for alleged infringement of the '178 patent, literally or pursuant to the doctrine of equivalents, in the importation into the U.S., manufacture, use, offer for sale and sale of Defendant's product known as the Nûby Tear Free Rinse Pail.  *See* Complaint, ¶ 15 (Doc. 1).  Plaintiff further seeks the recovery of damages for alleged infringement of the '178 patent.  *Id.*, ¶ 20.

4.      Defendant does not infringe, literally or pursuant to the doctrine of equivalents, any claim of the '178 patent in the importation into the U.S., manufacture, use, offer for sale and sale of the Nûby Tear Free Rinse Pail.

5.      Upon information and belief, following an opportunity to conduct reasonable discovery, the '178 patent is unenforceable.

6.      An actual, immediate, substantial and justiciable controversy exists regarding the unenforceability and alleged infringement of the '178 patent by Defendant's importation into the U.S., manufacture, use, offer for sale and sale of the Nûby Tear Free Rinse Pail.

7.      A judicial declaration is necessary and appropriate at this time so that Defendant may ascertain its rights and duties with respect to the '178 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter a judgment in its favor and against Plaintiffs on the Complaint as follows:

A.      For entry of judgment in favor of Defendant and against Plaintiffs on all claims set

forth in the Complaint;

B. For a declaration and entry of judgment that Defendant does not infringe, literally or under the doctrine of equivalents, any claim and the '178 patent;

C. For a declaration and entry of judgment that the '178 patent is unenforceable;

D. For entry of judgment that Defendant does not infringe, literally or under the doctrine of equivalents, any claim of the '675 patent.

E. For entry of judgment denying all claims for damages, enhanced damages, costs, expenses, attorneys' fees and injunctive relief sought by Plaintiff in the Complaint;

F. For entry of judgment finding this case exceptional within the meaning of 35 U.S.C. § 285 and awarding Defendant its reasonable attorneys' fees;

G. For entry of judgment awarding Defendant its costs and expenses incurred in defending against the claims in the Complaint; and

H. For entry of judgment awarding Defendant such other and further relief as the Court may deem just and proper.

Dated: March 3, 2017                              Respectfully submitted,


     */s/ Patrick D. Kuehl, Jr.*
Patrick D. Kuehl, Jr.  MO #52370
HUSCH BLACKWELL LLP
4801 Main, Suite 1000
Kansas City, MO  64112
Tel. No.:  (816) 983-8000
Fax No.:  (816) 983-8080
Patrick.kuehl@huschblackwell.com

*Attorney for Defendant*

KCP-4797111-1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed this 3rd day of March 2017 with the clerk of the court by using the CM/ECF system.

 */s/ Patrick D. Kuehl, Jr.*
Patrick D. Kuehl, Jr.

KCP-4797111-1