UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MICHAEL L. McGINLEY, et al.,

*Plaintiffs*,

vs.

LUV N' CARE, LTD., et al.,

*Defendants*.

Case No 3:17-cv-00821 LEAD

Judge Terry A. Doughty

Magistrate Judge Karen L. Hayes

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF PATENT INVALIDITY**

Defendants Luv n' care, Ltd. (LNC), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC (BBD), Bayou Graphics and Design, LLC (BGD), Control Services, Inc. (CS), and HHHII, LLC (HHHII), (collectively Defendants) are entitled to summary judgment that U.S. Patent No. 8,636,178 (the '178 Patent) (attached as Exhibit 31) asserted by Plaintiffs Michael L. McGinley and S.C. Products, Inc. (collectively McGinley) is invalid.  35 U.S.C. § 102(b) provides: "A person shall be entitled to a patent unless – the invention was known or used by others in this country, or in public use **or on-sale in this country**, more than one year prior to the date of the application for patent in the United States."[1]  Under section 102(b), an inventor has one year to file his patent application after he places his invention on-sale.  It is undisputed that the '178 Patent issued from continuation-in-part (CIP) application Serial No. 12/255,797 (the '178 CIP Application) filed on October 22, 2008.  It is also undisputed that McGinley first

---

[1] This is section 102(b) before Congress amended the Patent Law in the America Invents Act (AIA) of 2011 moving the United States from a first to invent country to a first to file.  While the '178 Patent is governed by the pre-AIA statute, it would also violate the new statute.

1

placed his Shampoo Rinse Cup on-sale in July 2004, almost four years prior to the filing date of the '178 CIP Application.  Because the Shampoo Rinse Cup was on-sale more than one year prior to filing the '178 CIP Application, as a matter of law the '178 Patent is invalid under 35 U.S.C. § 102(b).  There are no material facts in dispute and Defendants are entitled to a judgment of patent invalidity as a matter of law.

## SUMMARY JUDGMENT STANDARDS

The standards for deciding a case on summary judgment pursuant to Rule 56(a), Federal Rules of Civil Procedure, are well known to the Court and need not be repeated here.

## SECTION 102(B) OF THE PATENT ACT OF 1952

Section 102(b) prohibits placing an invention "on-sale" more than one year before the application filing date.  The "primary policy underlying an 'on-sale' case is that of prohibiting the commercial exploitation of the [invention] beyond the statutorily prescribed time period." *Cont'l Plastic Containers v. Owens Brockway Plastic Prod., Inc*., 141 F.3d 1073, 1079 (Fed. Cir. 1998).  As the Supreme Court noted in the leading case discussing "on-sale" issues, "[s]ection 102(b) of the Patent Act of 1952 provides that no person is entitled to patent an 'invention' that has been 'on-sale' more than one year before filing a patent application." *Pfaff v. Wells Elec., Inc*., 525 U.S. 55, 57 (1998).  The filing date of the '178 Patent is October 22, 2008.  Therefore, October 22, 2007, "constitutes the critical date for purposes of the on-sale bar of 35 U.S.C. § 102 (b); if the 1-year period began to run before that date, [the inventor] lost his right to patent his invention." *Id* at 57-58.  The '178 Patent issued from the '178 CIP Application which was a CIP from Application Serial No. 12/255,797 (the '675 Application) which was in turn a CIP from Application Serial No. 10/357,651 (the Original Application).  The '675 Application and the Original Application are the parent and grandparent applications respectively and have different

2

filing dates.  Where, as here, there are multiple filing dates, the question becomes what is the effective filing date for the claimed invention for purposes of the on-sale bar?  *SunTiger Inc. v. Sci. Research Funding Grp.*, 189 F.3d 1327, 1334 (Fed. Cir. (1999).  Because the '178 Patent is not entitled to the earlier filing dates of the parent and grandparent applications, the sales before October 22, 2007 render the '178 Patent invalid as a matter of law.  By definition, "[a] CIP application contains subject matter from a prior application and may also contain additional matter not disclosed in the prior application."  *Augustine Med., Inc. v. Gaymar Indus., Inc*. 181 F.3d 1291, 1302 (Fed. Cir. 1999).  Different claims of a CIP may receive different effective filing dates.  *Id*.  "Subject matter that arises for the first time in the CIP application does not receive the benefit of the filing date of the parent application."  *Id*.  "Claims containing any matter introduced in the CIP are accorded the filing date of the CIP application."  *Waldermar Link v. Osteonics Corp*., 32 F.3d 556, 558 (Fed. Cir. 1994).  The effective filing date for the "subject matter claimed in the CIP application depends on when that subject matter first appeared in the patent disclosure."  *Augustine Med., Inc.,*  181 F.3d at 1302.  That issue is a question of law.  *Waldermar Link,* 32 F.3d at 558.

Here, the parent and grandparent applications did not disclose the invention claimed in the '178 Patent – a pitcher with a generally flat sidewall and a generally flat flexible panel – and therefore the '178 Patent is not entitled to the benefit of those earlier application filing dates.  "A prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought."  *Lockwood v. American Airlines, Inc*., 107 F.3d 1565, 1572 (Fed. Cir. 1997).  "It is not a question of whether one skilled in the art might be able to construct the patentee's device from the teachings of the disclosure.  Rather, it is a question whether the application necessarily

3

discloses that particular device." *Id*. "One shows one is 'in possession' of the *invention* by describing *the invention*, with all its claimed limitations, not that which makes it obvious. . . . The invention is, for purposes of the 'written description' inquiry, *whatever is now claimed*." *Id*. (Emphasis in original.)  Here, the invention claimed in the '178 Patent is directed to a pitcher with a generally flat sidewall and a generally flat flexible panel and that invention was first disclosed in the '178 CIP Application.  Therefore, the effective filing date of the '178 Patent is October 22, 2008.

**THE FILING DATE OF THE '178 PATENT IS OCTOBER 22, 2008**

The starting point of the analysis is determining what is claimed in the '178 Patent. While the parties have argued about the scope of the limitations directed to a "generally flat sidewall section" and a "generally flat flexible panel," there can be no dispute that the specific pitcher claimed by the '178 Patent requires that the pitcher have a generally flat sidewall section and a generally flat flexible panel.  Those are the words of the claims and Plaintiffs cannot argue otherwise.  Those words are given substance in Figure 9 of the '178 Patent and is set out below.



*Fig. 9*

Figure 9 was ***not*** included in either the Original Application or the '675 Application; it was added for the first time in the '178 CIP Application.  "When a priority date dispute arises, the trial court must examine closely the prosecution history to discover the proper date for each claim at issue." *Waldermar Link,* 32 F.3d at 559.

The prosecution history makes clear that the invention claimed in the '178 Patent was first disclosed in the CIP application filed on October 22, 2008.  The alleged invention of the

4

'178 Patent is described in the ten claims at the end of the patent document. All ten claims are drawn to the Figure 9 embodiment but without the divider 50.  All ten claims expressly require a container or pitcher having a "generally flat sidewall section" and a "generally flat flexible panel."  The '178 Patent issued with those claims after an extensive prosecution history reflected in the '178 CIP Application history and including the two prior applications: the '675 Application and the Original Application.[2]  That prosecution history reveals that the invention claimed in the '178 Patent was not disclosed in either of the earlier applications.  The Original Application was filed with two sheets of drawings showing four figures of a cylindrical flexible panel pitcher with no divider, no generally flat sidewall and no generally flat flexible panel.  No claim in the Original Application included limitations to a divider or to a generally flat sidewall section or to a generally flat flexible panel.  There was no mention of a generally flat sidewall section or a generally flat flexible panel in the written description of the Original Application. The original drawings showing Figures 1-4 are set out below and clearly show a cylindrical container with no divider, no flat sidewall and no flat flexible panel.



McGinley expressly abandoned the Original Application on February 2, 2004.  On that

---

[2] The various applications are already in the court record: The '178 CIP Application is Exhibit 39-1, the '675 Application is Exhibit 39-2 and the Original Application is Exhibit 39-3.

same date McGinley filed the '675 Application as a CIP of the Original Application.  As a CIP, the '675 Application included an additional sheet of drawings depicting Figures 5 and 6 now disclosing the same cylindrical pitcher as in the Original Application but with a divider. As in the Original Application, there was no mention of a generally flat sidewall section or a generally flat flexible panel in the written description.  The additional drawings did not include either a generally flat sidewall section or a generally flat flexible panel as can readily be seen from figures 5 and 6 set out below.



Both drawings depict the same cylindrical pitcher as disclosed in the Original Application but then with the addition of a divider.  After repeated rejections and responses, the United States Patent and Trademark Office (USPTO) allowed claims directed to a pitcher with a divider and those claims issued as the '675 Patent.  The claims of the '675 Patent did not include any "generally flat" limitations and there was no discussion of those limitations during the prosecution of the '675 Application.  At no time during the prosecution of either the Original Application or the '675 Application did McGinley make any claim to an invention directed to a pitcher having a generally flat sidewall section and a generally flat flexible panel.

Before the '675 Patent issued, McGinley, together with his alleged co-inventor, filed the '178 CIP Application.  The '178 CIP Application included two new additional sheets of drawings of Figures 7-9 depicting a pitcher with a divider and for the first time a flat sidewall section and a flat flexible panel.  The new invention was best shown in the additional drawing labeled Figure 9 and is set out below.

6



Fig. 9

The claims originally filed with the '178 CIP Application did not include claims to a pitcher having a generally flat sidewall section and a generally flat flexible panel.  In fact, the original claims filed in the '178 CIP Application were essentially identical to the claims in the '675 Patent and the USPTO denied those claims in a "double patenting" rejection. Ex. 39-1, pgs. 80-83.  In response to the double patenting rejection, McGinley amended the claims to add for the first time the limitations to a "generally flat sidewall section" and a "generally flat flexible panel". Ex. 39-1, pgs. 85-93.  McGinley argued that these new limitations overcame both the double patenting rejection and the prior art.  In support of the new claims, McGinley stated (1) that "the present invention claims a generally rigid continuous sidewall having a portion thereof that defines a generally flat sidewall section" and (2) "the present invention recites generally rigid continuous sidewall having a generally flat sidewall section and an inwardly flexible panel within the generally flat sidewall section."  All claims ultimately issued with those limitations. In remarks offered to support the new claims, McGinley expressly stated that the flat sidewall section is "supported in drawing Figures 2 and 9." Ex. 39-1, pg. 86.  Figure 2 disclosed a pitcher without a divider while the only disclosure of an "invention including limitations to a "generally flat sidewall section" and a "generally flat flexible panel" is shown in Figure 9 that was added by the '178 CIP Application.  This is an express admission by McGinley that the invention claimed in the '178 Patent relies at least in part on the new disclosure added in the '178 CIP Application. The claimed invention of the '178 Patent is therefore entitled only to the filing date of the '178 CIP Application – October 22, 2008.  "Claims containing any matter introduced in the CIP are

accorded the filing date of the CIP application." *Waldemar Link*, 32 F.3d at 558.  For purposes of the on-sale bar, the filing date of the '178 Patent is October 22, 2008.

**PLAINTIFFS CONCEDE THE '178 PATENT CLAIMS THE SHAMPOO RINSE CUP AND THE SHAMPOO RINSE CUP WAS ON-SALE BY JULY 2004**

Plaintiffs have conceded that a pitcher with a generally flat sidewall section and a generally flat flexible panel was placed on-sale more than one year prior to the date the application was filed on October 22, 2008.  Throughout this litigation Plaintiffs have claimed that the commercial embodiment of their Shampoo Rinse Cup is covered by the '178 Patent.  In fact, in the original Complaint (Dkt. #1), Plaintiffs allege "SCP actively markets and sells (and at all relevant times has actively marketed and sold) commercial embodiments of the Rinse Cup Patents inventions including the *"Shampoo Rinse Cup."*  Most recently, in their memorandum supporting their motion for partial summary judgment of literal infringement (Dkt. # 136-33, page 7), Plaintiffs state that "SCP began selling a commercial embodiment of McGinley's flexible panel pitcher invention, known as the "Shampoo Rinse Cup," in or about July 2004." There can be no dispute that the Shampoo Rinse Cup embodies the claims of the '178 Patent and the commercial embodiment of those claims was placed on-sale by July 2004.  The uncontroverted evidence is that Plaintiffs placed their Shampoo Rinse Cup with the generally flat sidewall section and a generally flat flexible panel on-sale in July 2004 and sold more than 1 million units.  Because this on-sale activity occurred more than one year before the effective filing date of October 22, 2008, Plaintiffs' invention was on-sale more than one year before the filing date of the '178 CIP Application and the resulting patent is invalid under 35 U.S.C. §102(b) as a matter of law based on undisputed facts.

The law requires that to have the benefit of the earlier filing dates, the claimed invention must be disclosed in those earlier applications.  The simple fact is that the drawings in those

8

earlier applications do not show a pitcher with either a generally flat sidewall and a generally flat flexible panel. There is no disclosure in either of the earlier parent and grandparent applications directed to a pitcher with a generally flat sidewall section and a generally flat flexible panel. Neither of those earlier applications actually disclosed Plaintiffs' commercial Shampoo Rinse Cup or a pitcher with a generally flat sidewall and a generally flat flexible panel. Both applications were filed based on McGinley's cylindrical prototypes before Plaintiffs launched their commercial product and that commercial product differed significantly from the prototypes and the figures in the two earlier applications. McGinley never informed the USPTO that he had been selling a commercial version of the rinse cup since 2004 or that the commercial embodiment differed from the prototypes disclosed in the earlier applications, and thus deprived the USPTO of the opportunity to evaluate whether the sale of that commercial embodiment constituted an on-sale bar. Figures 1-6 depict McGinley's original cylindrical prototype with and without a divider. Figures 7-9, which were added by the CIP application filed on October 22, 2008, differ substantially from the earlier figures by adding the generally flat sidewall and generally flat flexible panel of his commercial embodiment. McGinley's attempt to avoid the requirements of section 102(b) is in direct opposition to the policy of the statute which is to prohibit the commercial exploitation of the invention beyond the statutorily prescribed time period. *Cont'l Plastic Containers v. Owens Brockway Plastic Prod. Inc.*, 141 F.3d 1073, 1079 (Fed. Cir. 1998). As can be readily observed from a comparison of the commercial embodiment actually placed on-sale in 2004 with the patent drawings, only Figure 9 is a match.



Fig.1.   Fig.5   Fig.9

9

Continuously and throughout the prosecution of the '178 CIP Application McGinley stressed the generally flat limitations as distinguishing the claimed invention from his prior '675 Patent and the cited references.  Each of these arguments elaborated on how the limitations to a generally flat sidewall section and a generally flat flexible panel supported patentability of the "present invention."  Based on those arguments, the USPTO allowed the '178 Patent to issue with those limitations.  The "present invention" claimed in the '178 Patent requires a pitcher with a generally flat sidewall section and a generally flat flexible panel.  The first disclosure of the claimed invention was in the '178 CIP Application filed on October 22, 2008.  Plaintiffs cannot argue to the contrary.

**CONCLUSION**

The law is clear that a patentee must file his patent application within one year of placing his invention on-sale.  35 U.S.C. § 102(b).  Failure to comply with section 102(b) renders that patent invalid.  Where a patent claims an invention first disclosed in a CIP application, the filing date for purposes of section 102(b) is the filing date of the CIP.  Here, the invention claimed in the '178 Patent was first disclosed in the CIP application filed on October 22, 2008.  It is undisputed that Plaintiffs began selling the commercial embodiment of the claimed invention, the Shampoo Rinse Cup, in July 2004.  Those sales more than one year prior to the filing date of the '178 CIP Application render the '178 Patent invalid.  There are no material facts in dispute and Defendants are entitled to judgment as a matter of law.  The Court should grant Defendants' motion for summary judgment of patent invalidity.

Respectfully submitted this 8th day of January 2019.

/s/Robert M. Chiaviello, Jr.
Robert M. Chiaviello, Jr. (La. Bar # No. 37370)
Hartwell P. Morse, III (Admitted *Pro Hac Vice)*
**NUBYLAW**
3030 Aurora Street, 2nd Floor
Monroe, LA 71201
Telephone: (318) 410-4012
Facsimile:  (318) 388-5892
Email: bobc@nuby.com
        hartm@nuby.com

*Attorneys for Defendants Luv n' care, Ltd., Admar International, Inc., Bayou Graphics and Design, LLC, BuyBabyDirect, LLC, Control Services, Inc. and HHHII, LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this **8th** day of **January 2019**, the foregoing document was

served, via electronic mail, upon the following:


Michael L. McGinley and S.C. Products, Inc.,
Through its counsel of record:

Kip D. Richards
krichards@wbsvlaw.com

Michael B. Sichter
msichter@wbsvlaw.com
**WALTERS BENDER STROHBEHN & VAUGHAN, P.C.**

Jan P. Christiansen
jpchris@hpblaw.com
**HUDSON, POTTS & BERNSTEIN, L.L.P.**

*/s/ Robert M. Chiaviello, Jr.*
Robert M. Chiaviello, Jr.

12