# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| MICHAEL L. MCGINLEY, ET AL. | * | CIVIL ACTION NO. 3:17-cv-00821 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| LUV N CARE, LTD., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## RULING ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment [Doc. No. 133] filed by Defendants Admar International, Inc. ("Admar"); Bayou Graphics and Design, LLC ("Bayou"); Control Services, Inc. ("CS"); and HHHII, LLC (collectively "Moving Defendants"). Plaintiffs Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs") have filed an opposition [Doc. No. 142], and Moving Defendants have filed a Reply [Doc. No. 169]. The matter is fully briefed. The Court is now prepared to rule.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2016, Plaintiffs filed a Complaint against Defendant Luv N. Care, Ltd. ("LNC"), alleging various patent infringement claims pertaining to its "'178 Patent" for a flexible panel rinse cup product [Doc. No. 1]. On July 27, 2018, Plaintiffs expanded their claims with an Amended Complaint [Doc. No. 109], which (1) included a claim pertaining to its '178 Patent for indirect infringement against LNC; (2) added a number of companies, including the Moving Defendants, that are commonly-owned and controlled by LNC and its principals as additional defendants; and (3) included a claim pertaining to its '178 Patent of infringement

against a new Defendant BuyBabyDirect, LLC ("BBD"), and a separate, equitable claim against LNC and all of the other Defendants asserting that they constitute a "single business enterprise," or alter egos, or joint venturers. Plaintiffs contend that all Defendants are jointly and severally liable to Plaintiffs for the unlawful acts of each other.

Moving Defendants filed the pending Motion for Summary Judgment [Doc. No. 133] contending that Plaintiffs have no evidentiary basis for the claims against them. They assert they are not involved in the manufacture, use, sale, or offer for sale within the United States, or importation into the United States of any rinse cup product related to the patent which is the subject of this lawsuit. They further contend that Admar is a holding company that merely owns certain intellectual property that it licenses to other companies; that BGD is a graphics company that provides graphics services to co-defendant LNC; that BGD was formed after the patent in this lawsuit issued and more than five years after LNC introduced the accused product; that CS is a management services company that provides management and other operational services to LNC and its affiliated companies; and that HHHII, LLC is an international IP licensing and management company with no licensing activity in the United States.

Moving Defendants assert that Plaintiffs cannot establish that any of them have infringed or induced infringement of any of Plaintiffs' alleged patent rights because none of them make, use, sell, offer for sale, or import any products. They further assert that they do not direct, control, supervise, or influence LNC or its other licensees, or the products that LNC and its other licensees make, use, sell, offer for sale, or import. In support of their motion, they offer the Declaration of Joseph Hakim, who is the President of LNC, and who is also the President of all of the Moving Defendants.

Moving Defendants further contend that Plaintiffs' "single-business-enterprise" theory of liability is not applicable to the facts of this case because Plaintiffs have made no showing that LNC is incapable of satisfying any judgment that could possibly be entered in this case.

Plaintiffs respond that the Moving Defendants have needlessly moved for summary judgment on Plaintiffs' claims for the infringement and induced infringement of the '178 Patent, because Plaintiffs have not asserted these claims against any of the Moving Defendants. Plaintiffs have asserted claims for direct infringement solely against LNC and BBD, but not against any of the Moving Defendants. Additionally, Plaintiffs have asserted a claim for induced infringement against LNC, but not against any of the Moving Defendants. Therefore, Plaintiffs contend Moving Defendants are not entitled to summary judgment on claims which have not been asserted against them.

Further, Plaintiffs contend that Moving Defendants are mistaken in their assertion that Plaintiffs' single-business-enterprise claim is barred because LNC is not insolvent. They contend that neither the insolvency of nor a risk of collection from a defendant is an element to a single-business-enterprise claim. Plaintiffs further assert that in their Amended Complaint [Doc. No. 109, ¶¶ 43-48] they alleged a series of detailed facts to show that Defendants, including Moving Defendants, have operated as a single business enterprise based on nearly all of the factors that *do* apply when making such a claim.

Moving Defendants, in their reply [Doc. No. 169), have apparently dropped their contention that Plaintiffs' single-business-enterprise claim fails because LNC is not insolvent, but instead argue that it is not a claim upon which relief may be granted, and, in any event, fails as a matter of proof.

## II.   LAW AND ANALYSIS

### A.   Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

B.     Analysis

Moving Defendants first contend they are entitled to judgment as a matter of law that they have not infringed or induced infringement of any of Plaintiffs' alleged patent rights. Plaintiffs counter that Moving Defendants are not entitled to summary judgment as to claims that Plaintiffs have not asserted against them. The Court agrees. *See, e.g., Free v. Bland*, 369 U.S. 663, 671 (1962) (where there is no direct allegation of a claim in a pleading, that claim cannot be decided on summary judgment); *St. Paul Fire & Marine Ins. Co. v. Ford Motor Co.,* No. 95 C 3920, 1996 WL 33683809, at *3 (N.D. Ill. July 10, 1996) ("Obviously, a motion for summary judgment cannot be decided based upon issues not raised in the pleadings. If the complaint does not set out a prayer for recovery, summary judgment cannot be granted"); *Harris v. Wal-Mart Stores E., LP,* No. 1:11-CV-03406-CC, 2013 WL 6795973, at *10 (N.D. Ga. Dec. 23, 2013) (a claim not mentioned in a complaint is not properly before the court on summary judgment).

Therefore, to the extent that Moving Defendants request summary judgment holding that they have not infringed or induced infringement of any of Plaintiffs' alleged patent rights, the motion is DENIED because those claims have not been asserted against them.

Moving Defendants next contend that they are entitled to judgment as a matter of law holding that the single-business-enterprise doctrine does not apply to this case. In their original memorandum in support of their motion [Doc. No. 133], their sole argument was that the primary purpose of employing the doctrine is to protect creditors and insure that there are enough assets to satisfy any judgment, and, since Plaintiffs have made no showing that LNC is incapable of satisfying any judgment that could possibly be entered in this case, Moving Defendants are entitled to summary judgment. However, in their reply memorandum [Doc. No. 169], Moving

Defendants argue instead that Plaintiffs' single- business-enterprise claim is not a claim upon which relief may be granted, and, in any event, fails as a matter of proof.

The single-business-enterprise doctrine is a theory for imposing liability where two or more business entities act as one. *Brown v. ANA Ins. Grp.*, 07-2116 (La. 10/14/08), 994 So.2d 1265, 1266. Generally, under this doctrine, when corporations integrate their resources in operations to achieve a common business purpose, each business may be held liable for wrongful acts done in pursuit of that purpose. *Id*.

> When determining whether a corporation is an alter ego, agent, tool or instrumentality of another corporation, the court is required to look to the substance of the corporate structure rather than its form. The courts have considered various factors to support an argument that a group of entities constitute a single-business enterprise. These factors can include such things as whether corporations have substantial identity of ownership, that is, ownership of sufficient stock to give actual working control over another corporation; common directors or officers; unified administrative control of corporations whose business functions are similar or supplementary; directors and officers on one corporation acting independently in the interest of that corporation; corporation financing another corporation; corporation paying the salaries and other expenses or losses of another corporation; receiving no business other than that given to it by its affiliated corporations; corporation using the property of another corporation as its own; noncompliance with corporate formalities; and common employees and services rendered by the employees of one corporation on behalf of another corporation. This list is illustrative and is not intended as an exhaustive list of relevant factors. No one factor is dispositive of the issue of single -business enterprise.

*Che v. First Assembly of Good, Ruston, LA*, 50,360 (La. App. 2 Cir. 1/13/16), 185 So.3d 125, 134-135 (citing *Green v. Champion Ins. Co.*, 577 So. 2d 249 (La. App. 1st Cir. 1991), *writ denied*, 580 So.2d 668 (La. 1991)).

Neither the insolvency of nor a risk of collection from a defendant is an element to a single-business-enterprise claim. *S. Capitol Enterprises*, 476 F. Supp.2d at 597; *cf. Miller v.*

*Entergy Servs., Inc.*, 913 So.2d 143, 150 (La. App. 4th Cir. 2005) (rejecting defendants' argument that single-business-entity theory was unnecessary because one of the defendants was solvent and finding there was a factual dispute as to whether a single business enterprise existed).

Therefore, Moving Defendants are not entitled to summary judgment on the single-business-enterprise doctrine based on the argument they advanced in their original memorandum, i.e., that Plaintiffs have made no showing that LNC is incapable of satisfying any judgment that could possibly be entered in this case.

With regard to the additional arguments advanced by Moving Defendants in their reply memorandum, Plaintiffs in their Amended Complaint alleged a series of detailed facts to show that Defendants, including the Moving Defendants, have operated as a single business enterprise based on nearly all of the factors enumerated by the Louisiana Court of Appeals needed to state such a claim in *Green*. (Doc. 109, ¶¶ 43-48) These allegations include:

> (a) there is an identity or substantial identity of ownership of the Hakim-Controlled Companies by Nouri Edward Hakim, Joseph Hakim and/or their families;
>
> (b) the Hakim-Controlled Companies have common directors, officers and/or members, including Nouri Edward Hakim and Joseph Hakim;
>
> (c) the management, control and administration of the Hakim-Controlled Companies is unified and the Companies utilize a centralized system of accounting as described by LNC in its deposition;
>
> (d) financing of the Hakim-Controlled Companies is intermingled as described by LNC in its deposition;
>
> (e) the Hakim-Controlled Companies share the same office at 3030 Aurora, Monroe, Louisiana
>
> (f) the Hakim-Controlled Companies have common employees and the "employees" of one company, including the employees of Bayou and Control, render services on behalf of most if not all of the affiliated companies;

(g) one or more of the Hakim-Controlled Companies pays the salaries and expenses of Luv n' care and the other affiliates;

(h) one of more of the Hakim-Controlled Companies uses and distributes the property and products of Luv n' care and the other affiliates as its own;

(i) upon information and belief, the Hakim-Controlled Companies do not comply with corporate formalities;

(j) upon information and belief, one or more of the Hakim-Controlled Companies through their common principals have caused the incorporation of one or more of the other affiliated companies;

(k) upon information and belief, certain of the Hakim-Controlled Companies receive no business other than that given to it by the affiliated companies;

(l) upon information and belief, there are a number of undocumented transfers of funds between and among the Hakim-Controlled Companies including transfers between or among Luv n' care, Admar and HHH; and

(m) the operations of Luv n' care are excessively fragmented through the use of other supposedly separate but commonly-controlled entities including Admar, HHH and one or more foreign affiliates of Luv n' care and the other Hakim-Controlled Companies.

[Doc. No. 109, p 10-11].

As indicated above, Moving Defendants have the initial burden under Rule 56 to establish a prima facie case for summary judgment before the burden shifts to the non-movant (Plaintiffs) to show that the Moving Defendants are not entitled to summary judgment. The only summary judgment evidence offered by Moving Defendants are two Declarations of Joseph Hakim [Doc. Nos. 133-2 and 169-1], which they offered to support their contentions that each of the Moving Defendants were set up for proper purposes, in some cases over 20 years ago, based on the advice of both legal counsel and their certified public accountants to facilitate the Hakim family's various business activities; and, that none of the Moving Defendants was set up for any improper purpose.

8

Plaintiffs argue that there is no reason for them to offer any evidence in response to the Declaration of Mr. Hakim because it is not sufficient to satisfy their initial burden under Rule 56. Additionally, even if the burden had shifted to them, Plaintiffs argue that there is ample evidence already before the Court, which aptly shows that the Moving Defendants, with LNC and BBD, are and have been operating as a single business enterprise commonly owned, managed and controlled by LNC and its principals, Eddie Hakim and Joseph Hakim (who are brothers). To support their claims, Plaintiffs point to Defendants' discovery responses and deposition testimony as well as the evidence offered in support of Plaintiffs' prior motions to compel [Doc. Nos. 98, 100].

Finally, Plaintiffs assert that Mr. Hakim's Declaration actually supports the existence of some of the factors substantiating Plaintiffs' claim that the Moving Defendants are operating as a single business enterprise. For example, he testifies that he is the president of every one of the Moving Defendants and has been since their respective founding. He also testifies that BGD works exclusively for LNC, and that CS provides professional and other services such as operations management to LNC, Admar, BGD and HHHII, without identifying any other customers. Plaintiffs argue these statements establish at least two, and arguably more, of the single-business-enterprise factors, including whether the entities have common directors or officers, or common employees; whether the entities are receiving any business other than that given to it by its affiliated corporations; and whether there are services rendered by the employees of one corporation on behalf of another corporation.

The Court finds that there are genuine issues of material fact which preclude summary judgment. Moving Defendants have failed to show that there is no genuine dispute as to these or

any of the other facts that Plaintiffs have put forth in support of their single-business-enterprise claim.

## III. CONCLUSION

For the foregoing reasons, Moving Defendants' Motion for Summary Judgment [Doc. No. 133] is DENIED.

MONROE, LOUISIANA, this 24th day of January, 2019.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**