IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MICHAEL L. McGINLEY, et al.,

      Plaintiffs/Counterclaim Defendants

vs.

LUV N' CARE, LTD., et al.,

      Defendants/Counterclaim-Plaintiffs.

Case No. 3:17-CV-00821 LEAD

Judge Terry A. Doughty

Magistrate Judge Karen L. Hayes

---

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF PATENT INVALIDITY
AND
IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR PARTIAL
SUMMARY JUDGMENT OF PATENT VALIDITY**

---

WALTERS RENWICK RICHARDS
SKEENS & VAUGHAN, P.C.

By  */s/ Kip D. Richards*
    Kip D. Richards – Mo. Bar 39743
    Michael B. Sichter – Mo. Bar 65154
    2500 City Center Square
    1100 Main Street
    Kansas City, MO 64196
    (816) 421-6620
    (816) 421-4747 (Facsimile)
    krichards@wrrsvlaw.com
    msichter@wrrsvlaw.com

HUDSON, POTTS & BERNSTEIN, L.L.P.
P.O. Drawer 3008
Monroe, Louisiana 71210-3008
(318) 388-4400

By:  s/*J.P. Christiansen*
  Jan P. Christiansen
  Bar Roll No. 20142

ATTORNEYS FOR PLAINTIFFS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT AND LEGAL AUTHORITIES ................................................................... 3

I.     The Claims of the '178 CIP Application are Entitled to the Benefit of the Filing Date of its "Parent" Application, the '675 CIP Application, which Claims Priority from the Original Application, filed on February 4, 2003 ............ 3

     A.     Applicable Statutes and Standards .................................................... 4

     B.     The '675 CIP Application is the "Application Previously Filed" ................ 6

     C.     The Sufficiency of the "Disclosure" is a Question of Fact ............................. 9

     D.     The Undisputed Facts are Such that a Reasonable Jury Can Only Find that One Skilled in the Art Could Clearly Conclude from the '675 CIP Application that McGinley Invented a Flexible Panel Pitcher Having a "Generally Flat" Sidewall Section or Flexible Panel Portion as of February 4, 2003. ................................................................. 9

II.     Given the Effective Date of the '178 CIP Application the '178 Patent is not Invalid as Anticipated by the Shampoo Rinse Cup Product Plaintiffs Began Selling in 2004. ............................................................................ 16

CONCLUSION ................................................................................................................ 17

i

# TABLE OF AUTHORITIES

## CASES

*Acme Highway Prod. Corp. v. D. S. Brown Co.*,
  431 F.2d 1074 (6th Cir. 1970)................................................................6, 7, 12

*Augustine Med., Inc. v. Gaymar Indus., Inc.*,
  181 F.3d 1291 (Fed. Cir. 1999)...................................................................9

*Composite Res., Inc. v. Combat Med. Sys., LLC*,
  No. 3:17-CV-72, 2018 WL 1763519 (W.D.N.C. Apr. 12, 2018) ..................................8

*E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co.*,
  No. 00 CIV. 8670(LTS)GWG, 2003 WL 22068573 (S.D.N.Y. Sept. 5, 2003).......................8, 11

*Eiselstein v. Frank*,
  52 F.3d 1035 (Fed. Cir. 1995)...............................................................6, 9, 12

*Grp. One, Ltd. v. Hallmark Cards, Inc.*,
  254 F.3d 1041 (Fed. Cir. 2001)....................................................................4

*In re Berkman*,
  642 F.2d 427 (C.C.P.A. 1981) ....................................................................8

*In re Wolfensperger,*
  302 F.2d 950 (C.C.P.A. 1962) ....................................................................8

*Kennecott Corp. v. Kyocera Int'l Inc.*,
  835 F.2d 1419, 1421 (Fed.Cir.1987), *cert. denied*, 486 U.S. 1008 (1988)..................9

*Koito Mfg. Co. v. Turn-Key-Tech, LLC*,
  381 F.3d 1142 (Fed. Cir. 2004)...................................................................8

*Markman v. Westview Instruments*,
  517 U.S. 370 (1996) (quoting 35 U.S.C. § 112) ...................................................7

*Therma-Tru Corp. v. Peachtree Doors Inc.*,
  44 F.3d 988 (Fed. Cir. 1995).....................................................................12

*Vas-Cath Inc. v. Mahurkar*,
  935 F.2d 1555 (Fed. Cir. 1991)..................................................................7, 9

*Waldemar Link v. Osteonics Corp.*,
  32 F.3d 556 (Fed. Cir. 1994)...................................................................6, 7, 9

## FEDERAL STATUTES, RULES, MISC.

35 U.S.C. § 102(b) ........................................................................................ *passim*

35 U.S.C. § 112 ............................................................................................ *passim*

35 U.S.C. § 120 ............................................................................................ *passim*

35 U.S.C. § 122 ................................................................................................. 9

35 U.S.C. § 282 .............................................................................................. 4, 5

**INTRODUCTION**

Defendants urge the Court to invalidate Plaintiff Mike McGinley's presumptively valid patent (U.S. Patent No. 8,636,178) based on a commercial embodiment of McGinley's own invention, which McGinley first offered to sell, and did end up selling, to Walmart and other retailers through his business S.C. Products, Inc. ("SCP") in or about mid-July 2004.  Defendants contend that the fact that Plaintiffs first offered to sell their Shampoo Rinse Cup product in mid-July 2004 invalidates the '178 patent as "anticipated" by Plaintiffs' *own* Shampoo Rinse Cup product from 2004 because the invention later claimed in the '178 patent "was … on sale … more than one year prior to the date of the application for [the '178] patent…" 35 U.S.C. § 102(b) (pre-AIA). The Court should reject Defendants' argument and deny their Motion for Summary Judgment.

Defendants' motion fails because it is based entirely on Defendants' misdescription of what McGinley's prior parent applications disclose and coupled with the misguided contention that the "effective" date of the application filed as a continuation-in-part (CIP) application on October 22, 2008 (the "'178 CIP Application") is October 22, 2008.[1] Defendants are wrong.  Pursuant to 35 U.S.C. § 120, which Defendants fail to cite, the "effective" date of the '178 CIP Application is **February 4, 2003**, the filing date of McGinley's original patent application (the "Original 2003 Application"), and **not** October 28, 2008, the date on which the '178 CIP Application was filed with the Patent Office (Doc. 158-4).  In short, the '178 CIP Application claims priority from its "parent" application, specifically the prior CIP application of which '178 CIP Application was filed as a successive "continuation-in-part" application.[2]  Plaintiff McGinley filed the prior parent

---

[1] U.S. Serial No. 12/255,797 (Doc. 158-4; also Exhibit 39.3; Doc. 136-11 (Ex. J))

[2] U.S. Serial No. 10/770,325 (Doc. 158-5; also Exhibit 39.2; Doc. 136-22)

CIP application (the "'675 CIP Application") on February 2, 2004 (Doc. 158-5).  However, the '675 CIP Application" was itself a continuation-in-part (CIP) application of McGinley's original application to patent his flexible panel pitcher invention (the Original 2003 Application), which McGinley filed on February 4, 2003 (Doc. 158-6).[3] The Original 2003 Application is the "grandparent" of the '178 CIP Application.  As a result, and notwithstanding the fact that it was filed with the Patent Office on October 22, 2008, the '178 CIP application claims priority from its parent, the '675 CIP Application filed on February 2, 2004, which in turn claims priority from its parent, the Original 2003 Application filed on February 4, 2003, and thus, the actual "effective" filing date of the '178 CIP Patent and the '178 patent claims is **February 4, 2003**, not October 22, 2008.

Defendants seek to use the history and evolution of McGinley's flexible panel pitcher patents against him, but do so by blatantly ignoring what the specifications and drawings in the prior applications plainly disclose. Contrary to what Defendants suggest, the "generally flat" limitations that McGinley's patent attorney added to as claims being reviewed in February 2010 while prosecuting the '178 CIP Application were in fact previously disclosed in the written description as "a preferred embodiment" of the invention, and in the drawings as Fig.'s 1-6. (Doc. 158-4, pp.2-4, 20-21)  Although admittedly new to the language of the patent **claims** being sought in February 2010 (Id., pp.86, 92-93, claims 34 and 35), the "generally flat sidewall section of the container's continuous sidewall" and "generally flat inwardly flexible panel portion" of the generally flat sidewall in what is today claim 1 of the '178 patent were by no means "new" to the 178 CIP Application as filed. The "generally flat" limitations did not constitute "new material" as Defendants assert.  Both the generally flat sidewall and the generally flat flexible panel forming a

---

[3] U.S. Serial No. 10/357,651 (Doc. 158-6; also Exhibit 39.1; also 136-23)

2

portion of said sidewall section were plainly disclosed in the previously filed applications (Doc. 158-4, pp.2-4, 7-10, 18-39) and these identical disclosures were previously made in 2004 and 2003 as a in the specification and drawings (viz., Fig.'s 1-6) included as a part of the parent '675 CIP Application and grandparent Original 2003 Application.  (Doc. 158-5, pp.2-19, 20-221; Doc. 158-6, pp.4-21, 22-23) Because there can be no genuine dispute as to the existence or sufficiency of these disclosures, the Court should deny Defendants' motion and grant Plaintiffs Cross-Motion. A reasonable jury can only conclude that the patent claims are supported by the prior applications. Hence, the effective filing date for the '178 patent is **February 4, 2003.**  Section 102(b) does not apply.

### ARGUMENT AND LEGAL AUTHORITIES

I.     **The Claims of the '178 CIP Application are Entitled to the Benefit of the Filing Date of its "Parent" Application, the '675 CIP Application, which Claims Priority from the Original Application, filed on February 4, 2003.**

Plaintiffs contend that the although it was filed with the Patent Office on October 2, 2008, the '178 CIP Application was a continuation-in-part of the previous '675 CIP Application from February 2004, which itself was filed as a continuation-in-part of the Original 2003 Application filed on **February 3, 2003**.  As a result, Plaintiffs suggest that the "effective" filling date for the '178 CIP Application and the resulting '178 patent claims is **February 3, 2003**.  The "generally flat" limitations that Defendants assert as missing from McGinley's two previous applications are plainly disclosed in the specification and drawings included in those prior applications, as well as in the specification and drawings of the '178 CIP Application as filed.  (P-UF, ¶¶1-28) Because both the applications from 2003 and 2004 disclosed an embodiment of McGinley's invention having the "generally flat" limitations recited in '178 patent claims, the '178 CIP Application is entitled to the filing date of the parent '675 CIP Application, which given its priority, is **February**

3

**4, 2003**.

Defendants disagree with Plaintiffs, contending that the "effective" filing date for the '178 Application is October 28, 2008, the date on when the CIP application was filed with the Patent Office. Defendants make this argument notwithstanding the fact that McGinley filed the '178 CIP Application as a "continuation-in-part" of the prior '675 CIP Application from February 2004, which itself was a continuation-in-part of the Original 2003 Application that McGinley filed on February 4, 2003. Defendant asserts that neither of the two earlier applications disclose an embodiment of McGinley's invention that shows either of the "generally flat" features claimed in the '178 patent. Defendant suggest that McGinley first disclosed the "generally flat" limitations in February 2010.

### A.    Applicable Statutes and Standards

As accused infringers challenging a presumptively valid '178 patent based on 35 U.S.C. § 102(b)[4], Defendants must demonstrate by "clear and convincing evidence" that there was a definite sale or offer to sell more than one year before the application for the subject patent, and that the subject matter of the sale or offer to sell fully anticipated the claimed invention." *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1045-1046 (Fed. Cir. 2001). The higher standard of "clear and convincing evidence" is required since an issued U.S. patent is **presumed valid**. 35 U.S.C. § 282.[5]

---

[4]    Plaintiffs have quoted this the other statutes cited as they read prior to the passage of the America Invents Act ("AIA"). Each statute reads differently today, but the current version is not applicable given the filing of McGinley's application and the fact that the AIA did not become effective until after 2011. Hence, the applicable statutes must be read and applied in their pre-AIA iterations.

[5]    A U.S. Patent is presumed "valid":

**(a) In General.**--A patent shall be presumed valid. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently

4

35 U.S.C. § 102(b) provides:

A person shall be entitled to a patent unless ... (b) the invention was ... on sale in this country, more than one year prior to the date of the application for patent in the United States.

35 U.S.C. § 102(b) (pre-AIA).

Here, there is no dispute over the date on which Plaintiffs began selling a product covered by the '178 patent claims. That date is mid- to late-July 2004.  Hence, the issue is whether Plaintiffs' sales in July 2004 occurred more than one year before the "effective" date of the '178 CIP Application; but to make that determination, the Court must first ascertain what the "effective" filing date is.

The effective filing date of the subject matter of CIP application is governed by 35 U.S.C. § 120.  In pertinent part, the statute provides:

> **An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title <u>in an application previously filed in the United States</u>** … which is filed by an inventor or inventors named in the previously filed application **shall have the same effect, as to such invention, as though filed on the date of the prior application**, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application.

35 U.S.C. § 120 (pre-AIA) (emphasis added)

35 U.S.C. § 112, ¶1, which is referenced in § 120, provides:

> **The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which**

---

of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

35 U.S.C. § 282 (pre-AIA)

**it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.**

35 U.S.C. § 112, ¶1 (pre-AIA)

### B.    The '675 CIP Application is the "Application Previously Filed"

For the '178 CIP Application and the claims of the '178 patent to receive the benefit of the date of a prior application, 35 U.S.C. § 120 requires that the claims covered by the '178 CIP Application be "disclosed" in an "application previously filed." 35 U.S.C. § 120 (pre-AIA); *Eiselstein v. Frank*, 52 F.3d 1035, 1038-1039 (Fed. Cir. 1995); *Waldemar Link v. Osteonics Corp.*, 32 F.3d 556, 557, 560 (Fed. Cir. 1994) (the claims of a later-filed CIP application are entitled to the benefit of a "parent" application if the subject matter is disclosed in the parent application); *Acme Highway Prod. Corp. v. D. S. Brown Co.*, 431 F.2d 1074, 1080 (6th Cir. 1970) ("The law is clear that subject matter may be added to an application by way of amendment or by a continuation-in-part application, without impairment to the right of the original filing date, where the added subject matter is 'something that might fairly be deduced from the original application'").

In this case, the "application previously filed" for purposes of the Court's analysis and application of 35 U.S.C. § 120 is the '675 CIP Application, which McGinley filed on February 2, 2004, and which is the "parent" application of the '178 CIP Application.  (PUF, ¶¶1, 16, 13) However, the analysis does not stop there, because the parent '675 CIP Application was itself a CIP application and "parent" of the Original 2003 Application.  (Id.) As a result, if the requirement of 35 U.S.C. § 120 are met, the "effective" filing date for the claims covered by '178 CIP Application will be February 4, 2003, the date on which the Original 2003 Application was filed, since the '675 CIP Application claims priority from that application and its February 4, 2003 filing date. *See Eiselstein*, 52 F.3d at 1038-1039 (claims entitled to benefit of grandparent's filing date

6

under § 120 if the grandparent application satisfied the written description requirement of § 112 for the subject matter of those claims); *Waldemar*, 32 F.3d at 560 (factual issue over "effective" filing date of CIP application filed November 6, 1985 as CIP of "parent" application filed March 7, 1983, which itself claimed priority from a German patent application filed May 3, 1982, required district court on remand to determine whether contested claims were supported by prior "parent" application).

In making its determination under § 120, the Court should note that the "generally flat" claim limitations that Defendants challenge as not disclosed in the McGinley's previous applications did not have to be disclosed as proposed "claims." Patents consist of two parts: the specification and the claims.  The claims "particularly poin[t] out and distinctly clai[m] the subject matter which the applicant regards as his invention." *Markman v. Westview Instruments,* 517 U.S. 370, 373 (1996) (quoting 35 U.S.C. § 112).  The specification describes the invention "in such full, clear, concise, and exact terms as to enable any person skilled in the art ... to make and use the same." *Id*. The person of ordinary skill is deemed to read a claim terms in the context of both the claims and the specification.  Accordingly, a "feature claimed in a later application, which was not ***claimed*** in a prior application, "***but which [nevertheless] appeared in the specification or drawings of the prior application***, is considered as disclosed in each [application]." *Acme*, 431 F.2d at 1080 (holding that a patent application "effects a reduction to practice of ***everything*** disclosed [in the application], ***regardless of what is actually submitted as the "claimed***" invention).

In addition, the Court should note that the "disclosure" required by 35 U.S.C. § 120 can be evidenced by the written description in the specification ***or*** the drawings, such as Fig.'s 1-6 in this case.  The drawings, alone, can satisfy the disclosure requirement of 35 U.S.C. § 120. *Vas-Cath*

*Inc. v. Mahurkar*, 935 F.2d 1555, 1565 (Fed.Cir.1991) ("We agree with the district court's conclusion that drawings alone *may* be sufficient to provide the "written description of the invention" required by [35 U.S.C. § 112, ¶1]") (emphasis in original); *Composite Res., Inc. v. Combat Med. Sys., LLC*, No. 3:17-CV-72, 2018 WL 1763519, at *3 (W.D.N.C. Apr. 12, 2018) (holding that a single reference in a drawing to a claimed characteristic of patented invention satisfied "written description" requirement of § 112 and reversing district courts grant of summary judgment based on anticipation); *E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co.*, No. 00 CIV. 8670(LTS)GWG, 2003 WL 22068573, at *14 (S.D.N.Y. Sept. 5, 2003), *report and recommendation adopted,* No. 00 CIV. 8670 LTS GWG, 2005 WL 535065 (S.D.N.Y. Mar. 8, 2005) (denying summary judgment for on sale bar defense based on drawings in parent application showing the disputed limitation); *see Koito Mfg. Co. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1155 (Fed. Cir. 2004) (affirming district court's determination that a single drawing satisfied written description § 112, ¶1 as a matter of law); *In re Berkman*, 642 F.2d 427, 429 (C.C.P.A. 1981)[6] ("This court has held that drawings may be used to satisfy the disclosure requirement"); *In re Wolfensperger,* 302 F.2d 950, 955-956 (C.C.P.A. 1962) ("The issue here is whether there is supporting 'disclosure' and it does not seem, under established procedure of long standing, approved by this court, to be of any legal significance whether the disclosure is found in the specification or in the drawings so long as it is there"). In sum, Fig.'s 1-6 in the '675 CIP Application are enough.

---

[6]   The "C.C.P.A." is the United States Court of Customs and Patent Appeals, which existed from 1909 to 1982. The C.C.P.A. was abolished by the "Federal Courts Improvement Act" in 1982 and its jurisdiction, docket and judges were transferred to the United States Court of Appeals for the Federal Circuit.

### C.    The Sufficiency of a "Disclosure" is a Question of Fact

Deciding whether a "disclosure" in a previously filed application satisfies the requirement of § 112, ¶1 for purposes of 35 U.S.C. § 120 is not an especially onerous undertaking. "In order to determine whether a prior application meets the 'written description' requirement with respect to later-filed claims, the prior application need not describe the claimed subject matter in exactly the same terms as used in the claims; it must simply indicate to persons skilled in the art that as of the earlier date the applicant had invented what is now claimed." *Eiselstein*, 52 F.3d at 1038-1039; *Vas-Cath Inc.*, 935 F.2d at 1563 ("The written description must communicate that which is needed to enable the skilled artisan to make and use the claimed invention"). "The test is whether the disclosure of the application relied upon reasonably conveys to a person skilled in the art that the inventor had possession of the claimed subject matter at the time of the earlier filing date." *Eiselstein*, 52 F.3d at 1039. "Precisely how close the original description must come to comply with the description requirement of § 112 must be determined on a case-by-case basis." Contrary to Defendants' reading of its own cases (Doc. 158-2 at 3), whether or not the disclosure in the previously filed application complied with § 122, ¶1 is a question of fact. *Augustine Med., Inc. v. Gaymar Indus., Inc.*, 181 F.3d 1291, 1302-1303 (Fed. Cir. 1999) (determination of disclosure requirement "is a question of fact"); *Waldemar*, 32 F.3d at 559; *see Kennecott Corp. v. Kyocera Int'l, Inc.*, 835 F.2d 1419, 1422 (Fed. Cir. 1987) ("On the issue of sufficiency of the earlier disclosure, the body of precedent teaches that the legal conclusion depends on the particular facts").

### D.    The Undisputed Facts are Such that a Reasonable Jury Can Only Find that One Skilled in the Art Could Conclude that McGinley Invented a Flexible Panel Pitcher Having a "Generally Flat" Sidewall Section and Inwardly Flexible Panel as of February 4, 2003.

9

Plaintiffs submit that McGinley's addition of the "generally flat" limitations to the claims he was prosecuting in the '178 CIP Application from 2008 to 2014 were supported by the '675 CIP Application – the "parent" application of the '178 CIP Application.  Those "generally flat" features were also correspondingly disclosed in the Original 2003 Application.  Contrary to what Defendants urge the Court to find, the '675 CIP Application complied with the § 112 ¶1 requirement of 35 U.S.C. § 120. The '675 CIP Application disclosed in the drawings and in the written description an embodiment of McGinley's flexible panel pitcher invention having both of the "generally flat" limitations that Defendants claim McGinley first added to his invention in 2010.

From day one, McGinley's depiction and description of his flexible panel pitcher invention disclosed a configuration and embodiment of the invention having both a "section" (a segment or part) of the container's generally continuous sidewall that was "generally flat."  (PUF, ¶¶1-28) McGinley also depicted and described his invention as also having in an embodiment an "inwardly flexible panel" that formed a "portion" of the "generally flat sidewall section" and which also was "generally flat." (Id.)  McGinley's depictions and descriptions were disclosed in the specification and drawings included with the '675 CIP Application. (PUF, ¶¶6-11) The same disclosures had been earlier made in the specification and drawings included with the Original 2003 Application. (PUF, ¶1-5) The same disclosures, both the drawings (Fig.'s 1-6) and the written description of the inventive flexible panel pitcher, were also included in the specification for the '178 CIP Application in the initial filing. (Doc. 158-4, pp.2-4, 30-31) The drawings and description also were consistent with the Shampoo Rinse Cup product that Plaintiffs began selling in July 2004. (R-DUF, ¶16)

In the face of this record, and what the drawings and specification of the "application

10

previously filed" plainly disclose, there can be no genuine or credible doubt that the scope of McGinley's flexible panel pitcher invention included an embodiment as early as February 4, 2003 that had both of the "generally flat" features that McGinley later opted to include in the claims that he was pursuing in the '178 CIP Application, specifically, and as Defendants describe them, "a generally flat sidewall section and a generally flat flexible panel forming a portion of the generally flat sidewall section." (R-DUF, ¶¶1-28) Although McGinley did not at the time choose to include those particular limitations as a part of the claims for which he was seeking a patent in 2003 and 2004, the "generally flat" features were nonetheless plainly disclosed and in the open for all to see in the drawings and specification included in the "parent" of the '178 CIP Application. The parent '675 CIP Application, like the Original 2003 Application before it, conclusively establishes that the scope of McGinley's invention Defendants have elected to challenge were adequately disclosed for purposes of 35 U.S.C. § 120 as a matter of law. And if not as a matter of law, the disclosures in the previously filed application were such that a reasonable jury could determine and find the disclosures to be sufficient. Either way, the Court, should deny Defendants' pending motion.

Such an outcome would be just and proper and in compliance with United States Patent Law. "The purpose of the requirement [in 35 U.S.C. § 120 that an previously filed application provide support for later claims according to 35 U.S.C. § 112, ¶1] is to prevent an applicant from later asserting that he invented that which he did not." *E-Z Bowz,* 2003 WL 22068573, at *12-13. Again, given the commercial embodiment of McGinley's invention from 2004 on which Defendants base their defense, there can be no credible dispute over whether McGinley's flexible panel pitcher included the "generally flat" sidewall section and panel. It unquestionably did. (R-DUF, ¶16)

11

The uncontroverted facts and evidence in this case leaves little if any doubt that a person skilled in the art of producing and selling molded plastic products, reviewing the '675 CIP Application in 2004, and the Original 2003 Application in 2003, would have known that the flexible panel pitcher depicted and described in those applications included a configuration – "a preferred embodiment" actually – having both a "generally flat sidewall section" and inwardly flexible panel (required only for claim 1) – the only claim limitations that Defendants contest. The generally flat features are plainly disclosed by Figure's 1-6 and are entirely consistent with what the drawings and specification disclose. (PUF, ¶¶1-29) There issue no issue for trier of fact to decide. Based on the specifications and drawings, a person of skill in the art, including the patent examiner, would know that McGinley's flexible panel pitcher, as invented and disclosed in 2003 and 2004, includes a generally flat sidewall section and a flexible panel portion of the sidewall section. Based in the specification and drawings, a person of skill in the art would not have had to undertake any independent experimentation or testing in order to understand that the invention was configured as such. *See Acme*, 431 F.2d at 1080 ("The evidence in this case leaves little question that a person skilled in the art of compounding and extruding elastomers, reading Crone's parent application in 1961, would have found low crystallization neoprene (or elastomer) to be inherent in its disclosures, and would not have had to undertake any independent experimentation in order to have done so"); *Eiselstein*, 52 F.3d at 1038-1039 ("the prior application need not describe the claimed subject matter in exactly the same terms as used in the claims; it must simply indicate to persons skilled in the art that as of the earlier date the applicant had invented what is now claimed"); *Therma-Tru Corp. v. Peachtree Doors Inc.*, 44 F.3d 988 (Fed. Cir. 1995) (the later explicit description of an inherent property does not deprive the product of the benefit of earlier application).

12

None of the cases on which Defendants rely compels a different result. Each is readily distinguishable.

Defendants also assert was McGinley's prior applications make no mention of a generally flat sidewall section or a generally flat flexible panel in the previously filed written descriptions. That simply is not true. The drawings and written description in both the Original 2003 Application and '675 Application disclose both of the "generally flat" limitations that Defendants assert to be missing.

The Original 2003 Application included four drawings, Fig.'s 1-4 (**Doc. 136-23, pp.22-23**). The same four drawings appear in the '675 Application, together with two additional drawings, Figures, 5 and 6, which added a divider feature (40) to the containers depicted in Fig.'s 3 and 4 (**Doc. 136-22**, **pp.20-22**). All six drawings were included without alteration in the '178 Application. The shapes of the containers depicted in Figures 1-6 included in the Original 2003 Application and '675 Application are **not** uniformly or perfectly cylindrical. The containers depicted in the six drawings or figures instead disclose containers with a sidewall segment or "section" on the front of the device that is "generally flat" as compared to the shape of the rest of the container.

Figures 1-4 of the Original 2003 Application and the '675 CIP Application disclose the claimed containers with continuous sidewalls that appear to be uniformly curved and rounded at the back and sides, but which becomes visibly less curved and less rounded at the front or face of the containers. The arc or degree of curvature of the continuous sidewall at the front or face of the containers is demonstrably and materially less than that of sidewall to the sides and back of the devices. The arc or degree of curvature of the continuous sidewall at the front of the containers does not "follow the curvature" of the back and sides such that it will form or complete a uniform

13

circle. The arc or degree of curvature of the continuous sidewall depicted in Figures 1-4 of the Original 2003 Application and the '675 CIP Application is measurably reduced at the front of the containers, opposite the handle, and is mostly or "generally" flat. The same is true of the containers depicted in Figures 5 and 6 of the '675 CIP Application, which appear to be simply copies of Figures 3 and 4 with a divider feature added. Moreover, Figures 5 and 6 of the '675 CIP Application show a container having the same continuous sidewall having a "generally flat" section at the front with a divider added. In this regard, I note that the initial claims 25-29 of the '675 CIP Application all describe a container "comprising a divider spanning the interior of said container, said divider being oriented generally parallel to said flexible panel." In order for the divider spanning the interior of the container to be generally parallel to the flexible panel, the flexible panel of the device must be generally or mostly flat, just as Figures 5 and 6 disclose. This limitation requiring that the "divider be oriented generally parallel to said flexible panel" appears in claim 1 and 7. The phantom lines in Figures 4 and 5 also disclose that the sidewall section and the flexible panel portion of the sidewall section are "generally flat," and generally parallel to the divider in Figure 5.



14

In addition, the specification in each application describes a "preferred embodiment" of the invention having a "generally flat" sidewall section or "segment" and a "generally flat portion of the sidewall rim 20" consistent with the containers disclosed in Fig.'s 1-6 of the '675 CIP Application:

> **Referring now to FIG. 1, an embodiment of the inventive container 10 is shown** which is comprised of generally continuous side wall 12 which can be of any convenient shape, spanning shapes from square to circular to polygonal. Continuous sidewall 12 terminates at either end in upper sidewall end 14, and lower side wall end. … **As shown in FIG. 1,** upper side wall end 14, depending on the material used for the construction of side wall 12, can form in and of itself a side wall rim 20, or an additional structure 20 (FIG. 3) can be attached to upper side wall end 14 to form a discreet side wall rim 20 (FIG. 3). Generally, side wall rim 20 will take the shape of upper side wall end 14, however, alternatively, decorative materials could be used to modify the shaping of side wall rim 20. …
>
> **Side wall rim 20, in a preferred embodiment is comprised of side wall portion 24**, **which is a generally flat portion of side wall rim 20**, and which may, therefore, **differ, generally, in its shape as compared to the remainder of** side wall rim [20] **and side wall [12]**. For example, if side wall 12, in its construction, comprises a cylindrical container, **then side wall rim 20 will be comprised of a generally circular side wall rim portion 26 and a generally flat side wall rim portion or side wall segment or rim segment 24**. The utility and benefits of generally flat rim segment 24 will be described hereinafter. In a preferred embodiment, and in the vicinity of generally flat side wall rim portion 24, is flexible panel 28 which extends from side wall 12 toward generally flat side wall rim segment 24 to connect side wall 12 with rim segment 24.

(Doc. 136-22, pp.9-10; also see Doc. 136-23, pp.10-11; also see Doc. 136-11, pp. 17-18) (emphasis added)

The specification in the '675 CIP Application (and the 2003 Original Application) also states:

> Further, the present invention, **as previously described**, allows the flexible portion of the container to mold to a shape against which it is pressed and to allow large volumes of fluid to be passed from the container onto the object **by virtue of the generally flat rim segment** which may contain a rubber cushion to ease contact with the head.

15

(Doc. 136-22, p.11)

Finally, Defendants renew their argument that McGinley "stressed the generally flat limitations as distinguishing the claimed invention from his prior '675 Patent and the cited references." (Doc. 158-2 at 9) That is untrue. The decision of the Patent Office to allow the term "generally flat" to remain in the '178 patent claims dispels any notion that McGinley's patent counsel deliberately added the "generally flat" limitations to avoid reading on *any* sidewall section or flexible panel portion of the sidewall having any sort of curve as Defendants contend. Such an argument is tantamount to asserting that McGinley deliberately added the "generally flat" limitations to avoid reading on *any* sidewall section and flexible panel that were anything other than "perfectly straight or flat," which would be absurd given the continued use of "generally flat" in the claims. If Defendants are correct, and they are not, the patent examiner would not have allowed the term "generally flat," with its obvious connotations, to remain. The word "generally" would have bn removed. The claims would have instead simply required a "flat' sidewall section and flexible panel.

## II.    Given the Effective Date of the '178 CIP Application the '178 Patent is not Invalid as Anticipated by the Shampoo Rinse Cup Product Plaintiffs Began Selling in 2004.

Under 35 U.S.C. § 120, the effective date of the '178 CIP Application is February 4, 2003. This effective filing date is based on the disclosures made in the parent '675 CIP Application, which claims priority from the Original 2003 Application. Defendants concede that Plaintiffs did not offer to sell or begin selling, until 2004, an embodiment of McGinley's flexible panel pitcher invention which, like Defendant's Nuby Tear Free Rinse Pail, contains the limitations recited in at least one of the '178 patent claims. Plaintiffs, in other words, did not offer to sell or begin selling an embodiment of McGinley's flexible having the contested "generally flat" limitations until *after*

16

February 2003. As a result, the bar in 35 U.S.C. § 102(b) on which Defendants rely, is not applicable.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully suggest that the Court grant Plaintiffs' Cross-Motion for Partial Summary Judgment on Patent Validity and enter judgment in favor of Plaintiffs on Defendants' asserted invalidity defense based on anticipation under 35 U.S.C. § 102(b). The undisputed facts material to Defendants' asserted affirmative defense show that (1) the "effective" filing date of the claims of the '178 patent, which issued from the continuation-in-part application filed on October 22, 2008, is **February 4, 2003 – *before*** Plaintiffs first offered to sell and began selling an embodiment of McGinley's flexible panel pitcher invention in 2004, and (2) Plaintiffs are entitled to a judgment on Defendants' asserted defense of patent invalidity as a matter of law.

Based on the same reasoning, legal authorities, undisputed facts and record, the Court should concomitantly deny Defendants' Motion for Summary Judgment on Patent Invalidity (Doc. 158).

Dated; January 31, 2019                    Respectfully Submitted,

WALTERS RENWICK RICHARDS
 SKEENS & VAUGHAN, P.C.

By   */s/ Kip D. Richards*
  Kip D. Richards – Mo. Bar 39743
  Michael B. Sichter – Mo. Bar 65154
  2500 City Center Square
  1100 Main Street
  Kansas City, MO 64196
  (816) 421-6620
  (816) 421-4747 (Facsimile)
  krichards@wrrsvlaw.com
  msichter@wrrsvlaw.com

17

HUDSON, POTTS & BERNSTEIN, L.L.P.
P.O. Drawer 3008
Monroe, Louisiana 71210-3008
(318) 388-4400

By:  s/*J.P. Christiansen*
Jan P. Christiansen
Bar Roll No. 20142

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed electronically with Plaintiffs' Unopposed Motion for Leave to File Corrected Memorandum (Doc. 153) with the United States District Court for the Western District of Louisiana, Monroe Division, with notice of case activity to be generated and sent electronically by the Clerk to all designated persons this **31st day of January 2019.**

*/s/ Kip D. Richards*

18