**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

MICHAEL L. McGINLEY, et al.,

      Plaintiffs/Counsetrclaim Defendants

vs.

LUV N' CARE, LTD., et al.

      Defendants/Counterclaim Plaintiffs.

Case No. 3:17-CV-00821 LEAD

Judge Terry A. Doughty

Magistrate Judge Karen L. Hayes

**AFFIDAVIT OF KURT V. KRUEGER**

1.      My name is Kurt V. Krueger, Ph.D. I work as an economist at John Ward Economics in Prairie Village, Kansas, which is a Kansas City suburb. I live in Overland Park, Kansas which is also a suburb of Kansas City.

2.      The plaintiffs in the action have retained me to provide testimony and opinions as an expert in this case.

3.      I am aware of the plaintiffs' *Motion for Leave Permitting Plaintiffs to Call Expert Witness to Testify at Trial via Video Teleconferencing.* I have read the motion and memorandum in support (Doc. 196).

4.      I understand that the defendants are opposing the plaintiffs' motion based on my supposed desire to "sleep in my own bed" and preference to not to travel to Monroe for trial because that would "inconvenience" me. That is not true. The issue here is not convenience but my physical health.

5.      The statements made in paragraph 10 of the memorandum concerning my health, physical disability and my inability to safely travel to Monroe for the trial of this case in May (Doc. 196-1) are true. I provided plaintiffs' counsel with that information so they could include that in

the motion.

6.      I do suffer from physical disabilities requiring me to use bilateral Ankle-Foot Orthotics (AFO's) and a walker. I use a wheelchair to traverse distances over a hundred yards because my walking stability declines with distance. My physical disabilities are such that I am not able to travel overnight. I do require daily therapies administered every evening in a hospital-bed environment in my home. My condition is such that the distance from home to the courthouse in Monroe truly does prevent me from traveling to and from the Kansas City Area to Monroe during the same waking day.

7.      When plaintiffs' counsel first advised me that the defendants would not agree to me testifying at trial via video teleconference, although they had apparently agreed to a videotaped testimony, I requested a letter from my treating physician, which I received on March 8, 2019.  A copy is attached.

8.      I also note that I have uneventfully testified "live" as an expert for several trial proceedings via video teleconferencing; this case presents the first time that I am aware of where videoconferencing was challenged by counsel.

9.      I have personal knowledge of the stated facts concerning my health and affirm that they are true.

FURTHER AFFIANT SAYETH NAUGHT.


Dated: March 15, 2019

_____
Kurt V. Krueger, Ph.D.

2

STATE OF KANSAS    )
                            ) ss

COUNTY OF JOHNSON   )

Subscribed and sworn to before me this 15ᵗʰ day of March, 2019.

_____Kan. J. Harrison_____

Notary Public in and for said County and State

My Commission Expires: 11/25/2021

```
KAREN J. HARRISON
Notary Public
State of Kansas
My Commission Expires 11/25/2021
```

3

# ✠ Saint Luke's

## HEALTH SYSTEM

Saint Luke's Primary Care - Mission Farms
4061 Indian Creek Parkway
Suite 200
Overland Park KS 66207-4030
Phone: 913-317-7990
Fax: 913-317-7018

March 8, 2019

To Whom It May Concern:

It is my medical opinion that Kurt Krueger limit his travel due to his underlying health conditions. Mr. Krueger can not safely travel long distances without considerable impact to his well being. Travel that requires Mr. Krueger to be seated for long periods of time will certainly cause worsening of his chronic health conditions likely requiring hospitalization for treatment.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Jennifer Carpenter MD