UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment [Doc. No. 137] filed by Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants"). Plaintiffs Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs") have filed an Opposition [Doc. No. 157], and Defendants have filed a Reply [Doc. No. 168]. The matter is fully briefed.

Also pending before the Court is Plaintiffs' Motion for Summary Judgment [Doc. No. 136]. Defendants have filed an Opposition [Doc. No. 143], and Plaintiffs have filed a Reply [Doc. No. 170]. The matter is fully briefed.

The Court is now prepared to rule on these motions.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Defendants seek summary judgment that U.S. Patent No. 8,636,178 (the '178 Patent) asserted by Plaintiffs is not infringed. [Doc. No. 137]. Plaintiffs move for summary judgment that the importation into and/or the use, offers to sell, and actual sale of the *Nuby Tear Free Rinse Pail* ("Accused Device") literally infringed claims 1 and 6 of the '178 Patent. [Doc. No. 136].

The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Plaintiffs assert that Defendant LNC infringed and continues to infringe the '178 Patent

by importing and using, offering to sell, and selling the Accused Device. [Doc. No. 136-33 at 7-8].[1] Plaintiffs additionally assert that Defendant BBD infringed and continues to infringe the '178 Patent by using, offering to sell, and selling the Accused Device [Doc. No. 136-33 at 8]. LNC admits that it first offered to sell the Accused Device in October 2011 and completed its first sale in March 2012. [Doc. No. 143-1 at ¶¶ 40-42]. BBD admits that it first offered to sell the Accused Device via the internet "prior to March 2, 2012." [*Id.* at ¶¶ 43-46]. Plaintiffs contend that the importation into, and the use, offers to sell and sale of the Accused Device within the United States by LNC and BBD infringed the '178 Patent. [Doc. No. 136-33 at 8].

Defendants assert that there is no dispute concerning the configuration of the Accused Device. [Doc. No. 137 at 1]. Defendants further assert that the Accused Device fails to meet the requirements that the claimed container have either a "generally flat sidewall" or "a generally flat inwardly flexible panel." *Id.* Defendants contend that a visual inspection of the Accused Device reveals that it has no "generally flat" sidewall or flexible panel. *Id.*

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of

---

[1] Citations to the parties' filings are to the filing's number in the docket (Doc. No.) and pin cites are to the page numbers assigned through ECF.

material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248). The summary-judgment standard on a patent claim is the same as the standard for other claims. *Avia Group Int'l v. L.A. Gear Calif., Inc.*, 853 F.2d 1557, 1560-61 (Fed. Cir. 1988).

A determination of patent infringement involves a two-step inquiry. "The court must first interpret the claims to determine their scope and meaning. It must then compare the properly construed claims to the allegedly infringing device." *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) (citation omitted). The comparison is only to the patent claims, not to any specific embodiment in the patent specification or to the patent holder's commercial embodiment. *See Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347

(Fed. Cir. 2003). The patent holder bears the burden of proving infringement by a preponderance of the evidence. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014); *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013) (citing *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008)).

The first step of this inquiry is a legal determination. The second step is primarily factual, though to support a judgment of infringement the accused device must satisfy every limitation in the asserted claims, either literally or under the doctrine of equivalents. *Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1356-57 (Fed. Cir. 2005). Although the comparison of the claims to the accused system is a fact question, summary judgment may be granted if no reasonable jury could find infringement. *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997).

### B. Analysis

The parties dispute the meaning and scope of five terms/phrases of the '178 Patent. [Doc. No. 223 at 2; Doc. No. 224 at 1-2]. The Court has resolved the parties' claim construction disputes and determined the scope of the claims by entering a Memorandum Opinion and Order on Claim Construction ("Claim Construction Order"). For the reason stated in the Claim Construction Order, the Court construes the disputed claim terms/phrases as follows:

| Disputed Term | Court's Construction |
| --- | --- |
| "comprising" | "including but not limited to" |
| "generally flat sidewall section" | "a section of the sidewall that is not perfectly flat, and differs in its shape as compared to the remainder of the continuous sidewall" |
| "generally flat inwardly flexible panel" | "a portion of the flat sidewall section that is not perfectly flat, and differs in its shape as compared to the remainder of the continuous sidewall." |

| | |
|---|---|
| "handle located on" | Plain and ordinary meaning |
| "handle joined to" | Plain and ordinary meaning |

Having determined the scope and meaning of the claims, the Court now compares the properly construed claims to the allegedly infringing device. The parties agree that the '178 Patent claims are directed to a container requiring a "generally flat sidewall" and a "generally flat flexible panel." [Doc. No. 157-1 at ¶ 13]. Specifically independent claims 1 and 6 recite the following elements:

> 1. A container comprising:
> a generally continuous sidewall terminating in an upper sidewall end and a lower sidewall end and defining an inward fluid holding space bounded by said continuous sidewall, said continuous sidewall having a flexible portion thereof that defines *a generally flat sidewall section* and a generally non flexible portion joined on either end to the flexible portion,
> a bottom closing said lower sidewall end with said upper sidewall generally flat sidewall section end being generally open,
> a *generally flat inwardly flexible panel* forming a portion of said *generally flat sidewall section* and extending to form at least a portion of said upper sidewall end, the flexible panel facing outwardly and being sized, shaped and sufficiently pliable to matingly mold to the head of a person during use; said flexible panel having a generally smooth inward surface for unobstructed fluid flow out of said open upper sidewall end, and
> a handle located on the non flexible portion opposite the flexible panel to allow a user to lift and pour the container when filled with liquid.

['178 Patent Claim 1] (emphasis added).

> 6. A container comprising:
> a generally rigid continuous sidewall having an upper sidewall end and a lower sidewall end and defining an inward fluid holding space bounded by said continuous sidewall, said continuous sidewall having a flexible portion thereof that defines a *generally flat sidewall section* and a generally non flexible portion joined on either end to the flexible portion,

> a bottom attached to said lower sidewall end with said upper sidewall end being generally open,
> a rim connected to said upper sidewall end,
> a portion of said rim being sufficiently inwardly flexible to conform to the shape of an object to which said rim is pressed against,
> an inwardly flexible and pliable panel forming a portion of said *generally flat sidewall section* and connecting with said inwardly flexible rim portion, said inwardly flexible panel having a generally smooth inward surface for unobstructed fluid flow out of said open upper sidewall end and an outward facing surface that is sized and shaped to matingly mold to the head of a person during use, and
> a handle joined to the non flexible portion opposite the flexible portion to provide for lifting and pouring of the contents of the container by a user.

['178 Patent Claim 6] (emphasis added).

The only accused product is Defendants' *Nuby Tear Free Rinse Pail* ("Accused Device"). [Doc. No. 157-1 at ¶ 1]. The physical design of the Accused Device has not changed since Defendants began selling it. [Doc. No. 168-1 at ¶ 4]. Defendants have presented evidence that the Accused Device has neither a "generally flat sidewall section" nor "a generally flat inwardly flexible panel." Defendants' evidence includes Exhibits 249A-E, which are photographs of the Accused Device. [Doc. No. 157-1 at ¶ 1].



[Doc. No. 137-8 at 1-5]. As illustrated in Exhibits 249A-E, the Accused Device does not include either the "generally flat sidewall section" limitation or the "generally flat inwardly flexible pane" limitation, as properly construed by the Court. That is, the Accused Device does not include either "a section of the sidewall that is not perfectly flat, and differs in its shape as compared to the remainder of the continuous sidewall," or "a portion of the flat sidewall section that is not perfectly flat, and differs in its shape as compared to the remainder of the continuous sidewall."

The parties agree that the front or face of the Accused Device comprises a parabolic-shaped sidewall section. [Doc. No. 157-1 at ¶ 16]. As indicated in the figures below, Plaintiffs identify "E" and "H" as the recited "generally flat sidewall section" and "generally flat inwardly flexible pane" in the Accused Device for claims 1 and 6:

7



[Doc. No. 138-1 at 20 (Claim 1), 25 (Claim 6)]. The following pictures provide a top view (left) and bottom view (right) of the Accused Device.



[Doc. No. 137-8 at 4, 5]. As illustrated in the above pictures, the parabolic-shaped section (elements E and H identified by Plaintiffs), does not differs in its shape as compared to the

8

remainder of the continuous sidewall. Instead, this sidewall section is a continuous curve following the general shape of an oval. Accordingly, Defendants have demonstrated that the Accused Device does not meet either the "generally flat sidewall section" limitation or the "generally flat inwardly flexible panel" limitation, as properly construed by the Court. Thus, summary judgment is appropriate because the Accused Device does not contain each and every element of the claims.

Plaintiffs contend that the Accused Device possesses each of the elements recited in Claims 1 and 6. [Doc. No.136-33 at 29-33; Doc. No. 157 at 23-25]. The evidence submitted by Plaintiffs as it relates to the "generally flat sidewall section" and the "generally flat inwardly flexible panel" limitations includes photographs of the Accused Device and an affidavit of Mr. Michael McGinley. [Doc. Nos. 136-12, 136-15, 136-16; Doc. No. 136-2].[2] The parties do not dispute that the photographs submitted by Plaintiff accurately depict the Accused Device. [Doc. No. 143-1 at ¶ 14]. However, the photographs do not raise a genuine issue as to any material fact, because they are cumulative of the photographs submitted by Defendants. [*Compare,* Doc. No. 137-8 at 2 and Doc. No. 136-12 at 2]. Likewise, Mr. McGinley's affidavit does not indicate that the Accused Device includes either the "generally flat sidewall section" limitation or the "generally flat inwardly flexible panel" limitation, as properly construed by the Court. [Doc. No. 138-1 at ¶¶ 21-25]. Indeed, the parties agree that the front or face of the Accused Device comprises a parabolic-

---

[2] Plaintiffs submit other affidavits, deposition testimony, and exhibits with their motion. However, Plaintiffs do not identify these exhibits as being relevant to the specific issues before the Court. Indeed, most of these affidavits, deposition testimony, and exhibits relate to claim construction issues or other undisputed facts. (*See, e.g.*, 136-33 at 14, nn. 5-11). Plaintiffs also cite the Declaration of Nouri E. Hakim and argue that it substantiates that the Accused Device is "reasonably regarded as 'generally flat.'" [Doc. No. 170 at 6]. The Court finds that even when this inference is considered in Plaintiffs' favor, it relates to whether the "generally flat sidewall section" differs in its shape as compared to the remainder of the continuous sidewall.

shaped sidewall section. [Doc. No. 157-1 at ¶ 16]. The pictures submitted by Plaintiffs show that the parabolic-shaped section does not differ in its shape as compared to the remainder of the continuous sidewall.

**<u>Doctrine of Equivalents</u>**

Even if an accused product does not literally infringe the asserted claims of a patent, the accused product may infringe under the doctrine of equivalents if the differences between the element of the accused product at issue and the claim limitation at issue are insubstantial. *Dawn Equip. Co. v. Kentucky Farms, Inc.*, 140 F.3d 1009, 1015-16 (Fed. Cir. 1998). One test used to determine whether differences are insubstantial is to determine whether the element performs substantially the same function in substantially the same way to obtain substantially the same result as the claim limitation. *Id.* at 1016.

Here, there are not facts establishing equivalents. Plaintiffs only provide the conclusory statement that "[t]he record in this case is more than adequate for a reasonable jury to find that the sidewall section, flexible panel and handle of the parties' competing rinse cup products do the same work in substantially the same way, and accomplish substantially the same result even though they may differ in name, form and shape." [Doc. No. 170 at 14]. This conclusory statement is wholly insufficient.

Moreover, when a limitation is added to overcome a prior art rejection, an estoppel is effected, preventing the patentee from arguing equivalents. As discussed in the Claim Construction Order, the "generally flat sidewall section" and the "generally flat inwardly flexible panel" limitations were expressly added to overcome a USPTO rejection and to distinguish the claims from the prior art. Based on the representations made during the prosecution, Plaintiffs are estopped from arguing that the parabolic-shaped sidewall section (elements E and H in the above

figures), differs in its shape as compared to the remainder of the continuous sidewall. Like the prior art identified in the prosecution history, the Accused Device has a sidewall that is a continuous curve (*i.e.*, a circular, round, or oval shape). As the Federal Circuit has stated, "[t]he doctrine of equivalents is not a talisman that entitles a patentee to a jury trial on the basis of suspicion; it is a limited remedy available in special circumstances, the evidence for which is the responsibility of the proponent." *Schoell v. Regal Marine Indus.*, 247 F.3d 1202, 1210 (Fed. Cir. 2001); *see also Zelinski v. Brunswick Corp.*, 185 F.3d 1311, 1317 (Fed. Cir. 1999) (affirming the district court's grant of Brunswick's motion for summary judgment of noninfringement under the doctrine of equivalents because the only evidence submitted by patentee was a conclusory statement by a patent law expert).

In conclusion, failure to find all the claim limitations in the Accused Device renders the Accused Device non-infringing. Defendants have demonstrated that the Accused Device does not include either the "generally flat sidewall section" limitation or the "generally flat inwardly flexible panel" limitation, as properly construed by the Court. Plaintiffs have failed to present evidence that raises a genuine issue of material fact on this issue, and no reasonable jury could find that the Accused Device contains this claim limitation or its equivalent. Defendants are entitled to summary judgment on non-infringement, and, consequently, their Non-Infringement Motion is granted, and Plaintiff's Motion is denied

## III. CONCLUSION

Based on a comparison between the properly construed claims of the '178 Patent and Defendants' Accused Device, there is no genuine issue of material fact regarding whether the Accused Device includes either the "generally flat sidewall section" limitation or the "generally flat inwardly flexible panel" limitation. As a result, Defendants' Motion for Summary Judgment [Doc. No. 137] is GRANTED. For the same reason that Defendants are entitled to summary

judgment on non-infringement, Plaintiff's Motion for Summary Judgment [Doc. No. 136] is DENIED.

Monroe, Louisiana**,** this 15th day of May, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE