# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is the Motion to Amend Rulings on Motions for Summary Judgment and Related Judgment [Doc. No. 241] filed by Plaintiffs Michael L. McGinley and S.C. Products, Inc. (collectively "Plaintiffs"). Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII") (collectively "Defendants") have filed an Opposition [Doc. No. 246]. The matter is fully briefed.

The Court is now prepared to rule on the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2016, Plaintiffs filed a Complaint against Defendant Luv N. Care, Ltd. ("LNC"), alleging various patent infringement claims pertaining to its "'178 Patent" for a flexible panel rinse cup product [Doc. No. 1]. On July 27, 2018, Plaintiffs expanded their claims with an Amended Complaint [Doc. No. 109], which (1) included a claim pertaining to its '178 Patent for indirect infringement against LNC; (2) added a number of companies, including Defendants Admar, BGD, CS, and HHHII, that are commonly-owned and controlled by LNC and its principals as additional defendants; and (3) included a claim pertaining to its '178 Patent of infringement against a new Defendant BuyBabyDirect, LLC ("BBD"), and a separate, equitable claim against LNC and all of the other Defendants asserting that they constitute a "single business enterprise,"

or alter egos, or joint venturers. Plaintiffs contended that all Defendants are jointly and severally liable to Plaintiffs for the unlawful acts of each other.

On November 6, 2018, Defendants Admar, BGD, CS, and HHHII (collectively "Moving Defendants") filed a Motion for Summary Judgment to Dismiss Plaintiffs' Claims ("MSJ to Dismiss Claims") [Doc. No. 133]. On January 24, 2019, the Court denied the MSJ to Dismiss Claims [Doc. Nos. 172, 173]. In its Ruling, the Court stated that ". . . to the extent that Moving Defendants request summary judgment holding that they have not infringed or induced infringement of any of Plaintiffs' alleged patent rights, the motion is DENIED because those claims have not been asserted against them." [Doc. No. 172 at 5]. The Court further found that there were genuine issues of material fact which precluded summary judgment. [Doc. No. 172 at 9].

On November 8, 2018, all Defendants filed a Motion for Summary Judgment seeking a ruling that the '178 Patent asserted by Plaintiffs is not infringed. [Doc. No. 137]. Plaintiffs also filed a Motion for Summary Judgment seeking a ruling that the importation into and/or the use, offers to sell and actual sale of the *Nuby Tear Free Rinse Pail* ("Accused Device") literally infringed claims 1 and 6 of the '178 Patent. [Doc. No. 136]. On May 15, 2019, the Court granted Defendants' motion and denied Plaintiffs' Motion. [Doc. Nos. 237, 238].

Plaintiffs move the Court pursuant to F.R.C.P. 54(b) to revise its Rulings on Motions for Summary Judgment [Doc. No. 237] and related Judgment [Doc. No. 238] to (A) clarify that the Court's summary judgment of noninfringement was entered solely in favor of Defendants Luv n' care, Ltd. and BuyBabyDirect, LLC, and (B) include the Court's determination as to the continued viability of the claims of relief stated in Count III of the Amended Complaint [Doc. No. 109] in light of the Court's summary judgment of noninfringement [Doc. No. 238], and (C) identify the

claims that remain pending in the case after the Court's consideration of and ruling as to Count III. [Doc. No. 241 at 1]. In addition, Plaintiffs move the Court for its Order holding that neither Plaintiffs nor Defendants can be justly deemed the "prevailing party" in this action and that each side must bear its own costs of suit under F.R.C.P. 54(d)(1). *Id.* at 2.

## II. LAW AND ANALYSIS

### A. Plaintiffs' Request to Clarify that the Court's Summary Judgment of Noninfringement was Entered Solely in Favor of Defendants Luv n' care, Ltd. and BuyBabyDirect, LLC.

The Court granted Defendants' Motion for Summary Judgment of Noninfringement for all Defendants [Doc. Nos. 237, 238], which included Defendants Admar, BGD, CS, and HHHII (collectively "Moving Defendants"). Plaintiffs contend that the only Defendants in whose favor a summary judgment of noninfringement could be entered is Luv n' care, Ltd and BuyBabyDirect, LLC. [Doc. No. 241-1 at 2]. According to Plaintiffs, the Court already denied the MSJ to Dismiss Claims [Doc. No. 133] filed by Moving Defendants, and determined that these Defendants could not obtain summary judgment relief. *Id.*

Specifically, the Court stated "to the extent that [these] Defendants request summary judgment holding that they have not infringed or induced infringement of any of Plaintiffs' alleged patent rights, the motion is DENIED because those claims have not been asserted against them." [Doc. No. 172 at 5]. In the present motion, Plaintiffs argue that the Court "apparently overlooked its prior ruling and decision recognizing that Plaintiffs had not asserted any infringement claims against Admar International, Inc., Bayou Graphics and Design, LLC, Control Services, Inc., and HHHII, LLC, and thus, these Defendants could not obtain such summary relief." [Doc. No. 241-1 at 2-3].

The issue is not that the Court overlooked its prior ruling. Instead, the MSJ to Dismiss

Claims was a procedurally flawed attempt by Moving Defendants to exit the case. In effect, Moving Defendants asked the Court to deny Plaintiffs' single business entity claim without proper factual support for doing so. Although the motion was partially postured as a motion for summary judgment for noninfringement, it was actually a motion to deny Plaintiffs' equitable relief claim of a single business enterprise. Given this procedural history, the Court clarifies that the MSJ to Dismiss Claims was denied because Moving Defendants did not include all of the Defendants named in the Amended Complaint.

In their Amended Complaint and Opposition to the MSJ to Dismiss Claims, Plaintiffs contended that only Defendants Luv n' care, Ltd and BuyBabyDirect, LLC infringed the '178 Patent. Plaintiffs further argued that their Amended Complaint [Doc. No. 109 at ¶¶ 43-48] alleged a series of detailed facts showing that Defendants, including Moving Defendants, have operated as a single business enterprise. [Doc. No. 172 at 3]. The Court agreed and denied Moving Defendants' motion because infringement claims were not asserted directly against them. *Id.* at 5. Moreover, the Court found that there were genuine issues of material fact that precluded summary judgment. *Id.* at 9. Accordingly, to the extent that it is necessary, the Court clarifies that the MSJ to Dismiss Claims was denied because not all Defendants moved for noninfringement. For example, the statement highlighted by Plaintiffs in the present motion is clarified as follows:

> Therefore, to the extent that Moving Defendants request summary judgment holding that they [solely] have not infringed or induced infringement of any of Plaintiffs' alleged patent rights, the motion is DENIED because those claims have not been asserted [solely] against them.

Moreover, it should be understood that the Court's statement was not an absolute bar against a finding of noninfringement for Moving Defendants, as Plaintiffs now contend. Instead, it only denied the inadequate procedural short cut that Moving Defendants attempted to make at that time. For example, if the motion would have included all Defendants (*i.e.*, Defendants Luv

n' care, Ltd and BuyBabyDirect, LLC), then Defendants would have had to include evidence that the accused product, the *Nuby Tear Free Rinse Pail*, did not infringe the asserted claims. This is exactly what all Defendants did in the Motion for Summary Judgment of Noninfringement. [Doc. No. 137].

Regarding Plaintiffs' request to revise the Court's summary judgment of noninfringement to clarify that it was entered *solely* in favor of Defendants Luv n' care, Ltd and BuyBabyDirect, LLC, the request is denied. Plaintiffs' amended complaint added Moving Defendants to the case by seeking a finding that *all* Defendants are jointly and severally liable under the equitable relief of a "single business enterprise." [Doc. No. 109 at ¶ 47]. In responding to the Amended Complaint, *all* Defendants asserted a counterclaim for declaratory judgment that the accused product, the *Nuby Tear Free Rinse Pail*, did not infringe the asserted claims. [Doc. No. 112 at ¶¶ 118-119]. Thus, noninfringement was raised as a separate declaratory judgment claim by *all* Defendants, and not simply as an affirmative defense by only Defendants Luv n' care, Ltd and BuyBabyDirect, LLC. Accordingly, the Court granted Defendants' motion for summary judgment of non-infringement for *all* Defendants because the motion was filed by *all* Defendants.

In summary, it would be fundamentally unfair to exclude certain Defendants from the Court's finding that the accused product, the *Nuby Tear Free Rinse Pail*, does not infringe. Especially given that Plaintiffs sought to hold *all* Defendants jointly and severally liable if the *Nuby Tear Free Rinse Pail* was found to infringe. Simply stated, Plaintiffs cannot have it both ways. Plaintiffs could have objected to Moving Defendants' declaratory judgment counterclaim of noninfringement, but this would have negatively impacted the equitable relief they sought. Therefore, in the interest of equity, the Court denies Plaintiffs' request to clarify that the Court's summary judgment of noninfringement was entered *solely* in favor of Defendants Luv n' care, Ltd

and BuyBabyDirect, LLC.

### B. Plaintiffs' Request that the Court Should Revise its Rulings on Motions for Summary Judgment [Doc. No. 237] and Judgment [Doc. No. 238] to Include the Court's Determination as to the Viability of the Claims of Relief Stated in Count III in Light of the Court's Summary Judgment of Noninfringement.

Plaintiffs' Count III claims seeks to hold Defendants jointly and severally liable as a "single business enterprise" for any damages or relief that Plaintiffs recover for the patent infringement alleged in Counts I and II of the Amended Complaint. [Doc. No. 109]. Plaintiffs argue that the claims of relief stated in Count III are dependent on Plaintiffs' ability to recover infringement damages under Counts I or II. [Doc. No. 241-1 at 3]. Plaintiffs contend that none of Court's rulings address the impact of the Court's summary judgment of noninfringement on the separate claims and remedies Plaintiffs sought in Count III. *Id.* at 3 (citing Doc. Nos. 172-173, 235-236, 237-238). Plaintiffs request the Court to revise its Rulings on Motions for Summary Judgment [Doc. No. 237] and Judgment [Doc. No. 238] to include the Court's determination as to the viability of the claims of relief stated in Count III in light of the Court's summary judgment of noninfringement [Doc. No. 238], and also identify the claims that remain pending after the Court's consideration of Count III. [Doc. No. 241-1 at 4].

The Court finds that the claims of Count III are moot given that the Court has determined that the accused product, the *Nuby Tear Free Rinse Pail*, does not infringe the asserted claims. As Plaintiffs correctly note, the claims of relief stated in Count III are dependent on Plaintiffs' ability to recover infringement damages for the patent infringement alleged in Counts I or II. *Id.* at 3. The Court's summary judgment of noninfringement resolved Plaintiffs' claims of patent infringement as asserted in Counts I and II of the Amended Complaint [Doc. No. 109 at ¶¶ 21-41], as well as Defendants' Counterclaim VI of noninfringement [Doc. No. 112 at ¶¶118-119]. Accordingly, the

Court finds that Count III of Plaintiffs' Amended Complaint is moot in light of the Court's summary judgment of noninfringement [Doc. No. 237, 238], and dismisses Count III without prejudice.

### C. The Prevailing Party under Rule 54(d)(1) and Recoverable Cost under 28 U.S.C. § 1924.

Plaintiffs argue that neither Plaintiffs nor Defendants can be justly deemed the "prevailing party" given all of the Court's rulings in this case, both for and against Plaintiffs and Defendants on the issues of infringement and validity. [Doc. No. 241-1 at 4]. Plaintiffs further argue that Rule 54(d)(1) is permissive, and does not require that costs be awarded. *Id.* at 4-5. Plaintiffs contend that each side should bear its own costs under Rule 54(d)(1). *Id.* at 4.

Defendants argue that Federal Circuit law unambiguously limits the number of prevailing parties in a given case to one. [Doc. No. 246 at 2]. Defendants contend that the decision regarding non-infringement effectively and conclusively ended the case in Defendants' favor making them the prevailing party. *Id.* Defendants further argue that the prevailing party should be awarded its costs absent special circumstances, none of which are present here. *Id.*

Rule 54(d)(1) governs the award of costs. It provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). An award of costs thus involves two separate inquires. *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004). First, determining who is the "prevailing party" within the meaning of Rule 54(d)(1). Second, how much (if any) costs should be awarded to the prevailing party.

Starting with the first inquiry, Federal Circuit law governs the determination of which party has prevailed in patent cases. *SSL Services, LLC v. Citrix Systems, Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014). In *SSL Services*, the Federal Circuit set out the standards for making that determination:

"To be the prevailing party, we require: (1) that the party received at least some relief on the merits, and (2) that relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Id.* at 1086. Here, Defendants have met both parts of the test. Defendants' claim for relief that the *Nuby Tear Free Rinse Pail* did not infringe the asserted claims was granted, and that relief materially altered the parties' legal relationship in a way that directly benefited Defendants. Specifically, Defendants cannot be excluded from making, using, selling, offering for sale and importing into the United States the *Nuby Tear Free Rinse Pail* based on Plaintiffs' patent rights.

Plaintiffs argue that there is not a single prevailing party because both sides in this case prevailed on summary judgment. [Doc. No. 241-1 at 5]. Plaintiffs further argue that they prevailed on portions of their claim construction arguments [Doc. No. 233-234], and on Defendants' summary judgment argument asserting that the '178 Patent should be deemed invalid as anticipated under the on-sale bar of 35 U.S.C. § 102(b) (pre-AIA). [Doc. No. 235-236]. [Doc. No. 241-1 at 5]. According to Plaintiffs, numerous courts have concluded that, in circumstances such as these, each party should bear its own costs. *Id.*

Federal Circuit precedent establishes that "there can only be one prevailing party in a patent case." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). In *Shum*, the Federal Circuit stated that "just because a party can be said to have 'prevailed' on a claim does not necessarily make him a 'prevailing party' as the term is used in Rule 54," and that "Rule 54 does not allow every party that won on some claims to be deemed a 'prevailing party.'" *Id.* Moreover, the Federal Circuit held that "[f]or the purposes of costs and fees, there can be only one winner," and instructed that "[a] court must choose one, and only one, 'prevailing party' to receive any costs award." *Id.*

For Plaintiffs to have prevailed in this case, they would have had to obtain a finding of infringement, a money judgment or an injunction against Defendants. Plaintiffs obtained no finding of infringement, no money judgment and no injunction. Defendants in contrast sought a judgment that they do not infringe the '178 Patent, and that they could continue to make, use, sell, offer for sale, and import into the United States the *Nuby Tear Free Rinse Pail*. That is the relief they obtained. Therefore, Defendants are the prevailing party.

Regarding the second inquiry related to the amount to be awarded, it is well established that Rule 54(d)(1) is a matter governed by the law of the regional circuit, here the Fifth Circuit. The Fifth Circuit recognizes that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *see also Manton v. Strain*, No. 09-339, 2011 U.S. Dist. LEXIS 27539, at *22 (E.D. La. Feb. 28, 2011) ("A district court should grant an award for costs to the prevailing party under Rule 54(d)(1) as long as a listed expense is reasonably necessary to the litigation and authorized by statute.") (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)). In *Pacheco*, the Fifth Circuit held that "the prevailing party is *prima facie* entitled to costs," and that the denial of costs is "in the nature of a penalty." *Id*. at 793-794. The Court further noted that a district court "may neither deny nor reduce a prevailing party's request for costs without articulating some good reason for doing so." *Id*. at 794 (citing *Schwarz v. Folloder*, 767 F.2d 125 131 (5th Cir. 1985)).

Plaintiffs argue that the Court has wide discretion in determining whether to award costs to a prevailing party, and that the Court should hold that each party should bear its own costs. *See, e.g., Manton v. Strain*, No. 09-339, 2011 U.S. Dist. LEXIS 27539, at *23 (E.D. La. Feb. 28, 2011) ("Despite this presumption in favor of the prevailing party, the district court has broad

discretion to determine what costs are properly recoverable.") (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)). Plaintiffs list a number of a number of factors in support of its argument that each party should bear its own costs. [Doc. No. 241-1 at 6-8].

The Court is not persuaded that it should deny Defendants' recoverable cost based on the factors listed by Plaintiffs. However, the Court is not in a position at this time to award a specific amount to Defendants because a Bill of Cost, and the related documents, are not presently before the Court. Thus, it is not possible for the Court determine the amount that should be taxed against Plaintiffs at this time. The Court orders the parties to discuss Defendants' Bill of Cost before it is submitted, and to work in good faith to reduce any disputes regarding the recoverable costs allowed under 28 U.S.C. § 1920. Defendants must attach an affidavit to its bill affirming that the amount claimed is correct, the costs were necessarily incurred during the case, and the services giving rise to the costs were actually and necessarily performed as required under 28 U.S.C. § 1924.

### D. Defendants' Counterclaim for Declaratory Judgment of Invalidity, Unenforceability, and Correction of Inventorship of the '178 Patent.

The Court's summary judgment of noninfringement resolved Defendants' counterclaim for declaratory judgment of noninfringement in Counterclaim Count VI. However, a finding of no infringement alone does not moot a counterclaim for invalidity as a matter of law. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993). Defendants also sought a counterclaim for declaratory judgment of invalidity, unenforceability, and correction of inventorship of the '178 Patent in Counterclaim Count VI. [Doc. No. 112 at ¶¶ 120-133].

It is understood that a court has the discretion to dismiss a counterclaim seeking a declaratory judgment that a patent is invalid as moot following the grant of summary judgment of non-infringement. *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003); *see also*

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (text of the Declaratory Judgment Act "has long been understood to confer on federal courts unique and substantial discretion on whether to declare the rights of litigants.") (internal quotations omitted); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004) (holding that a district court "faced with an invalidity counterclaim challenging a patent it concludes was not infringed may either hear the claim or dismiss it without prejudice.").

As the Federal Circuit explained in *Phonometrics, Inc. v. Northern Telecom, Inc.*, "a district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement . . . . The Supreme Court's decision in *Cardinal Chemical Co. v. Morton Int'l*, 508 U.S. 83, 113 S. Ct. 1967, 124 L. Ed. 2d 1 (1993), does not preclude this discretionary act by the district court." 133 F.3d 1459, 1468 (Fed. Cir. 1998). Given that the Court has granted summary judgment of noninfringement, the Court in its discretion declines to address Defendants' claims of invalidity, unenforceability, and correction of inventorship of the '178 Patent in Counterclaim Count VI. [Doc. No. 112 at ¶¶ 120-133]. The Court therefore dismisses Defendants' counterclaims for invalidity, unenforceability, and correction of inventorship of the '178 Patent without prejudice. *Liquid Dynamics Corp.*, 355 F.3d at 1371. The Court further notes that Defendants' Counterclaim Counts I to V were previously dismissed without prejudice. [Doc. No. 245].

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend Rulings on Motions for Summary Judgment and Related Judgment [Doc. No. 241] is DENIED.

Monroe, Louisiana, this 19th day of July, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE