UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L MCGINLEY ET AL** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N CARE LTD** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court is a Motion for Summary Judgment as to Noninfringement [Doc. No. 263] filed by Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII") (collectively "Defendants"), and a Motion for Partial Summary Judgment as to Literal Infringement [Doc. No. 264] filed by Plaintiffs Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs"). The motions are opposed. For the following reasons, Defendant's motion is DENIED. Plaintiff's motion is GRANTED IN PART and DENIED IN PART as explained more fully below.

### Background and Procedural History

**A. The '178 Patent**

The '178 patent was filed on October 22, 2008, issued on January 28, 2014, and is directed to a container or pitcher "having a flexible side wall portion and rim portion . . . which can conform to the shape of an object." '178 Patent, Abstract. The specification indicates that the primary purpose of the container is for rinsing shampoo or soap from the head of a child. *Id.* at col. 2 ll. 57–63. Figures 3 and 6 illustrate different embodiments of the container with and without a divider 40.



The specification states that the container has continuous sidewalls (12) with one of the sidewalls having a sidewall portion (24) with a flexible panel portion (28). *Id.* at col. 4, ll. 4–61. The specification further states that the flexible panel portion is constructed of a thin flexible plastic or a flexible rubber panel that can conform to the shape of the head of a child. *Id*. at col. 4, ll. 43–61. In operation, the flexible panel portion is pressed against the front of the head above the eyes and the rinse water pours over the top of the head. Id. at col. 2, ll. 57–63. The specification indicates that the flexible panel portion prevents the rinse water from flowing into the child's eyes or face. *Id.*

In a preferred embodiment of the invention, sidewall portion (24) is generally flat and may therefore differ in its shape as compared to the remainder of sidewall rim (12) and sidewall (20). *Id*. at col. 4, ll. 30–34. For example, if sidewall (12), in its construction, comprises a cylindrical container, then sidewall rim (20) will be comprised of a generally circular sidewall rim portion (26) and a generally flat sidewall rim portion or sidewall segment or rim segment (24). *Id*. at col. 4, ll. 34–38. The specification states, however, that generally continuous sidewall (12) can be of any convenient shape, spanning shapes from square to circular to polygonal. *Id*. at col. 4, ll. 5–7.

The '178 patent has two independent claims, 1 and 6, both of which include a continuous sidewall "having a flexible portion thereof that defines a generally flat sidewall section and a generally non-flexible portion." For purposes of claim construction, claim 1 is representative and reads:

A container comprising:

> a generally continuous sidewall terminating in an upper sidewall end and a lower sidewall end and defining an inward fluid holding space bounded by said continuous sidewall, said continuous sidewall having a flexible portion thereof that defines a *generally flat sidewall section* and a generally non flexible portion joined on either end to the flexible portion, a bottom closing said lower sidewall end with said upper sidewall end being generally open,
>
> a *generally flat inwardly flexible panel* forming a portion of said generally flat sidewall section and extending to form *916 at least a portion of said upper sidewall end, the flexible panel facing outwardly and being sized, shaped and sufficiently pliable to matingly mold to the head of a person during use; said flexible panel having a generally smooth inward surface for unobstructed fluid flow out of said open upper sidewall end, and
>
> a *handle* located on the non flexible portion opposite the flexible panel to allow a user to lift and pour the container when filled with liquid.

'178 Patent, claim 1 (formerly disputed claim terms in italics). *See also McGinley v. Luv N' Care Ltd.*, 819 F. App'x 913, 914–16 (Fed. Cir. 2020).

On appeal of this Court's construction of the claims, the Federal Circuit upheld this Court's construction of the handle limitation, agreeing that "the intrinsic evidence does not

3

require a 'conventional handle,' or preclude the handle from including a chamber to hold rinse water." *McGinley*, 819 F. App'x at 914–16 (citing *McGinley v. Luv N' Care, Ltd.*, No. 3:17-CV-00821, 2019 WL 2150384, at *17 (W.D. La. May 15, 2019), *aff'd in part, rev'd in part and remanded*, 819 F. App'x 913 (Fed. Cir. 2020). However, the Federal Circuit provided a different construction for the term "generally flat." *Id.* The Federal Circuit held that the generally flat limitation means "mostly flat and not, as a whole, v shaped, round, or cylindrical." *Id.* However "a surface may have minor curves and imperfections while remaining, as a whole, "generally flat." *Id.* at 919.

### B. The Defendant's Allegedly Infringing Product

LNC manufactures a rinse pail, having a flexible sidewall, referred to as the Nuby Tear Free Rinse Pail ("NTFRP"). Further, the rinse pail has a label advertising an "Easy Grip™ handle" and "Soft edges for stress-free shampooing." [Doc. No. 264-10, p. 4]. *See also* [Doc. No. 264-12].

On March 30, 2016, McGinley filed suit in the United States District Court for the Western District of Missouri, naming LNC as the sole defendant. McGinley alleged LNC infringed the '178 patent based on LNC's importation into the United States, making, using, offering for sale, and selling LNC's Nuby Tear Free Rinse Pail. LNC subsequently filed its own action in the Western District of Louisiana seeking a declaratory judgment of no infringement and patent invalidity together with counts directed to various state and federal unfair competition counterclaims. These claims were later asserted as counterclaims in the original action.

In light of the Federal Circuit's claim construction ruling, Defendants and Plaintiffs have both moved for summary judgment. Defendants move for summary judgment on the issue of noninfringement both with respect to literal infringement and infringement under the doctrine of

4

equivalents. [Doc. No. 263]. Plaintiffs move for partial summary judgment on the issue of literal infringement. [Doc. No. 264]. The motions are opposed. [Doc. Nos. 267; 270]. Both parties have filed reply briefs. [Doc. Nos. 276; 279]. Accordingly, the motions are ripe.

## Law and Analysis

### A. Summary Judgment Standards

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." FED. R. CIV. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann,* 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record"). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)(citing *Adickes v. S. H. Kress & Co*., 398 U.S. 144 (1970))

### B. Literal Infringement

A person infringes a patent when he "without authority makes, uses, offers to sell, or sells any patented invention, within the United States." 35 U.S.C.§ 271(a); *Lexmark Int'l, Inc. v. Impression Prods., Inc.*, 816 F.3d 721, 726 (Fed. Cir. 2016); *Int'l Bus. Machines Corp. v. Booking Holdings Inc.*, 775 F. App'x 674, 677 (Fed. Cir. 2019). "An infringement analysis has two steps." *Indivior Inc. v. Dr. Reddy's Labs., S.A.*, 930 F.3d 1325, 1336 (Fed. Cir. 2019) (citing *Clare v. Chrysler Grp. LLC*, 819 F.3d 1323, 1326 (Fed. Cir. 2016)). In the first step, the Court construes the asserted claims. *Id.* In the second step, the Court determines whether the accused product meets each limitation of the claim as construed. *See id.*

Literal infringement requires the patentee to prove that the accused device contains each limitation of the asserted claim. *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.,* 289 F.3d 801, 812 (Fed. Cir. 2002)(citing *Mas–Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1211, 48 USPQ2d 1010, 1014–15 (Fed. Cir. 1998))(emphasis added).The comparison is only to the patent claims, not to any specific embodiment in the patent specification or to the patent holder's commercial embodiment. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003); *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, 761 F. App'x 989, 992 (Fed. Cir. 2019). "The patentee has the burden of proving infringement by a preponderance of the evidence." *Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1328 (Fed. Cir. 2019).

### i. Handle limitation

The Federal Circuit affirmed this Court's construction of the phrases "handle located on the non flexible portion" and "handle joined to the non flexible portion." *McGinley*, 819 F. App'x at 914–16. They are each given their plain and ordinary meaning. *Id.* Further, "the intrinsic evidence does not require a 'conventional handle,' or preclude the handle from

6

including a chamber to hold rinse water." *McGinley*, 819 F. App'x at 914–16 (citing *McGinley v. Luv N' Care, Ltd.*, No. 3:17-CV-00821, 2019 WL 2150384, at *17 (W.D. La. May 15, 2019), aff'd in part, rev'd in part and remanded, 819 F. App'x 913 (Fed. Cir. 2020). The Federal Circuit declined to address whether the NTFRP met this limitation because it did not want to raise the issue for the first time on appeal. *Id.* Now, this Court will address whether the handle limitation is met by the NTFRP.

The Defendants do not directly address Plaintiffs' argument that the handle limitation is met. *See* [Doc. No. 267]. It is well established that an inventor need not "embrace in the claims or describe in the specifications all possible forms in which the claimed principle may be reduced to practice." *Smith v. Snow*, 294 U.S. 1, 11 (1935); *Nazomi Comm., Inc. v. Arm Holdings, PLC*, 403 F.3d 1364, 1369 (Fed. Cir. 2005) (claims may embrace a "different subject matter than is illustrated in the specific embodiments in the specification"). Indeed, "the mere fact that the specification drawings depict a particular embodiment of the patent does not operate to limit the claims to that specific configuration." *Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d. 1298, 1306-07 (Fed. Cir. 2003).

Here, the Court has examined the exemplars, and finds that the NTFRP has a handle that can be described as "located on" or "joined to" the nonflexible portion of the sidewalls. *See also McGinley v. Luv N' Care Ltd.*, 819 F. App'x 913, 921 (Fed. Cir. 2020). The Although the handle includes a chamber to hold rinse water, this feature does not preclude the NTFRP from meeting the handle limitation. Further, the label on the NTFRP notes that the product has an "Easy Grip$^{TM}$ handle." [Doc. No. 264-10, p. 4]. Under these circumstances, the NTFRP meets the handle limitation of the '178 patent; reasonable persons could not find otherwise. Accordingly,

7

summary judgment on this issue is appropriate, and the Court finds that the NTFRP meets the handle limitation of the '178 patent.

### ii. "Generally flat sidewall section" and "generally flat inwardly flexible panel" limitations

The "generally flat" limitation means "mostly flat and not, as a whole, v shaped, round, or cylindrical." *McGinley,* 819 F. App'x at 918-19. However "a surface may have minor curves and imperfections while remaining, as a whole, 'generally flat.'" *Id.* at 919.

The Federal Circuit has not yet addressed to what degree a surface can be minorly curved or pitched and still be "generally flat" *See Schoell v. Regal Marine Indus., Inc.*, 247 F.3d 1202 (Fed. Cir. 2001)(holding that a manufacturer's hull, which had a twelve-degree V-shaped keel in both aft hull, and in portion of forward hull, could not literally infringe inventor's patent describing a hull with a V-shaped keel in the front, and a generally flat aft keel, and declining to address whether a twelve-degree V shape precludes a hull from being "generally flat"). A mere dispute over the meaning of a term does not itself create an issue of fact. This is true even where the meaning cannot be determined without resort to the specification, the prosecution history" or extrinsic evidence. *Johnston v. IVAC Corp*., 885 F.2d 1574, 1579 (Fed. Cir. 1989).

The Court has examined the exemplars in light of the Federal Circuit's construction of the "generally flat" limitation. However, even considering the specification, prosecution history, and other extrinsic evidence, the Court finds that reasonable jurors could differ in finding that the NTFRP meets the limitation of "generally flat" with regards to the "generally flat sidewall section" and "generally flat inwardly flexible panel" elements. Thus, there is a material issue of fact, and this issue is not appropriate for summary judgment. The issues of whether the NTFRP

meets the "generally flat sidewall section" and "generally flat inwardly flexible panel" limitations must be reserved for the jury to decide.

### C. Infringement under the Doctrine of Equivalents

"The doctrine of equivalents prevents an accused infringer from avoiding infringement by changing only minor or insubstantial details of a claimed invention while retaining their essential functionality." *Sage Prod., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997); *Choon's Design, LLC v. Idea Vill. Prod. Corp.*, 776 F. App'x 691, 697 (Fed. Cir. 2019). "A finding of infringement under the doctrine of equivalents requires a showing that the difference between the claimed invention and the accused product was insubstantial." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009). The Federal Circuit has emphasized that the doctrine of equivalents is the exception and "not the rule." *Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1330 (Fed. Cir. 2019). "Patent infringement is principally determined by examining whether the accused subject matter falls within the scope of the claims." *Id.*

The doctrine of equivalents is limited by the doctrine of prosecution history estoppel. *Tesco Corp. v. Weatherford Int'l Inc.*, 750 F. Supp. 2d 780, 798 (S.D. Tex. 2010)(citing *Seachange Intern., Inc. v. C–COR, Inc.*, 413 F.3d 1361, 1378 (Fed.Cir.2005)). Prosecution history estoppel can prevent patentees from claiming infringement by any products that fall "between the original claim limitation and the amended claim limitation" where "a narrowing amendment has been made for a substantial reason relating to patentability." *Id.* (citing *Festo*

*Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,* 344 F.3d 1359, 1367 (Fed. Cir. 2003) (en banc)).[1]

Estoppel limits the application of the doctrine of equivalents where "the applicant, in order to meet objections in the Patent Office, based on references to the prior art, adopted the phrase as a substitute for the broader one" previously used. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 31 (1997)(quoting *Exhibit Supply Co. v. Ace Patents Corp.*, 315 U.S. 126, 136 (1942)); s*ee also Keystone Driller Co. v. Northwest Engineering Corp.*, 294 U.S. 42, 48 (1935)(applying estoppel to limit the application of the doctrine of equivalents where the initial claims were "rejected on the prior art," and where the allegedly infringing equivalent element was outside of the revised claims and within the prior art that formed the basis for the rejection of the earlier claims); *Duplan Corp. v. Deering Milliken, Inc.*, 370 F. Supp. 790, 798 (D.S.C. 1973)(citing *Exhibit Supply Co. v. Ace Patents Corp.*, 315 U.S. 126, 136-37 (1942))(holding that the doctrine of file wrapper estoppel "applies in those instances where a patent applicant initially files broad claims and, after rejection of those claims by the Patent Office, narrows the claims by amendment to exclude part of the subject matter embraced within the original broad claims.")[2]

---

[1] *See also GFI, Inc. v. Franklin Indus.*, 27 F. Supp. 2d 686, 690–91 (N.D. Miss. 1998), *aff'd sub nom. GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268 (Fed. Cir. 2001)(quoting *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1362 (Fed.Cir.1983))( "The doctrine of prosecution history estoppel [under certain conditions] precludes a patent owner from obtaining a claim construction that would resurrect subject matter surrendered during prosecution of his patent application.")

[2] Further, "the doctrine of equivalents does not apply if applying the doctrine would vitiate an entire claim limitation." *Asyst Technologies, Inc. v. Emtrak, Inc.*, 402 F.3d 1188, 1195 (Fed. Cir. 2005); *see also Searfoss v. Pioneer Consol. Corp.*, 374 F.3d 1142, 1151 (Fed. Cir. 2004) (holding that summary judgment was appropriate where finding of infringement under doctrine of equivalents would vitiate a claim requirement). The doctrine of "ensnarement bars a patentee from asserting a scope of equivalency that would encompass, or 'ensnare,' the prior art." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1322 (Fed. Cir. 2009).

For the estoppel to apply to arguments submitted to obtain the patent, the arguments must "evince a clear and unmistakable surrender of subject matter." *Litton Systems, Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1458 (Fed.Cir.1998). Prosecution history estoppel is a question of law. *Hoganas AB v. Dresser Indus.*, 9 F.3d 948, 952 (Fed. Cir. 1993) *Tesco Corp.*, 750 F. Supp. 2d at 798.

Defendants have moved for summary judgment as to the applicability of the doctrine of equivalents on the basis that the limitation of "generally flat" was added to overcome a double patenting or prior art rejections. However, courts have declined to rule on summary judgment on the issue of the doctrine of equivalents where there is an issue of material fact as to literal infringement. *See, e.g., J.M. Huber Corp. v. Positive Action Tool of Ohio Co.*, 881 F. Supp. 279, 284 (S.D. Tex. 1995)("where [literal] infringement of the '938 Patent remains a genuine issue of material fact, infringement under the Doctrine of Equivalents is likewise found to be a question of fact for which a summary judgment is not appropriate"). Although the application of prosecution history estoppel is a matter of law, the court cannot reach the issue of infringement under the doctrine of equivalents until the issue of literal infringement is resolved. Accordingly, Defendants motion for summary judgment is denied at this time, without prejudice for them to re-urge it after the conclusion of the trial on the issue of literal infringement with regards to the "generally flat" limitations.[3]

## Conclusion

For the foregoing reasons,

---

[3] Further, the Court notes that, in any future re-urged motion for summary judgment on the issue of infringement under the doctrine of equivalents, Defendants must cite directly to the relevant portions of the '178 patent file wrapper and other prosecution history evidence to demonstrate that the limiting doctrine of prosecution history estoppel applies.

11

IT IS ORDERED that the Motion for Summary Judgment [Doc. No. 263] filed by Defendants is DENIED.

IT IS FURTHER ORDERED that the Motion for Partial Summary Judgment as to Literal Infringement [Doc. No. 264] filed by Plaintiffs is GRANTED IN PART insofar as the handle limitation is met by Defendant's accused product, the Nuby Tear Free Rinse Pail. The motion is otherwise DENIED, and the issues of the "generally flat sidewall section" and "generally flat inwardly flexible panel" limitations are reserved for trial by jury.

Monroe, Louisiana, this 11th day of August, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE