IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MICHAEL L. McGINLEY AND S.C. PRODUCTS, INC.,<br><br>             Plaintiffs,<br><br>vs.<br><br>LUV N' CARE, LTD, ADMAR INTERNATIONAL, INC., BAYOU GRAPHICS & DESIGN, LLC, BUYBABYDIRECT, LLC, CONTROL SERVICES, INC., AND HHHII, LLC,<br><br>             Defendants. | Case No. 3:17-CV-00821<br><br>Judge Terry A. Doughty<br><br>Magistrate Judge Kayla D. McCluskey<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT**

Plaintiffs Michael L. McGinley, individually and as the assignee of Brian Lau, and S.C. Products, Inc. state the following for their second amended complaint against the above-named defendants:

1.     Plaintiff Michael L. McGinley ("McGinley") is an individual residing in Prairie Village, Kansas.

2.     Plaintiff S.C. Products, Inc. ("SCP") is a Missouri corporation with its principal place of business in Kansas City, Jackson County, Missouri.  SCP is in good standing with the Missouri Secretary of State.

3.     Defendant Luv n' care, Ltd. ("Luv n' care") is a limited liability company organized under the laws of Louisiana with its principal place of business at 3030 Aurora, Monroe, Ouachita Parish, Louisiana.

4.     Defendant Admar International, Inc. ("Admar") is a corporation organized under the laws of Delaware with its principal place of business at 3030 Aurora, Monroe, Ouachita Parish,

Louisiana.

5.      Defendant Bayou Graphics & Design, LLC. ("Bayou") is a limited liability company organized under the laws of Louisiana with its principal place of business at 3030 Aurora, Monroe, Ouachita Parish, Louisiana.

6.      Defendant BuyBabyDirect, LLC ("BBD") is a limited liability company organized under the laws of Louisiana with its principal place of business at 3030 Aurora, Monroe, Ouachita Parish, Louisiana.

7.      Defendant Control Services, Inc. ("Control") is a limited liability company organized under the laws of Louisiana with its principal place of business at 3030 Aurora, Monroe, Ouachita Parish, Louisiana.

8.      Defendant HHHII, LLC ("HHH") is a limited liability company organized under the laws of Florida with its principal place of business at 2305 NW 107th Avenue, Suite 44, Doral, FL 33172.

9.      Defendants Luv n' care, Admar, Bayou, BBD, Control, and HHH are each subject to the jurisdiction of the Court in that each has a continuous and systematic presence in and/or substantial contacts with the state of Louisiana and/or has transacted business, supplied services, committed tortious acts in the state of Louisiana and/or, together with any one or more of the other defendants named herein, operated as a single business enterprise with respect to Luv n' care's operations.

10.     The Court has original and exclusive jurisdiction over the subject matter in that Plaintiffs' claims arise under the United States Patent Laws, 35 U.S.C. §§ 1 et seq.  The Court has supplemental jurisdiction over Plaintiffs' additional claims under 28 U.S.C. § 1367 because the claims are related to the issues over which original jurisdiction is conferred and are part of the same

controversy.

## GENERAL ALLEGATIONS

11.     On October 28, 2008, the United States Patent Office duly and legally issued United States Letters Patent No. 7,441,675 (the "'675 patent") to McGinley and Brian Lau for an invention in a flexible panel pitcher device.  A true and accurate copy of the '675 patent as issued is attached hereto as Exhibit 1.

12.     On July 20, 2010, the United States Patent Office duly and legally issued United States Letters Patent No. 7,757,895 (the "'895 patent") to McGinley and Brian Lau for an invention in a flexible panel pitcher device.  A true and accurate copy of the '895 patent as issued is attached hereto as Exhibit 2.

13.     On January 28, 2014, the United States Patent Office duly and legally issued United States Letters Patent No. 8,636,178 (the "'178 patent") to McGinley and Lau for an invention in a flexible panel pitcher device.  A true and accurate copy of the '178 patent as issued is attached hereto as Exhibit 3.

14.     In February 2004, prior to the issuance of the '675, '895 and '178 patents, Brian Lau, for good and valuable consideration, voluntarily sold, assigned, transferred and conveyed to McGinley, among other things, all of his right, title and interest in and to the flexible panel pitcher inventions and what became the '675, '895 and '178 Patents pursuant to a written assignment agreement.

15.     On August 7, 2017, the United States Patent and Trademark Office granted the Petition to Correct Inventorship filed by Brian Lau and McGinley pursuant to 37 C.F.R. 1.324 and removed Lau as an inventor of the flexible panel pitcher inventions protected by the '178 patent. Genuine copies of the Certificate of Correction and corresponding PTO communication are attached

as Exhibit 4.

16.     McGinley is, and has been continuously since October 28, 2008, the owner of the '675 patent.

17.     McGinley is, and has been continuously since July 20, 2010, the owner of the '895 patent.

18.     McGinley is, and has been continuously since January 28, 2014, the owner of the '178 Patent.

19.     SCP holds, and at all relevant times has held, an exclusive license to sell the inventions set out in the '675, '895 and '178 patents (hereinafter referred to collectively as the "Rinse Cup Patents").

20.     SCP actively markets and sells (and at all relevant times has actively marketed and sold) commercial embodiments of the Rinse Cup Patents inventions including the *"Shampoo Rinse Cup."*

## COUNT I
### (Patent Infringement –Luv n' care)

21.     The preceding paragraphs of this complaint are restated and incorporated into this count.

22.     Luv n' care markets, offers to sell, sells, supplies and facilitates the sale of numerous Nuby-branded products, including the *Nuby Tear Free Rinse Pail*, domestically and internationally.

23.     Upon information and belief, Defendant Admar is the purported owner and licensor of the "Nuby" mark.

24.     Pursuant to certain "Contracts" executed by Nouri Edward Hakim and Joseph Hakim on behalf of Admar and Luv n' care, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████.

25.     Defendant Luv n' care has infringed and continues to infringe claims 1, 2 and/or 4 and/or 6, 7, and/or 9 of the '178 patent, literally or pursuant to the doctrine of equivalents, by importing into the United States and/or by making, using, offering to sell or selling a flexible panel rinse cup that embodies the inventions in the '178 patent, including the product that Luv n' care marketed and sold and to this day continues to import, market and sell as the *Nuby [Tear Free] Rinse Pail.*

26.     To the best of Plaintiffs' knowledge, Defendant Luv n' care has to date imported and made, used, offered to sell and/or sold at least two versions of the "*Nuby Tear Free Rinse Pail,*" to wit: (a) the original version of the "*Nuby Tear Free Rinse Pail,*" which Luv n' care apparently first began importing into and using, offering to sell and selling in and from within the United States in late 2011 or early 2012; and (b) a "redesigned" version of the original "*Nuby Tear Free Rinse Pail,*" product which the business records of Luv n' care show Luv n' care first engineered in late 2018 or 2019.

27.     To the best of Plaintiffs' knowledge and based on its business records, as of September 2021, Defendant Luv n' care was still only importing the original *Nuby Tear Free Rinse Pail* into the

U.S.

28.    To the best of Plaintiffs' knowledge, and based on the business records, declarations and discovery responses Defendants have produced and provided to date, Defendant Luv n' care did not begin to import and sell the redesigned *Nuby Tear Free Rinse Pail* until sometime in or after June 2022.

29.    Defendants have marketed and sold both versions of the *Nuby Tear Free Rinse Pail* in various colors.

30.    A true and accurate depiction of the original *Nuby Tear Free Rinse Pail* is attached as Exhibit 5. A true and accurate depiction of the redesigned *Nuby [Tear Free] Rinse Pail* is attached as Exhibit 6.

31.    As of today, both the original and redesigned *Nuby Tear Free Rinse Pail* are still being offered for sale on the shelves of retailers such as Walmart and via Amazon.com and other online retailers.

32.    At all relevant times, Defendants have imported, made, offered to sell and/or sold the original and redesigned *Nuby Tear Free Rinse* Pail using the same item number(s) and product identifiers.

33.    The manufacturing, importation, shipping, inventory, sales and other accounting and business records of Luv n' care's do not distinguish between the original and redesigned *Nuby Tear Free Rinse Pail*.

34.    Luv n' care has deliberately failed to track or otherwise account for the manufacture, importation, shipment, inventory, and sales of the redesigned *Nuby Tear Free Rinse Pail* separately from the original *Nuby Tear Free Rinse Pail* to complicate this lawsuit and intentionally interfere with and thwart the infringement damages and other relief to which Plaintiffs are entitled under applicable

6

law.

35.     Luv n' care has actively induced and caused its manufacturers, retail customers and distributors to infringe the '178 patent by supplying them with both the original and redesigned *Nuby Tear Free Rinse Pail*, each version of the product being a flexible panel rinse cup embodying each of the limitations recited in claims 1, 2 and/or 4 and/or 6, 7, and/or 9 of the '178 patent, knowing that the manufacturers, customers and distributors intended to and would in fact use, offer to sell and sell the product.

36.     By letter dated April 1, 2014, Plaintiffs formally notified Luv n' care of the Rinse Cup Patents and demanded that Luv n' care immediately cease and desist from further infringing the '178 patent.

37.     After delaying Plaintiffs, Luv n' care willfully rejected Plaintiffs' notice and demand and Plaintiffs' efforts to enforce and protect their exclusive rights in and with respect to the '178 patent.

38.     At and before the time of its infringement of the '178 patent, Luv n' care had actual notice and knowledge of the '178 patent and Plaintiffs' published patent applications and rinse cup products and despite such actual notice and knowledge of the same, Luv n' care imported into the U.S. and/or made, used, offered to sell and/or sold the flexible panel rinse cup product described above.

39.     The infringement of the '178 patent by Luv n' care was and continues to be knowing, deliberate and willful in that Luv n' care made a deliberate choice to import into the United States, and/or to make, use, offer to sell and/or sell both the original and redesigned *Nuby Tear Free Rinse Pail*, each version of the product being a flexible panel rinse cup embodying each of the limitations recited in claims 1, 2 and/or 4 and/or 6, 7, and/or 9 of the '178 patent, and to continue to do so,

notwithstanding its actual notice and knowledge of the '178 patent and Plaintiffs' published patent applications, products and demands.

40.     As a direct result of Luv n' care's infringement of the '178 patent, Plaintiffs sustained damages in amounts that have yet to be determined, but which include, without limitation, lost profits and other compensation to which Plaintiffs are entitled as damages as a matter of federal law. Plaintiffs further believe that they will continue to sustain significant damages unless Luv n' care and Walmart.com, ALDI, Meijer and the other retailers to which Luv n' care continues to sell and deliver its infringing product, are preliminarily and permanently enjoined from further infringing the '178 Patent.

41.     Because Luv n' care's infringement was willful, Plaintiffs are entitled to an award of increased damages pursuant to 35 U.S.C. § 284.

42.     This case is exceptional under 35 U.S.C. § 285, entitling Plaintiffs to the recovery of reasonable attorneys' fees and costs.

WHEREFORE Plaintiffs respectfully pray that the Court enter a judgment against Defendant Luv n' care:

(a)     Declaring that the '178 patent is not invalid and that Luv n' care has infringed the '178 patent;

(b)     Preliminarily and permanently enjoining Luv n' care, and any persons to which Luv n' care sells or delivers infringing products, from further infringing the '178 patent;

(c)     Requiring Luv n' care, at its own expense, to provide an accounting of all actionable and infringing acts and all revenue earned and/or received as a result of said actionable and infringing acts and awarding Plaintiffs such damages as are necessary

8

to compensate Plaintiffs for the infringement of the '178 patent arising from the original and redesigned *Nuby Tear Free Rinse Pail*, and Plaintiffs' related rights, including but not limited to interest, which in no event should be less than a reasonable royalty for the uses and sales made of the patented inventions;

(d)     Awarding Plaintiffs enhanced damages to the maximum extent allowed by law based on Luv n' care's conduct, including the deliberate and willful infringement of the patented invention;

(e)     Awarding Plaintiffs reasonable attorneys' fees and litigation expenses, together with costs and such other and further relief as the Court deems proper and just.

**COUNT II**
**(Patent Infringement – BBD)**

43.     The preceding paragraphs of this complaint are restated and incorporated into this count.

44.     BBD has infringed and continues to infringe the '178 patent, literally or pursuant to the doctrine of equivalents, by using, offering to sell or selling the original and/or redesigned *Nuby Tear Free Rinse Pail*.

45.     Defendant BBD received notice of the Rinse Cup Patents through Plaintiffs' written notice to Luv n' care and of Plaintiffs' demand that the infringement of the '178 patent immediately cease.

46.     At and before the time of infringement, BBD had actual notice and knowledge of the '178 patent and Plaintiffs' published patent applications and rinse cup products and, despite such actual notice and knowledge of the same, BBD used, offered to sell and sold the "*Nuby Tear Free Rinse Pail*."

47.     The infringement of the '178 patent by Defendant BBD was and continues to be

knowing, deliberate and willful in that Defendant BBD made a deliberate choice to use, offer to sell and/or sell a flexible panel rinse cup product embodying the inventions in the '178 patent, and to continue to do so, notwithstanding its actual notice and knowledge of the '178 patent and Plaintiffs' rights, products and demands.

48.    As a direct result of the infringement of the '178 patent by Defendant BBD, Plaintiffs sustained damages in amounts that have yet to be determined, but which include, without limitation, lost profits and other compensation to which Plaintiffs are entitled as damages as a matter of federal law.  Plaintiffs further believe that they will continue to sustain significant damages unless Defendant BBD is preliminarily and permanently enjoined from further infringing the '178 Patent as alleged herein.

49.    Because BBD's infringement was willful, Plaintiffs are entitled to an award of increased damages pursuant to 35 U.S.C. § 284.

50.    This case is exceptional under 35 U.S.C. § 285, entitling Plaintiffs to the recovery of reasonable attorneys' fees and costs.

WHEREFORE Plaintiffs respectfully pray that the Court enter a judgment against Defendant BBD:

(a)    Declaring that the '178 patent is not invalid and that BBD has infringed the '178 patent;

(b)    Preliminarily and permanently enjoining Defendant BBD and any persons to which BBD sells or delivers infringing products, from further infringing the '178 patent;

(c)    Requiring Defendant BBD, at its own expense, to provide an accounting of all actionable and infringing acts and all revenue earned and/or received as

a result of said actionable and infringing acts and awarding Plaintiffs such damages as are necessary to compensate Plaintiffs for the infringement arising from the original and redesigned *Nuby Tear Free Rinse Pail*, and Plaintiffs' related rights, including but not limited to interest, which in no event should be less than a reasonable royalty for the uses and sales BBD made of the patented inventions;

(d)    Awarding Plaintiffs enhanced damages to the maximum extent allowed by law based on the conduct of BBD, including the deliberate and willful infringement of the patented invention;

(e)    Awarding Plaintiffs reasonable attorneys' fees and litigation expenses, together with costs and such other and further relief as the Court deems proper and just.

## COUNT III
### (Single Business Enterprise/Alter Ego)

51.    The preceding paragraphs of this complaint are restated and incorporated into this count.

52.    The ownership, control, administration, business operations, property, finances, employees, contracts, arrangements and dealings of Defendants Luv n' care, Admar, BBD, Control, Bayou and/or HHH (collectively the "Hakim-Controlled Companies") are, and were at all relevant times, such that the Hakim-Controlled Companies constitute a "single business enterprise," and/or the alter egos of each other, as is particularly but not exclusively shown by the following:

(a)    ████████████████████████████████████████
       ████████████████████████████████████████
       ██████

(b)    ████████████████████████████████████████
       ████████████████████████████████

11

(c)

(d)

(e) the Hakim-Controlled Companies share the same office at 3030 Aurora, Monroe, Louisiana;

(f)

(g)

(h)

(i)

(j) ;

(k)

(l)

(m)

53.    The Hakim-Controlled Companies, through their common principals, including Nouri Edward Hakim and Joseph Hakim, deliberately fragmented the operations of Luv n' care in part to evade U.S. Patent Law, including 35 U.S.C. § 271, by attempting to deceptively and unlawfully

12

immunize or exempt the income and profits generated from the sale and distribution of Luv n' care's products internationally, including the original and redesigned *Nuby Tear Free Rinse Pail*, by: (a) mischaracterizing the transactions giving rise to the income and profits as entirely "international" and beyond the scope and territorial limits of U.S. Patent Law, when in fact the income and profits resulted and arose from uses, sales and activities occurring "within the United States"; and (b) diverting or funneling the income and profits generated from such domestically-originated transactions and sales of Luv n' care's products to Admar, HHH and/or one or more foreign affiliates of Luv n' care and the other Hakim-Controlled Companies, thereby maintaining access to and control of said income and profits as the owners of Admar, HHH and the affiliated foreign entities, for use in the operation of Luv n' care and for personal gain.

54. The fragmentation of the Hakim-Controlled Companies is excessive, inequitable and such that the allegedly separate identities of the Hakim-Controlled Companies should be disregarded.

55. Adherence to the fiction of the individual identities of Luv n' care, Admar, Bayou, BBD, Control and HHH as separate and distinct entities will result in an abuse of the corporate privilege.

56. Plaintiffs alternatively allege that the contracts, arrangements, dealings and relationships between and among the Hakim-Controlled Companies as described above are and were such that the Hakim-Controlled Companies are and have been engaged in a joint venture and common enterprise such that they are jointly and severally responsible for the actions and conduct of each other.

57. Plaintiffs have no adequate remedy at law, and thus, the equitable relief they seek is appropriate.

13

WHEREFORE, Plaintiffs respectfully pray that the Court enter a judgment holding Defendants Luv n' care, Admar, Bayou, BBD, Control and HHH, jointly and severally liable for the unlawful acts of each other in the operation of Luv n' care, including the infringement of the '178 patent as alleged herein, and any injunctive, compensatory and/or other relief awarded to Plaintiffs, including any and all awards of compensation, damages, enhanced damages, attorneys' fees, expenses and costs, and granting Plaintiffs such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury in the above-captioned civil action on all issues so triable.

Dated: March 8, 2023                           Respectfully submitted,

                                               WALTERS RENWICK RICHARDS
                                               SKEENS &. VAUGHAN, P.C.

                                               By ____/s/ *Kip D. Richards*____
                                                   Kip D. Richards – Mo #39743
                                                   Michael B. Sichter – Mo #64154
                                                   1100 Main Street, Suite 2500
                                                   Kansas City, MO 64105
                                                   (816) 421-6620
                                                   (816) 421-4747 (Facsimile)
                                                   krichards@wrrsvlaw.com
                                                   msichter@wrrsvlaw.com


                                               HUDSON, POTTS & BERNSTEIN, L.L.P.
                                                   P.O. Drawer 3008
                                                   Monroe, Louisiana 71210-3008
                                                   (318) 388-4400

                                               By:  */s/ /J.P. Christiansen*____
                                                   Jan P. Christiansen
                                                   Bar Roll No. 20142

                                               ATTORNEYS FOR PLAINTIFFS

14

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Louisiana, Monroe Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this 8th day of March 2023.

*/s/ Kip D. Richards*

15