UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### RULING ON MOTION TO STRIKE OR DISMISS NON-RESPONSIVE AND UNTIMELY ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Pending before the Court is the Motion to Strike or Dismiss Non-responsive and Untimely Allegations, Affirmative Defenses and Counterclaims [Doc. No. 414] filed by Plaintiffs Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs"). Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants") filed a Corrected Opposition [Doc. No. 422], and Plaintiffs filed a Reply [Doc. No. 419]. The matter is fully briefed.

Also before the Court is Defendants' Suggestion of Mootness Regarding Plaintiffs' Pending Motions (Doc. Nos. 299 & 302) Following Reopening of the Pleadings [Doc. No. 405]. Plaintiffs filed a Response [Doc. No. 407], and Defendants filed a Reply [Doc. No. 409]. The matter is fully briefed.

The Court is now prepared to rule on the motion and provide direction regarding the suggestion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

As discussed in Plaintiffs' Opening Brief, this case has a long and complex procedural

history. [Doc. No. 414-1 at 6-11].[1] Plaintiffs filed this patent infringement lawsuit against Defendant Luv n' care, Ltd ("LNC") in March 2016. [Doc. No. 1]. Plaintiffs were later granted leave to amend their original complaint to join five additional entities related to LNC as defendants in the case, and to assert an additional claim against LNC and the new defendants in July 2018. [Doc. No. 108]. Plaintiffs filed their Amended Complaint on July 27, 2018. [Doc. No. 109]. On August 20, 2018, Defendants filed their Answer to Amended Complaint, Affirmative Defenses and Counterclaims ("Answer to FAC")[2]. [Doc. No. 112]. Plaintiffs contend that "[d]iscovery in this case – before and after August 2018 – has been costly and extensive." [Doc. No. 414-1 at 8]. In support, Plaintiffs state the following:

> Multiple depositions have been taken. Hundreds of thousands of pages of documents and numerous tangible exhibits have been produced. Multiple sets of interrogatories and have been served answered and supplemented multiple times. Multiple discovery motions have been filed. Multiple motions for summary judgment have been filed and decided. Multiple Scheduling Orders and have entered and amended.

*Id.*

The case was set for trial on May 13, 2019. [Doc. No. 165]. The trial date was continued on April 10, 2019 based on the parties' pending summary judgment motions. [Doc. No. 222]. The Court denied summary judgment on the issue of patent validity [Doc. No. 235], and granted summary judgment of non-infringement in favor of Defendants [Doc. No. 237]. Cross-appeals

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

[2] "FAC" refers to Plaintiffs' First Amended Complaint [Doc. No. 109], and "Answer to FAC" refers to Defendants' Answer to First Amended Complaint, Affirmative Defenses and Counterclaims [Doc. No. 112]. "SAC" refers to Plaintiffs' Second Amended Complaint [Doc. No. 391] (redacted version), and "Answer to SAC" refers to Defendants' Answer to Second Amended Complaint, Affirmative Defenses and Counterclaims [Doc. No. 401].

were filed in July 2019 and the case was remanded in July 2020. [Doc. No. 259]. Another round of summary judgments were filed in October 2020 and denied in August 2021. [Doc. No. 284, 285]. The Court entered a new Scheduling Order on January 27, 2022, and set the case for trial on March 6, 2023. [Doc. No. 291].

Plaintiffs contend that "[a]dditional and supplemental discovery ensued. Experts were designated and redesignated. The deadlines for discovery and designating and deposing expert witnesses expired in December 2022, and in January and March for some exempted depositions." [Doc. No. 414-1 at 7]. Plaintiffs further note that the deadline for filing limine motions expired in January 2023. On January 10, 2023, the Court continued the trial date. [Doc. No. 337]. The trial was reset for September 5, 2023, and then continued to September 18, 2023 on Defendants' motion. The final pretrial conference is scheduled for July 20, 2023. Plaintiffs note that motion practice continues.

Plaintiffs argue that the matter before the Court arises from Defendants' decision to redesign the accused product, the Nuby Tear Free Rinse Pail (NTFRP).[3] On February 24, 2023, the Court denied Defendants' Motion to Exclude the New Rinse Pail Design as MOOT. [Doc. No. 388]. The Court noted that "Defendants no longer oppose Plaintiffs amending their complaint *to assert specific infringement allegations regarding the New NTFRP*." *Id.* at 2 (emphasis added). The Court ruled that "Plaintiffs are granted leave to amend their complaint *for this limited purpose*." *Id.* (emphasis added).

On March 8, 2023, Plaintiffs filed their Second Amended Complaint ("SAC") against Defendants. [Doc. No. 391, 403]. Plaintiffs amended the existing allegations "to assert specific

---

[3] Plaintiffs provide several statements and allegations related to the redesigned accused product that the Court cannot adequately address at this point. [Doc. No. 414-1 at 7-9; 419 at 2].

infringement allegations regarding the new NTFRP." Specifically, Plaintiffs clarified that there were two versions of the accused NTFRP, and asserted that the new (redesigned) NTFRP falls within the scope of Plaintiffs' existing claims. Plaintiffs did not join any new parties or assert any additional theories, claim, or causes of action. The issue before the Court is whether Defendants have an unfettered right to alter the Answer to FAC to assert whatever additional defenses and counterclaims they desire. The answer is that they do not.

## II.     LAW AND ANALYSIS

### A.  Applicable Standard

A number of district courts within the Fifth Circuit and Middle and Easter Districts of Louisiana apply a "moderate approach" when a plaintiff is granted leave to make a limited amendment to a complaint. *See, e.g., Panoceanis Mar., Inc. v. M/V Eula B. Devall*, No. 11-2739, 2013 U.S. Dist. LEXIS 8971, at *7-9 (E.D. La. Jan. 23, 2013) ("The Court finds the moderate approach, which is also the most predominate approach in the case literature, persuasive here."). Under the "moderate approach," the defendant without leave may only assert a defense or counterclaim in response to the amended complaint when the amended allegations change "the theory or scope of the case," and then, only when the "breadth of the changes" in the responsive pleading "reflect the breadth of the changes in the amended complaint.'" *Id.* at *7 (quoting *Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446 (E.D. Va. 2005)). The district court in *Panoceanis* explained the reason for the rule:

> If every amendment, no matter how minor or substantive … allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation.

*Id.* at *9 (quoting *E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y.2002));

*Entergy Gulf States La., LLC v. La. Generating, LLC*, No. 14-385-SDD-RLB, 2021 U.S. Dist. LEXIS 65424, at *6 (M.D. La. Mar. 1, 2021) (finding "significant merit in the Southern District of New York's statement"). The requirements to justify any new defenses or counterclaims in a long-pending matter are especially stringent. *Entergy*, 2021 U.S. Dist. LEXIS 65424, at *7 (noting that in an "almost seven year- old case, stronger justification [] must be required to raise new claims"). Given the long and complex procedural history of this case, the Court finds that the "moderate approach" is required.

Accordingly, Defendants' altered or newly asserted defenses and counterclaims in the Answer to SAC will remain a part of the case *only if and to the extent* that they "reflect the breadth of the changes in the amended complaint." *Panoceanis*, 2013 U.S. Dist. LEXIS 8971, at *7; *see also Entergy*, 2021 U.S. Dist. LEXIS 65424, at *6 (requiring a "nexus" between the amended allegations of the complaint and the newly raised counterclaims). Any newly asserted defenses and counterclaims that do not "relate to any new allegations or theories pleaded in" the amended complaint will be stricken or dismissed. *Entergy*, 2021 U.S. Dist. LEXIS 65424, at *7; *Panoceanis*, 2013 U.S. Dist. LEXIS 8971, *11 (holding that the defendant was "not entitled to raise additional claims that it wholly failed to raise when sued or to expand the scope of this case without permission from the Court").

Federal Rules of Civil Procedure 12(f) and 12(b)(6) are the rules through which non-responsive defenses and counterclaims may be removed from a case. For example, in *Entergy* the Middle District held that counterclaims could be dismissed under Rules 12(f) and/or 12(b)(6), noting that in an "almost seven-year-old case, stronger justification [] must be required to raise new claims." *Entergy* , 2021 U.S. Dist. LEXIS 65424, at *7. Rule 12(f) permits the Court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or

Page 5 of 17

scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(b)(6) authorizes the Court to dismiss any pleading that fails to state claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The district court of Louisiana have utilized both rules in deciding issues similar to those presented here.

In *U.S. Securities & Exchange Commission v. Breland*, the court struck multiple affirmative defenses asserted in an answer as insufficient as a matter law under Rule 12(f) or redundant. *Breland*, No. 3:22-01470, 2022 U.S. Dist. LEXIS 230902, at *5 (W.D. La. Dec. 6, 2022). The Eastern District dismissed a newly asserted and nonresponsive counterclaim in *Panoceanis* pursuant to Rule 12(b)(6). The court found that the counterclaim failed to state a claim because it was untimely. *Panoceanis*, 2013 U.S. Dist. LEXIS 8971, at *6. Finally, although "[m]otions to strike are disfavored and infrequently granted," and are generally in appropriate when the defense or other matter that is the subject of the motion depends on a disputed issue of fact or disputed and substantial question of law, there are instances where a motion to strike is properly granted. *See, e.g., Entergy*, 2021 U.S. Dist. LEXIS 65424, at *7.

### B. Analysis

Defendants' Answer to SAC goes beyond responding to the amended allegations Plaintiffs were allowed to make to identify the redesigned NTFRP. Allowing it to stand as filed would substantially and unfairly prejudice Plaintiffs at this late juncture in the case. Contrary to Defendants' suggestion, Plaintiffs' limited amendments did not precipitate a wholesale "reopening of the pleadings." [Doc. No. 405 at 1, 6]. To be clear, Defendants do not have an unfettered right to alter their Answer to FAC asserting whatever additional defenses and counterclaims they desire.

Moreover, Plaintiffs' narrow amendment of the FAC, which asserted specific infringement allegations regarding the redesigned NTFRP already at issue in this case, does not change

Plaintiffs' claims or expand the theory of their case. Plaintiffs' SAC does not seek to join any new parties or assert any additional theories, claims, or causes of action. Instead, Plaintiffs limited the amendments to only identifying the recently introduced new or redesigned NTFRP to their existing infringement claims. The Court agrees with Plaintiffs that the breadth of the amendments was slight. As result, the "breadth of changes" presented by the SAC is narrow, and Defendants are properly limited to a corresponding response.

As discussed above, this approach is consistent with the decisions of the Eastern and Middle Districts of Louisiana in *Panoceanis* and *Entergy*, in which the courts ruled that the defendants' counterclaims filed in response to an amended complaint did not "reflect the change in theory or scope of the amended complaint." *Panoceanis,* 2013 U.S. Dist. LEXIS 8971, at *9-11 (stating that the amended complaint added a new plaintiff in response to a court order but "did not add any new claims nor did it expand the simple scope or theory of the case" such that a new counterclaim could be filed in response without leave of court); *Entergy*, 2021 U.S. Dist. LEXIS 65424, at *7 (finding that the amended complaint only added allegations of unjust enrichment, thus defendants' counterclaims were stricken and dismissed as they did not "relate to any new allegations or theories pleaded in" the amended complaint and were "in substance, an amendment to [defendant's previous] answer").

The Fifth Circuit cases cited by Defendants regarding the effect of amending an original pleading do not preclude the application of the moderate approach to strike portions of Defendants' Answer to SAC. [Doc. No. 422 at 12-13, 15]. None of the cases involved the permissible scope of a response to an amended complaint under Rule 15, which is the issue here. *King v. Dogan*, 31 F.3d 344 (5th Cir. 1994) states the general rule that an amended complaint ordinarily supersedes the original complaint. *Id.* at 346 (looking to the amended complaint rather than the original

complaint in assessing federal question jurisdiction).

Defendants' remaining two cases are similarly distinguishable and inapposite. *See New Orleans Assoc. of Cemetery Tour Guides and Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (dismissing an appeal stemming from first amended complaint after the filing of a second amended complaint); *see also Borel v. U.S. Cas. Co.*, 233 F.2d 385, 387 (5th Cir. 1956) (after defendant moved to amend answer after taking plaintiff's deposition, filing of the amended answer superseded the original answer). With this background, the Court turns to the specific disputed amendments presented in Defendants' Answer to SAC.

### i. Defendants' Answer to Paragraph 22 of Second Amended Complaint and Defendants' Fifteenth Affirmative Defense are Stricken.

Defendants changed their response to the allegation made in paragraph 22 without explanation, and did so without seeking leave from the Court. Similarly, Defendants added a new Fifteenth Affirmative Defense, which states:

> Plaintiffs are precluded from recovering any patent damages for extraterritorial sales of the accused products outside of the United States and its Territories as outside the permissible scope and reach of 35 USC § 271(a))

[Doc. No. 401 at 14].

The parties do not dispute that the allegation Plaintiffs made in paragraph 22 of the First Amended Complaint is identical to paragraph 22 of Second Amended Complaint. Plaintiffs continue to allege that "Luv n' care markets, offers to sell, sells, supplies and facilitates the sale of numerous Nuby-branded products, including the Nuby Tear Free Rinse Pail, domestically and internationally." [Doc. No 391 at ¶22]. Defendants argue that "[h]aving been presented with the opportunity to answer ¶ 22 again, LNC relied on the additional knowledge it has acquired and responded consistent with how this action has evolved." [Doc. No. 22 at 18]. Contrary to

Defendants' contention, the issue is not whether Plaintiffs' SAC supersedes the FAC and is now the operative complaint. [Doc. No. 422 at 15]. Instead, the issue is whether Defendants' Answer to SAC impermissibly goes beyond the breadth of the changes presented by Plaintiffs' SAC.

Defendants were not granted, and did not seek leave of Court, to "answer ¶ 22 again," or assert a new affirmative defense. To allow Defendants to alter their response to the unchanged allegations of the First Amended Complaint would substantially and unfairly prejudice Plaintiffs. The deadlines for completing discovery and designating experts is closed. The case is set for trial this September. Accordingly, Plaintiffs' request is GRANTED. The Court strikes Defendants' altered answer in paragraph 22, and reinstates the prior answer to paragraph 22. Defendants' Fifteenth Affirmative Defense is stricken from their Answer to Second Amended Complaint.

### ii. *Defendants' Second Affirmative Defense is Stricken*

In the Answer to SAC, Defendants added a Second Affirmative Defense stating that Second Amended Complaint fails to join certain unnamed "indispensable parties." The Court generally agrees with Defendants that Plaintiffs bear the burden of proving that the foreign sales of the NTFRP fall with the ambit of the specific acts of infringement identified in § 271(a). [Doc. No. 422 at 19]. However, to the extent that Defendants did not previously assert or provide fair notice of the "indispensable parties" defense, it would be highly prejudicial to allow them to do so now for the first time in the Answer to SAC. To be clear, the Court is not finding that Defendants waived the defense, but instead is precluding Defendants from relying on their Answer to SAC as the basis that Plaintiffs had fair notice of the defense. Accordingly, Plaintiffs' request is GRANTED. Defendants' Second Affirmative Defense is stricken from their Answer to Second Amended Complaint.

### iii. *Defendants' Fourth Affirmative Defense is Stricken*

Defendants do not contest striking the Fourth Affirmative Defense as redundant, "[s]ubject to Plaintiffs' confirming that their prior representations made in successfully [opposing] LNC's previous summary judgment seeking to dismiss Count III of the FAC remain valid for Count III of the SAC." [Doc. No. 422 at 31]. Plaintiffs confirm those representations [Doc. No. 142, at 3], subject to the claims asserted against Defendants LNC, BBD, Admar, BGD, CS, and HHHII as stated in the SAC, Count III. [Doc. No. 419 at 6]. Accordingly, given the parties' agreement, Plaintiffs' request is GRANTED. Defendants' Fourth Affirmative Defense is stricken from their Answer to Second Amended Complaint.

### iv. *Defendants' Sixth Affirmative Defense and Fifth Counterclaim Count are Stricken.*

Plaintiffs argue that Defendants' Sixth Affirmative Defense and Fifth Counterclaim Count are new to the case. [Doc. No. 414-1 at 18]. Plaintiffs contend that for the first time since the action was filed in 2016, Defendants seek to assert that the '178 Patent "is invalid under 35 U.S.C. § 112, ¶2 (Pre-AIA) for failing to conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as the invention." *Id.* at 18-19 (citing Doc. 401 at 10). Plaintiffs further argue that Defendants correspondingly seek a declaratory judgment to the same end based on § 112, ¶2 (Pre-AIA) in their Fifth Counterclaim Count. *Id.* at 19 (citing Doc. No. 401 at 33-35).

Defendants argue that in responding to SAC, they are permitted to cure allegedly existing defects in its prior pleading that have come to light since the filing of their Answer to FAC. [Doc. No. 422 at 22]. Defendants are incorrect. The issue is not whether Plaintiffs' SAC supersedes FAC and is now the operative complaint, as Defendants contend. *Id.* Instead, the issue is whether Defendants' Answer to SAC impermissibly goes beyond the breadth of the changes presented by Plaintiffs' SAC. Here, the Court finds that it does and that the Sixth Affirmative Defense and Fifth

Counterclaim lack a nexus to "the breadth of the changes in the amended complaint." *Panoceanis,* 2013 U.S. Dist. LEXIS 8971, at *7. However, this ruling is not a finding that Defendants waived the defense, but instead is precluding Defendants from relying on their Answer to SAC as the basis for fair notice of the defense at this stage in the case.[4] Accordingly, Plaintiffs' request is GRANTED. Defendants' Sixth Affirmative Defense and Fifth Counterclaim Count are stricken from their Answer to Second Amended Complaint.

> v. ***Defendants' Seventh Affirmative Defense and Third Counterclaim Count will not be Stricken.***

Plaintiffs acknowledge that Defendants' Third Counterclaim in the Answer to SAC is limited solely to the redesigned NTFRP. [Doc. No. 419 at 7]. Accordingly, Plaintiffs' requests to dismiss the Third Counterclaim is DENIED.

Plaintiffs argue that Defendants' Seventh Affirmative Defense is not limited to the redesigned NTFRP, and should be stricken. *Id.* at 7-8. In the alternative, Plaintiffs request the Court enter a Ruling and Order holding that any issue concerning the purported invalidity of the '178 Patent as asserted in Defendants' Seventh Affirmative Defense and Third Counterclaim Count is limited solely to the redesigned NTFRP and does not apply to the original version of the NTFRP. *Id.* at 8.

Defendants argue that their Seventh Affirmative Defense and Third Counterclaim allege that the '178 Patent is invalid as anticipated under 35 U.S.C. § 102(b) (Pre-AIA) based upon prior art U.S. Patent No. 4,756,439 (the "Perock Patent"). [Doc. No. 422 at 23]. Defendants contend that Plaintiffs' narrowing amendment and accompanying remarks fall under the doctrine of

---

[4] The Court's ruling does not resolve or decide Plaintiffs' Motion to Exclude Testimony of Defendants' Experts and Other Evidence in Support of Unpleaded Affirmative Defense (Doc. 299), which argues that Defendants are barred from asserting this defense.

prosecution disclaimer upon which the public (including competitors) are entitled to rely. *Id.* at 23 (citng *Hockerson-Halberstadt, Inc. v. Avia Grp. Int/l, Inc.*, 222 F.3d 951, 957 (Fed. Cir. 2000)). Defendants further argue that since Plaintiffs disclosed its claim of infringement by the redesigned NTFRP with the November 18, 2022 submission of the Supplemental Report of Michael L. McGinley [Doc. No. 381-1](under seal), the anticipation issue is already the subject of extensive briefing. The most recent being Defendants' Response Brief on Claim Construction [Doc. No. 417]. *Id.* at 24. Defendants contend that how the Court construes the claim limitation "generally smooth inward surface for unobstructed fluid flow" in independent Claims 1 and 7 of the '178 Patent as a matter of law bears directly on Defendants' anticipation defense under 35 U.S.C. § 102(b) (Pre-AIA). *Id.* The Court agrees with Defendants. Accordingly, Plaintiffs' requests to dismiss the Seventh Affirmative Defense is DENIED.

>     ***vi.     Defendants' Eighth Affirmative Defense will not be Stricken.***

Plaintiffs do not object to Defendants' affirmative defense of prosecution history estoppel, but ask the Court to strike the other defenses contained in Defendants' Eight Affirmative Defense, namely, the "doctrine of claim vitiation also known as the "All-Limitations" Rule, and ensnarement of the prior art." [Doc. No. 419 at 8]. Plaintiffs argue that the defenses of "the doctrine of claim vitiation also known as the 'All-Limitations' Rule,' and 'ensnarement of the prior art' should be either stricken or modified to clarify that Defendants are not asserting the defenses as to the original NTFRP." *Id.*

Defendants respond that Plaintiffs' claim that "Defendants will undoubtedly seek to raise the defense as to both the original and redesigned NTFRP," is "not accurate." [Doc. No. 422 at 25] (citing Doc. No. 401at 22). Defendants argue that Plaintiffs' additional argument that Defendants waived the Eighth Affirmative Defense because it could have been raised earlier is wrong. [Doc.

No. 422 at 28]. Defendants contend that as of the filing of Defendants' Answer to FAC, the "doctrine of claim vitiation" and "ensnarement of the prior art" did not apply to the original NTFRP. *Id.* at 26. According to Defendants, both defenses apply to Plaintiffs' expansion of the scope of its infringement claim to now include the redesigned NTFRP. *Id.* Defendants contend that Plaintiffs assert that the redesigned NTFRP infringes both literally and under the doctrine of equivalents, and that there can be no waiver of these defenses that were never applicable to the original NTFRP. *Id.*

The Court agrees with Defendants. Defendants' Eighth Affirmative Defense are responsive to Plaintiffs' change in the scope of its infringement claim to now include the redesigned NTFRP. Accordingly, Plaintiffs' requests to dismiss the Eighth Affirmative Defense is DENIED.

        *vii.*    ***All but the First Sentence in Defendants' Ninth Affirmative Defense is Stricken.***

Plaintiffs argue that Defendants' Ninth Affirmative Defense in the Answer to SAC is a redo of the Fourth Affirmative Defense in the Answer to FAC, but that Defendants have added multiple sentences to the defense. [Doc. No. 414-1 at 23]. Plaintiffs ask the Court to strike everything but the first sentence. *Id.* at 24. Defendants respond that Plaintiffs are complaining that Defendants provided too much information and elaboration of its § 287 defense in the Ninth Affirmative Defense beyond what is otherwise required by Rule 8(a)(2). Defendants state that they do not contest striking the remainder of the Ninth Affirmative Defense, given that Plaintiffs' do not seek to strike the first sentence of the Ninth Affirmative Defense. [Doc. No. 422 at 27]. Accordingly, given the parties' agreement, Plaintiffs' request is GRANTED. All but the first sentence in Defendants' Ninth Affirmative Defense is stricken from their Answer to Second Amended Complaint.

        *viii.*    ***Plaintiffs' Motion to Strike the Twelfth Affirmative Defense is Moot.***

Plaintiffs concede that both the Eleventh and Twelfth Affirmative Defenses in the Answer

to SAC are modifications of the original Fifteenth Affirmative Defense in the FAC. [Doc. No. 419 at 9]. Plaintiffs state that they withdraw their motion to strike the Twelfth Affirmative Defense. *Id.*. Accordingly, the Court finds Plaintiffs' motion to strike the Twelfth Affirmative Defense is MOOT.

> ### ix. *Defendants' Thirteenth Affirmative Defense will not be Stricken. Defendants' Sixth Counterclaim Count is Stricken.*

Plaintiffs argue that Defendants' Sixth Counterclaim is subject to dismissal because it is wholly redundant of Plaintiffs' claim in Count III of Second Amended Complaint. [Doc. No. 414-1 at 26]. Defendants state that they do not contest the striking of the Sixth Counterclaim as redundant of Count III of the SAC, given Plaintiffs' concession. [Doc. No.422 at 29]. Accordingly, by the parties' agreement, Plaintiffs' request is GRANTED. Defendants' Sixth Counterclaim is stricken from their Answer to Second Amended Complaint.

Defendants argue that while the Thirteenth Affirmative Defense was not asserted in Defendants' Answer to the FAC, it should not be stricken. [Doc. No. 422 at 29]. Defendants contend that the Thirteenth Affirmative Defense asserting that Admar, BGD, BBD, CS, and HI do not operate as a single business enterprise or alter ego of LNC is a defense that has been joined as a result of dispositive motion practice since the filing of Defendants' Answer to the FAC. *Id.* Defendants argue that in retaining the Thirteenth Affirmative Defense, they seek to avoid the potential argument that striking both the Thirteenth Affirmative Defense and the Sixth Counterclaim together results in a waiver of this affirmative defense. *Id.* at 29 (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). The Court agrees with Defendants. Accordingly, Plaintiffs' requests to dismiss the Thirteenth Affirmative Defense is DENIED.

> ### x. *Plaintiffs' Partial Summary Judgment Motion (Doc. No. 302) is Moot. Plaintiffs' Motion to Exclude Testimony of Defendants' Experts and Other Evidence in Support of Unpleaded Affirmative Defense ("Motion to Exclude") is not Moot (Doc. No. 299).*

On March 29, 2023, Defendants filed a Suggestion of Mootness Regarding Plaintiffs' Pending Motions (Doc. Nos. 299 & 302). [Doc. No. 405]. In the briefing, Defendants argue that Plaintiffs' Partial Summary Judgment Motion [Doc. No. 302] had been rendered moot as a result of the "reopening of the pleadings" in this action with the filing of Second Amended Complaint and the filing of Defendants' Answer to SAC. *Id.* Specifically, Defendants' Answer to FAC included seven affirmative defenses that challenged Plaintiffs' inventorship, ownership and other rights for the '178 Patent. These seven affirmative defenses were not included in Defendants' Answer to SAC.

In their Motion for Summary Judgment, Plaintiffs contend that three of the seven affirmative defenses were based on the issue of patent inventorship. [Doc. No. 302-25 at 5]. Plaintiffs further contend that two of the four remaining defenses were based on issue of patent ownership and asserted that the '178 Patent should be deemed invalid under either 35 U.S. § 102(f) for failing to name all the inventors, or the alternative theory that a recorded assignment alters McGinley's ownership rights. *Id.* at 5. Finally, Plaintiffs argue that the remaining two defenses were identical, and asserted that McGinley is barred by waiver and estoppel from pursing his infringement claims against Defendants. *Id.*

In response to the Motion for Summary Judgment, Defendants filed a "Statement of Non-Opposition" and sought to moot Plaintiffs' motion by withdrawing the defenses. [Doc. No. 317]. Plaintiffs opposed Defendants' withdrawal, arguing that pursuant to Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [Doc. No. 340 at 1]. Plaintiffs argue that Defendants could not without leave evade the clear mandate of Rule 56 by deleting the seven affirmative defenses. [Doc. No. 414-1 at 28].

The Court finds that Plaintiffs are improperly seeking to have it both ways. Plaintiffs concede that they seek the "converse" of the relief sought by the rest of Plaintiffs' Motion. [Doc. No. 414-1 at27]. The Court in its discretion, and in the interest of efficiently and effectively preparing the case for trial, finds Plaintiffs' Partial Summary Judgment Motion (Doc. No. 302) **MOOT** in the light of Defendants' Answer to SAC.

Regarding Defendants' suggestion that Plaintiffs' Motion to Exclude Testimony of Defendants' Experts and Other Evidence in Support of Unpleaded Affirmative Defense ("Motion to Exclude") (Doc. No. 299) is moot, the Court disagrees. As discussed above, Plaintiffs' limited amendments did not precipitate a wholesale "reopening of the pleadings." In other words, Defendants do not have an unfettered right to alter their Answer to FAC to assert whatever additional defenses and counterclaims they desire. Instead, Defendants are only allowed to alter or add asserted defenses and counterclaims in the Answer to SAC to the extent that they "reflect the breadth of the changes in the amended complaint." *Panoceanis*, 2013 U.S. Dist. LEXIS 8971, at *7. Therefore, the Court rejects Defendants' suggestion that Plaintiffs' Motion to Exclude Testimony of Defendants' Experts and Other Evidence in Support of Unpleaded Affirmative Defense (299) is moot.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Doc. No. 414 is **GRANTED IN PART** and **DENIED IN PART** as follows:

- Defendants' altered answer in paragraph 22 from their Answer to Second Amended Complaint is **STRICKEN**, and the prior answer to paragraph 22 is reinstated.

- Defendants' Fifteenth Affirmative Defense from their Answer to Second Amended Complaint is **STRICKEN**.

- Defendants' Second Affirmative Defense from their Answer to Second Amended

- Complaint is **STRICKEN**.

- Defendants' Fourth Affirmative Defense from their Answer to Second Amended Complaint is **STRICKEN**.

- Defendants' Sixth Affirmative Defense and Fifth Counterclaim Count from their Answer to Second Amended Complaint is **STRICKEN**.

- Plaintiffs' requests to dismiss the Third Counterclaim is **DENIED**.

- Plaintiffs' requests to dismiss the Seventh Affirmative Defense is **DENIED**.

- Plaintiffs' requests to dismiss the Eighth Affirmative Defense is **DENIED**.

- All but the first sentence in Defendants' Ninth Affirmative Defense from their Answer to Second Amended Complaint is **STRICKEN**.

- Plaintiffs' motion to strike the Twelfth Affirmative Defense is **DENIED AS MOOT**.

- Defendants' Sixth Counterclaim from their Answer to Second Amended Complaint is **STRICKEN**.

- Plaintiffs' requests to dismiss the Thirteenth Affirmative Defense is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Moot (Doc. No. 405) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- Plaintiffs' Partial Summary Judgment Motion (Doc. No. 302) is **DENIED AS MOOT**.

- Plaintiffs' Motion to Exclude Testimony of Defendants' Experts and Other Evidence in Support of Unpleaded Affirmative Defense (Doc. No. 299) is not moot.

MONROE, LOUISIANA, this 30th day of May, 2023.

_____
Terry A. Doughty
United States District Judge