UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

This is a patent action involving U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Pending before the Court is the Motion for Summary Judgment [Doc. No. 301] filed by Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants"). Plaintiffs Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs") filed an Opposition [Doc. No. 319], and Defendants filed a Reply [Doc. No. 360]. The matter is fully briefed.

Also pending before the Court is Defendants' Motion to Exclude Misleading Photographs and Supporting Memorandum [Doc. No. 362]. Plaintiffs filed an Opposition [Doc. No. 387], and Defendants filed a Reply [Doc. No. 393]. The matter is fully briefed.

The Court is now prepared to rule on these motions.[1]

**I.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no

---

[1] After carefully considering the paper filed, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; LR 78.1.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248). The summary-judgment standard on a patent claim is the same as the standard for other claims. *Avia Group Int'l v. L.A. Gear Calif., Inc.*, 853 F.2d 1557, 1560-61 (Fed. Cir. 1988).

A determination of patent infringement involves a two-step inquiry. "The court must first interpret the claims to determine their scope and meaning. It must then compare the properly construed claims to the allegedly infringing device." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) (citation omitted). The comparison is only to the

patent claims, not to any specific embodiment in the patent specification or to the patent holder's commercial embodiment. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003). The patent holder bears the burden of proving infringement by a preponderance of the evidence. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014); *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013) (citing *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008)).

The first step of this inquiry is a legal determination. The second step is primarily factual, though to support a judgment of infringement the accused device must satisfy every limitation in the asserted claims, either literally or under the doctrine of equivalents. *Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1356-57 (Fed. Cir. 2005). Although the comparison of the claims to the accused system is a fact question, summary judgment may be granted if no reasonable jury could find infringement. *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997).

## II.     ANALYSIS

The '178 Patent issued with claims directed to a container that requires, among other limitations, "continuous sidewall having a flexible portion thereof that defines a generally flat sidewall section." '178 Patent at Claims 1 and 6. This case is here on remand from the Federal Circuit that in an opinion dated July 29, 2020, construed the "generally flat" limitation to mean "mostly flat and not, as a whole, V-shaped, round or cylindrical." *McGinley v. Luv n' care, Ltd.,* 819 Fed. Appx. 913 (Fed. Cir. 2020) [Doc. No. 258 at 13][2]. The Federal Circuit explained that "[w]hile 'generally flat,' in this case, does not mean 'perfectly flat,'" such a surface could be perfectly flat or conversely include some curvature. *Id*. (holding that the term "generally flat" "(1)

---

[2] Citations are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

does not foreclose perfect flatness, and (2) can allow for minor imperfections, including curved portions.").

Agreeing "with much of this [Court's] analysis," the Federal Circuit held that "the United States Patent and Trademark Office ('USPTO') issued a double patenting rejection because the claims of the '178 patent's underlying application were the same as those in McGinley's own earlier patent, disclosing fully rounded pitchers." *Id*. In response to this rejection, "McGinley amended the now-asserted claims [1 and 6] … to include the 'generally flat' limitation and argued that neither his prior patent nor the prior art claimed or disclosed, respectively, either a 'generally flat sidewall section' or a 'generally flat inwardly flexible panel.'" *Id*. (quoting *McGinley v. Luv n' care, Ltd.*, No. 3:17-CV-00821, 2019 WL 2150384, at *12-14 (W.D. La. May 15, 2019)). The Federal Circuit held: "[t]he limitations 'generally flat sidewall section' and 'generally flat inwardly flexible panel'" as used in the asserted claims "cannot cover sidewall sections or inwardly flexible panels that are, as a whole, V-shaped, round, or cylindrical." *Id.*

Mr. McGinley is the owner of the '178 Patent, and is also Plaintiffs' designated technical expert. Defendants state that Mr. McGinley was deposed on October 24, 2022. [Doc. No. 301-1 at 5]. Defendants contend that during his disposition, Mr. McGinley was shown Exhibit 360 consisting of three different sized circles and asked whether he would consider any portion of each circle to be "generally flat." *Id*. Defendants argue that Mr. McGinley was then asked to mark the section of each of the three circles that he considered to be generally flat. *Id.* Defendants contend that Mr. McGinley complied and placed hash marks on each of the three circles. *Id.*

According to Defendants, Mr. McGinley testified that the portion of the circle that was inside the hash marks was generally flat and the remaining portion of the circle outside of those hash marks was not generally flat. *Id.* Defendants contend that when the circles marked by Mr. McGinley were transferred and overlaid on the corresponding actual sized cross-sections of the

sidewall and flexible panel of the Original Nuby Tear Free Rinse Pail ("NTFRP"), almost all of the sidewall and flexible panel fall outside of what Mr. McGinley said was generally flat. *Id.* Defendants argue that this proves that the sidewall and flexible panel of the Original NTFRP are not "mostly flat," and the Original NTFRP does not meet the "generally flat" limitation of the '178 Patent, as construed by the Federal Circuit. *Id.*

Plaintiffs respond that Defendants filed a summary judgment motion on this same issue in October 2020 and lost. [Doc. No. 319 at 4]. Plaintiffs argue that Defendants' latest motion is essentially the same as before, the only substantive difference is that Defendants now contend the "hash marks" Mr. McGinley was asked to draw on a series of random circles establishes that the NTFRP does not meet the "generally flat" claim limitation as a matter of law. *Id.*

Plaintiffs further argue that Defendants deliberately misread the "generally flat" limitation in the asserted claims. *Id.* at 12. Plaintiffs contend that the claim language only requires a "continuous sidewall having a flexible portion thereof that defines a generally flat sidewall section." *Id.*. According to Plaintiffs, Defendants have deliberately and improperly omitted the words "portion" and "section" from their assertion of fact and motion. *Id.*

Plaintiffs also contend that the continuous side wall of both NTFRP products outlines a generally triangular or deltoidal shape (a flat-bottomed pear) having four curved, not V-shaped angles, and top and bottom lines that are minimally bowed and "generally" or "mostly flat and not, as a whole V-shape, round or cylindrical" when viewed from the from the top down. [Doc. No. 319 at 14-15].[3] Plaintiffs further argue that the generally continuous side wall of both versions of the NTFRP outlines what is fairly described as a "mushroom" shape comprising two flattened ovoid or elliptical shapes with a hollow "stem" created by two symmetrical indentations molded

---

[3] When Defendants originally filed this motion, the parties disputed whether the complaint included both the Original NTFRP and the New or Redesigned NTFRP. By the parties' agreement, the Court granted Plaintiffs leave to amend their complaint to include the New NTFRP. [Doc. No. 388 at 2]. Thus, the reference to "both versions of the NTFRP" is referring to the Original NTFRP and the New NTFRP.

into the side wall to the front and on both sides of the smaller ovoid when viewed from the bottom up. *Id.* at 15. Plaintiffs also contend that the continuous side wall of both NTFRP products continues evenly on both sides of the mushroom "stem" to form opposing and evenly curved portions of the nonflexible portion of the container's continuous side wall on both sides of the device when viewed from the side. *Id.* According to Plaintiffs, the curvature of these symmetrically curved and opposing side portions of the generally nonflexible portion of the continuous side wall transitions uniformly on each side at the front or face of both products to meet the flexible panel potion and flattened "side wall" section opposite the handle at the back. *Id.*

Finally, Plaintiffs argue that the horizonal lines of the flexible panel and defined side wall section on the front of both versions of the NTFRP additionally shows that the lineal surface of the front of each device has considerably less curvature than the symmetrically-curved side portions of the nonflexible portion of the containers' continuous sidewall, to which the flexible panel portion and side wall section on the front of each device are molded and joined. *Id.* Plaintiffs contend that the horizonal lines (*i.e.*, the lineal shape) of the flexible panel and side wall of the NTFRP are not "as a whole V-shaped, round (i.e., circular or "fully rounded"), or cylindrical." *Id.*

Plaintiffs further argue that the same is true of the vertical lines of both NTFRP products' flexible panel and side wall section, which Plaintiffs contend creates a flattened area that extends upward and evenly from the bottom of the front side wall toward the upper side wall end and the opening of the device. *Id.* at 16. According to Plaintiffs, the flattened area only begins to arc or curve outwardly at the uppermost portion of the flexible panel, at what is the upper edge/rim, and then only slightly. *Id.* Plaintiffs contend that the "additional curvatures" on which Defendants rely, are both far too slight and far too high on the vertical surface of the flexible panel for Defendants to credibly argue that the flexible panel is anything other than "generally flat." *Id.*

Turning to the deposition testimony of Mr. McGinley, Plaintiffs argue that Defendants

contend for the first time in their motion, that the circles "correspond[ ] to specific actual sized cross-sections of the sidewall and flexible panel of the accused Original NTFRP." *Id.* at 18 (citing Doc. No. 301-1 at 301-1). Plaintiffs argue that Defendants did not explain to Mr. McGinley what the circles on Exhibit 360 were, or disclose that Defendants contended the circles had been drawn by "taking the actual size of a cross-section of a corresponding portion of the Original NTFRP and extending the curvature of that portion of the Original NTFRP to form a full circle." *Id.* (citing Doc. No. 301-2 at ¶14). Plaintiffs argue that Defendants simply handed Exhibit 360 to Mr. McGinley and asked him to draw "hash marks" on all three circles to depict what he considered to be a "generally flat" portion of each circle's arc. [Doc. No. 319 at 18] (citing Doc. No. 301-2 at ¶14).

Plaintiffs contend that Defendants' argument fails because Defendants have failed to properly authenticate and establish a proper evidentiary foundation for the admission of any of these exhibits into evidence. [Doc. No. 319 at 19]. Plaintiffs further argue that Exhibit 360A does not accurately illustrate the curvature of either NTFRP, and is downright misleading. *Id.* Plaintiffs also contend that Exhibit 360A and Defendants' latest argument are irrelevant and without foundation because neither NTFRP is round. *Id.* According to Plaintiffs, selectively positioning the NTFRP within a much larger circle as Defendants have done does not alter the overall shape of the NTFRP. *Id.* Plaintiffs further argue that the hash marks shown on Exhibit 360, and which were supposedly transferred to Exhibit 360A by Defendants' expert, have no correlation to either of the actual NTFRP products. *Id.* at 20. Plaintiffs contend that the hash marks appearing on Exhibit 360A were not intended to show the width, area, or extent of the generally flat side wall section defined by the flexible panel portion on either NTFRP. *Id.*

Defendants reply that Plaintiffs seek to evade the consequences of Mr. McGinley's testimony by submitting his contradictory declaration, relying on misleading photographs, and by

making new claim construction arguments. [Doc. No. 360 at 2]. Defendants argue that based on the Sham Affidavit Rule, Mr. McGinley's efforts to create a material issue of fact by submitting a declaration seeking to contradict his deposition testimony must be rejected. *Id.* Defendants also contend that Plaintiffs included misleading photographs that were taken at a deceiving perspective and do not fairly represent the actual shape of the NTFRP. *Id.* Defendants argue that the misleading photographs should not be admitted as the actual NTFRPs are the best evidence of their shape. *Id.*

Defendants also contend that the only dispute between the parties on the question of whether the Original NTFRP infringes is whether it meets the "generally flat" limitations of independent Claims 1 and 6. *Id.* at 4. Defendants argue that Exhibit 360 consists of three sheets of drawings depicting three different sized circles individually labeled bottom xsec, middle xsec, and top xsec. *Id.* at 5. Defendants repeat their argument that Mr. McGinley was shown Exhibit 360 during his disposition and asked to mark the section of each of the three circles that he considered to be generally flat. *Id.* (citing Doc. No. 362-1 (Exhibit 1015); Doc. No. 301-10 at 12). According to Defendants, Mr. McGinley marked only a small portion of the circle confirming that a circle is not generally flat. *Id.*

Defendants argue that Exhibit 360A shows the Original NTFRP cross-section with the full circle. *Id.* According to Defendants, Mr. McGinley's testimony indicates that the portion of the circle that was inside the hash marks was generally flat and the remaining portion of the circle outside of those hash marks was not generally flat. *Id.* at 6. Defendants argue that each of the circles was constructed by taking the actual size of a cross-section of a corresponding portion of the Original NTFRP and extending the curvature of that portion of the Original NTFRP to form a full circle. *Id.* According to Defendants, a substantial portion of the Original NTFRP cross-section lies outside Mr. McGinley's hash marks and therefore does not meet the "generally flat" limitations of the asserted claims. *Id.* Defendants further contend that the New NTFRP sidewall

follows essentially the same curvature as the Original NTFRP and therefore also fails to meet the "generally flat" limitations of the asserted claims. *Id.* Defendants argue that both the Original and New NTFRP are as a whole, round or cylindrical, not generally flat, and do not infringe the asserted claims of the '178 Patent. *Id.*

The Court has considered the briefing and exhibits submitted by the parties, and finds that reasonable jurors could differ in finding that both the Original NTFRP and the New NTFRP meet the "generally flat" limitation. Thus, there is a material issue of fact, and this issue is not appropriate for summary judgment. Indeed, even Defendants disagree with Plaintiff Mr. McGinley's "undisputed" testimony that "the portions of the circles within the hash marks are generally flat." [Doc. No. 360 at 6]. Accordingly, the issues of whether the Original NTFRP and the New NTFRP meet the "generally flat" limitation must be reserved for the jury to decide.

Regarding Defendants' Motion to Exclude Misleading Photographs [Doc. No. 362], the Court has inspected the actual physical products and replica submitted by the parties (Exhibits 358B, 402B, 1044). The Court is very familiar with this product and there is no possibility that the Court can be misled by the photographs in this summary judgment context. Specifically, the Court considered the photographs in conjunction with the actual physical products and replica provided by the parties. Therefore, the Court finds that "the dangers of [any alleged] distortion or wrong emphasis are sufficiently remote so that the trier of fact may consider the photographs for the purpose offered." *United States v. Stearns*, 550 F.2d 1167, 1170 (9th Cir. 1977). Accordingly, the Court finds that Defendants' motion should be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment [Doc. No. 301] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Misleading Photographs and Supporting Memorandum [Doc. No. 362] is **DENIED.**

MONROE, LOUISIANA, this 20th day of September 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE