UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

This is a patent action involving U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Pending before the Court is the Motion in Limine to Preclude Defendants from Calling Eddie Hakim as an Expert Witness [Doc. No. 321] filed by Plaintiffs Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs"). Defendants Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII") (collectively "Defendants") did not file an opposition. The matter is ripe for decision, and the Court is prepared to rule.[1]

**I.   LEGAL STANDARD**

   **a) Motion in Limine**

"A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2018). The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in

---

[1] After carefully considering the paper filed, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; LR 78.1.

limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see also See LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460 (1984).

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 U.S. Dist. LEXIS 124798, at *274 (M.D. Fla. Jan. 30, 2009). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* at *276 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id.*

b) **Federal Rules of Civil Procedure 26 and 37**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a party is required to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Further, under Rule 26(a)(2)(B):

> [The] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support

> them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### c) Federal Rules of Evidence 701 and 702

If a witness renders an opinion as a lay witness, that opinion must comply with Federal Rule of Evidence 701, which states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Pursuant to Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Thus, under Rule 701, any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702, and the corresponding disclosure requirements of the Federal Rules of Civil Procedure. This "eliminate[s] the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed.

R. Evid. 701 Advisory Committee Notes to 2000 Amendment (citing *Joseph, Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony," and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process"). Since it is possible for the same witness to provide both lay and expert testimony in a single case, the Court is required to distinguish between expert and lay testimony, not just expert and lay witnesses. *Id.*

## II.     Plaintiffs' Motion in Limine

Plaintiffs argue that the Court should enter an order prohibiting Defendants and their counsel from eliciting or attempting to elicit any "expert" opinions or testimony under FRE 702, 703, or 705 from E. Nouri Hakim. [Doc. No. 326 at 1][2]. Plaintiffs contend that Defendants did not identify or designate Mr. Hakim as a witness they may call at trial to present evidence under FRE 702, 703 or 705 as required by Fed. R. Civ. P. 26(a)(2) and the Court's Scheduling Order. *Id.* (citing Doc. Nos. 291, 293, 295, 297). According to Plaintiffs, an order is necessary given Defendants' attempts in other cases to call Mr. Hakim as an expert witness despite its failure to comply with Rule 26(a)(2). *Id.* (citing *Munchkin, Inc. v. Luv N' Care, Ltd.*, No. 2:13-cv-07228-ODW(AGRx), 2015 U.S. Dist. LEXIS 22098, at *1 (C.D. Cal. Feb. 24, 2015)).

For the same reasons discussed in *Munchkin*, the Court finds that Plaintiffs' motion should be granted. Defendants do not dispute that Mr. Hakim was not disclosed as an expert witness and that Mr. Hakim has not submitted an expert report. Further, Defendants do not dispute that, since Mr. Hakim was not disclosed as an expert, any testimony falling within the ambit of Rule 702 must be excluded. Accordingly, Mr. Hakim may only provide lay testimony based upon his

---

[2] Citations are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

personal observations and knowledge as a result of his position at Luv N' Care.[3]

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion in Limine to Preclude Defendants from Calling Eddie Hakim as an Expert Witness [Doc. No. 321] is **GRANTED.**

MONROE, LOUISIANA, this 20th day of September 2023.

                                      TERRY A. DOUGHTY
                                      UNITED STATES DISTRICT JUDGE

---

[3] Although the parties did not identify specific "expert" testimony that Mr. Hakim may intend to offer, the Court finds the reasoning in *Munchkin* persuasive:

> Regardless of Mr. Hakim's vast experience, he cannot provide expert testimony because Defendants failed to disclose him under FRCP 26(a)(2)(A). While courts regularly allow lay witnesses to testify with regard to their personal knowledge of a particular invention or piece of prior art, the mandate of Rule 701 is clear. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 597, 2006 U.S. Dist. LEXIS 90856, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006). Lay opinion testimony is "not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *Id.* (quoting *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002)). Accordingly, Mr. Hakim cannot testify on any issues regarding invalidity, which includes the level of skill in the art, the scope and content of the prior art, and any secondary considerations. *See Marine Polymer Technologies, Inc. v. HemCon, Inc.*, CIV. 06-CV-100-JD, 2009 U.S. Dist. LEXIS 23987, 2009 WL 801826, at *5 (D.N.H. Mar. 24, 2009) ("A witness's testimony about the obviousness of an invention, in patent litigation, however, requires highly technical and specialized knowledge that is beyond the scope of Rule 701.") (quotations and citation omitted); *see also Fresenius*, 2006 U.S. Dist. LEXIS 90856, 2006 WL 1330002, at *3 (barring lay witness testimony comparing prior art to patent at issue); *Gart v. Logitech, Inc.*, 254 F. Supp. 2d 1119, 1123 (C.D. Cal. 2003) ("[W]hen the declarants compare the [prior art] to the [ ] Patent [at issue], they provide testimony that does require specialized knowledge. This they are not permitted to do as lay witnesses.").

*Munchkin*, 2015 U.S. Dist. LEXIS 22098, at *7-8.