UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM RULING

This is a patent action involving U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Pending before the Court is the Motion to Exclude Testimony of Defendants' Experts and Other Evidence in Support of Unpleaded Affirmative Defense [Doc. No. 299] filed by Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs"). Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants") filed an Opposition [Doc. No. 309]. The matter is fully briefed. The Court is now prepared to rule on the motion.[1]

### I. PROCEDURAL BACKGROUND

As discussed in the Court's Ruling on Motion to Strike or Dismiss Non-responsive and Untimely Allegations, Affirmative Defenses and Counterclaims [Doc. No. 424], this case has a long and complex procedural history. [Doc. No. 424 at 1-4].[2] In that Ruling, the Court found that Plaintiffs' narrow amendment of their First Amended Complaint ("FAC") [Doc. No. 109] did not precipitate a wholesale "reopening of the pleadings," as Defendants contended. *Id.* at 6. The Court

---

[1] After carefully considering the paper filed, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; LR 78.1.
[2] Citations are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

further found that Defendants did not have an unfettered right to alter their Answer to FAC asserting whatever additional defenses and counterclaims they desired. *Id.* As it relates to the present motion, the Court struck Defendants' Affirmative Defense and Counterclaim related to their contention that the '178 Patent is invalid under 35 U.S.C. § 112, ¶2 (Pre-AIA). *Id.* at 10-11. The Court noted that the "ruling was not a finding that Defendants waived the defense, but instead was precluding Defendants from relying on their Answer to Second Amended Complaint as the basis for fair notice of the defense at this stage in the case." *Id.* at 11. The Court will now determine if Defendants failed to provide fair notice of the affirmative defense that the '178 Patent is invalid under 35 U.S.C. § 112, ¶2.

## II. LEGAL STANDARD

### a) Motion in Limine

"A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, Federal Motions in Limine § 1:1 (2018). The decision on a motion in limine is consigned to the district court's discretion— including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see also, LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460 (1984).

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to

arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 U.S. Dist. LEXIS 124798, at *274 (M.D. Fla. Jan. 30, 2009). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* at *276 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id.*

### b) 35 U.S.C. § 282(b) and Fed. R. Civ. P. (8)(c)(1)

The Patent Act requires that any invalidity defense, including an invalidity defense under Section 112, "shall be pleaded." 35 U.S.C. § 282(b); *see also, Sorna Corp. v. Perceptive Software, LLC*, No. 13-2794 ADM/BRT, 2015 U.S. Dist. LEXIS 39225, at *6 (D. Minn. Mar. 27, 2015) ("Indefiniteness is an affirmative defense to allegations of infringement. 35 U.S.C. § 282(b)."). Federal Rule of Civil Procedure 8(c)(1) states: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. (8)(c)(1). Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case. *Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 342-43 (5th Cir. 1988). A defendant must plead with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).

However, "a technical failure to comply precisely with Rule 8(c) is not fatal." *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 633 (5th Cir. 2013) (citing *Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co., Inc.*, 418 F. App'x 327, 330 (5th

Cir. 2011) (unpublished) (citing *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855 (5th Cir. 1983))). A defendant does not waive a defense if it was raised at a "pragmatically sufficient time," and did not prejudice the plaintiff in its ability to respond. *Rogers*, 521 F.3d at 386 (citation omitted). Indeed, the standard for pleading affirmative defenses "is markedly less demanding than that of Rule 8(a), where a pleading must *show* an entitlement to relief." *Willis v. Quad Lakes Enters., L.L.C.*, No. 4:11-CV-00096-SWH, 2011 U.S. Dist. LEXIS 100536, at *4 (W.D. Mo. Sep. 7, 2011) (quoting *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011) (emphasis in original)). The purpose of requiring affirmative defenses to be pled in responsive pleadings is to avoid unfair surprise. *See Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 350, 91 S. Ct. 1434, 1453 (1971) (articulating that the purpose of pleading affirmative defenses in responsive pleadings is to give the opposing party notice and a chance to argue why the defense is inappropriate). A district court has discretion to determine whether the party against whom the defense was raised suffered prejudice or unfair surprise as a result of the delay. *Levy Gardens*, 706 F.3d at 633.

### III. ANALYSIS

The parties agree that 35 U.S.C. § 282(b)(3)(A) requires that any defense involving the validity of a patent based on any requirement set forth in § 112 "shall be pleaded." [Doc. No. 309 at 4]. The parties dispute whether Plaintiffs had fair notice that Defendants intended to assert the invalidity of the '178 Patent for failure to comply with § 112. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[A] defendant nevertheless must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."). This "fair notice" requirement is met if the defendant has sufficiently articulated the defense such that the plaintiff is not the "victim of an unfair surprise." *Id.* (citation omitted).

Plaintiffs argue that each of Defendants' three separate Answers is rife with multiple affirmative defenses asserting that the '178 Patent is invalid. [Doc. No. 299-1 at 6]. Plaintiffs contend that in their Eighth Affirmative Defense, Defendants asserted that the '178 Patent is invalid for failing to meet the requirements of 35 U.S.C. §§ 102 and 103(f), but not for failing to comply with any part of § 112. [Doc. No. 299-1 at 6-7] (citing Doc. No. 112 at 7). Plaintiffs further contend that Defendants' two prior Answers included the same affirmative defense based on §§ 102 and 103, but no defense based on § 112. [Doc. No. 299-1 at 7]. Plaintiffs argue that Defendants were well aware of what § 112 requires and chose not to include any § 112 defense in any of their answers or motions, and thus, waived them. *Id.* According to Plaintiffs, Defendants waited until November 16, 2022, to unfairly surprise and burden Plaintiffs with the additional defense by stating that their experts, Mr. Valderrama and Mr. Hubbard, may be called to testify on indefiniteness under 35 U.S.C. §112. *Id.* at 3. Plaintiffs state that it received the expert report two days later. *Id.*

Plaintiffs further argue that Defendants failed to present the defense at a "pragmatically sufficient time," and that any § 112 defense should be removed from the case, because Plaintiffs will be unjustly and substantially prejudiced. *Id.* at 8. Plaintiffs contend that Mr. Hubbard's November 18, 2022 report is 78 pages long and dedicated solely to showing how the claims of the '178 Patent are invalid for failing to comply with the requirements of § 112. *Id.* at 8. Plaintiffs also contend that if Defendants had timely and properly pled a § 112 defense by July 22, 2022, Plaintiffs could and would have targeted their discovery to refute the additional defense and/or begun compiling evidence to support their arguments and refute the defense via a Rule 26(A)(2)(B) report. *Id.* at 9. Plaintiffs argue that Defendants have no credible excuse for failing to plead and preserve the § 112 invalidity defense. *Id.* According to Plaintiffs, Defendants only raise the defense now to unfairly distract and needlessly increase the cost of litigation. *Id.* at 9-10. Plaintiffs ask the

Court to enter an order in limine precluding Defendants from offering any expert opinions or any other evidence or arguments in support of any defense asserting that the presumptively valid '178 Patent should be deemed invalid for failing to comply with the requirements of 35 U.S.C. § 112. *Id.* at 10.

Defendants respond Plaintiffs had more than fair notice that Defendants intended to assert the invalidity of the '178 Patent for its failure to comply with § 112. [Doc. No. 309 at 4]. Defendants argue that Plaintiffs also incorrectly state that the first time that they learned that Defendants contended that the '178 Patent was invalid due to requirements of § 112 ("indefiniteness" and written description) was on November 16, 2022, when they received Defendants' expert disclosures. *Id.* at 4. Defendants further argue that Plaintiffs acknowledge Defendants' Fifth Counterclaim filed on August 18, 2018. *Id.* at 5. Defendants agree that this counterclaim was dismissed, but argue that they did not dismiss their affirmative defenses, including their Third Affirmative Defense, which they contend incorporated the allegations relating to the unenforceability of the '178 Patent, including those set forth in Paragraph 111 of Count V of the Counterclaim. *Id.* at 5-6.

Defendants also argue that Plaintiffs fail to mention Marc Hubbard, Defendants' patent law expert, rebuttal report dated March 18, 2019. *Id.* at 7. Defendants argue that Mr. Hubbard clearly and expressly addressed the invalidity of the '178 Patent for failing to comply with § 112 in his report. *Id.* at 7 (citing Doc. No. 309-1 at 6). Defendants further contend that Plaintiffs will not be prejudiced by Defendants' reliance on the § 112 defense. *Id.* at 9. Defendants argue that Plaintiffs' claim that Mr. Hubbard's 78 page report was "dedicated solely to showing how the claims of the '178 patent are supposedly invalid for failing to comply with the requirements of § 112" is at best a gross exaggeration clearly intended to mislead the Court. *Id.* at 11 (citing Doc. No. 299-1 at 8). According to Defendants, only 25 paragraphs (10%) out of Mr. Hubbard's 258

paragraph report relate to this defense. *Id.*

Defendants also argue that Plaintiffs fail to point out that their expert is Mr. McGinley himself – the founder and owner of Plaintiff, S.C. Products, Inc. and the named inventor on the '178 Patent. *Id.* Defendants contend that Mr. McGinley has addressed the definiteness requirement of § 112 in his most recent expert report. *Id.* at 12 (citing Doc. No. 309-3). Finally, Defendants argue that Plaintiffs point to nothing that they do not already have in their possession that they need to support the construction of their patent. *Id.* at 13.

The Court finds that Plaintiffs motion should be granted. The Court reviewed the pleadings and finds that Defendants did not plead a § 112 invalidity defense with enough specificity or factual particularity to give Plaintiffs fair notice of the defense. Defendants point to their "Fifth Counterclaim" in their Answer to First Amended Complaint, Affirmative Defenses and Counterclaims [Doc. No. 112] as providing fair notice of the § 112 invalidity defense. [Doc. No. 112 at 28]. The Court first notes that the title of the Fifth Counterclaim is "Declaratory Judgment of Non-infringement and Invalidity of the '675 and '895 Patents." *Id.* at 27. The title does not refer to the '178 Patent. The section concludes with the statement that "[a] judicial declaration is necessary and appropriate at this time in order that LNC may ascertain its rights and duties with respect to the '675 and '895 patents." *Id.* at ¶114. Again, it does not mention the '178 Patent. Thus, Defendants' Fifth Counterclaim sufficiently articulated that they contended the '675 and '895 Patents were invalid.

However, Defendants failed to sufficiently articulate the affirmative defense that the '178 Patent is invalid for failing to comply with § 112. Given the context of the Fifth Counterclaim discussed above, a single passing reference to the '178 Patent does not provide fair notice. *Id.* at ¶ 111 ("[T]he '178, '675 and '895 patents … are invalid as unpatentable under 35 U.S.C. §§ 102, 103 and 112"). Indeed, as their Eighth Affirmative Defense, Defendants asserted that the '178

Patent is invalid for failing to meet the requirements of 35 U.S.C. §§ 102 and 103(f), but not for failing to comply with any part of § 112. *Id.* at 7. Likewise, Defendants' prior Answer included the same affirmative defense based on §§ 102 and 103, but no defense based on § 112. [Doc. No. 40 at 5]. Accordingly, Plaintiffs were and remain entitled to rely on the affirmative defenses as Defendants pled them.

Defendants argue that their Third Affirmative Defense expressly incorporated by reference the § 112 defense by stating: "based on the factual allegations set out below and incorporating by reference as if fully set forth herein, the '178 patent is unenforceable." [Doc. No. 112 at 5]. The Court disagrees that this sufficiently articulates and provides fair notice of a § 112 invalidity defense. Accordingly, the Court finds that Defendants waived the affirmative defense, because they failed to plead the defense as required by 35 U.S.C. § 282(b). The Court further finds that allowing a § 112 invalidity defense at this point in the case would be prejudicial to Plaintiffs.

That said, the Court questions why Plaintiffs failed to mention the rebuttal report submitted by Marc Hubbard dated March 18, 2019 in their briefing. Instead, Plaintiffs focus exclusively on the report dated November 18, 2022. [Doc. No. 299-1 at 3] ("Plaintiffs did not receive notice the § 112 invalidity defenses until November 16, 2022, when Plaintiffs received Defendants' identification of experts, served under ¶2 of the Scheduling Order."). To be sure, Mr. Hubbard did address the invalidity of the '178 Patent for failing to comply with § 112 in his March 18, 2019 Report. [Doc. No. 309-1 at ¶¶ 16-18].

The Court further questions Plaintiffs' contention that the 78 pages of Mr. Hubbard's November 18, 2022 are "solely" related to the § 112 defense. [Doc. No. 299-1 at 8] ("Mr. Hubbard's November 18, 2022 report is 78 pages long and dedicated solely to showing how the claims of the '178 patent are supposedly invalid for failing to comply with the requirements of § 112."). The Court agrees with Defendants that this is "at best a gross exaggeration intended to

mislead" the Court. [Doc. No. 309 at 11]. The reality is that only 25 paragraphs (10%) out of Mr. Hubbard's 258 paragraph report relate to this defense. *Id.*

It should go without saying that a lack of candor with the Court will negatively impact a party's desired result. Here, Plaintiffs' contentions tend to indicate that they "elected to try to lay in the weeds on this motion and play the victim." [Doc. No. 309 at 11]. Notwithstanding, the fact that Defendants failed to plead the § 112 invalidity defense cannot be overlooked. Accordingly, the Court finds that Plaintiffs did not have fair notice of the § 112 invalidity defense, because Defendants failed to sufficiently articulate and plead the defense as required by 35 U.S.C. § 282(b). Allowing the defense at this stage in the case would be an unfair surprise to Plaintiffs.

### IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiffs' Motion in Limine to Exclude Testimony of Defendants' Experts and Other Evidence in Support of Unpleaded Affirmative Defense [Doc. No. 299] is **GRANTED.**

MONROE, LOUISIANA, this 26th day of September 2023.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE