UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

This is a patent action involving U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Pending before the Court is the Motion to Exclude or Strike the "Rebuttal" Reports of Phillip Brida and Vincent Valderrama and Alternative Motion for Leave to File Rebuttal Reports [Doc. No. 316] filed by Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs"). Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants") filed an Opposition [Doc. No. 355]. The matter is fully briefed. The Court is now prepared to rule on the motion.[1]

### I. PROCEDURAL BACKGROUND

The Court set November 16, 2022, as the deadline for Plaintiffs to identify their experts to Defendants, and November 18, 2022, for Plaintiffs to deliver their expert reports to Defendants. [Doc. No. 297]. The deadline for Defendants to disclose their experts was December 1, 2022, and the deadline for Defendants to deliver their expert reports to Plaintiffs was December 5, 2022. *Id.* Although the Scheduling Order and the amendments set separate dates for Plaintiffs' and Defendants' expert disclosures and reports, the parties agreed that the party bearing the burden of

---

[1] After carefully considering the paper filed, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; LR 78.1.

proof on a particular issue would make their disclosures and serve their expert reports on the other party by the deadlines for Plaintiffs' disclosures and reports, November 16, 2022. [Doc. No. 355 at 4].[2]

On November 16, 2022, Plaintiffs identified their experts on the issues on which they bear the burden of proof (*i.e.*, infringement and damages). Specifically, Plaintiffs identified Michael McGinley and Tiffany Lewis, respectively. That same day Defendants identified Vincent Valderrama and Marc A. Hubbard on issues related to the defenses on which they bear the burden of proof (*i.e.*, invalidity). On November 18, 2022, Plaintiffs produced the reports of Mr. McGinley and Ms. Lewis on the issues of infringement and damages, and Defendants produced the reports of Mr. Valderrama and Mr. Hubbard on the issue of invalidity. *Id.* at 5.

Per the most recent amendment to the Scheduling Order [Doc. No. 297], Defendants identified their experts Mr. Valderrama and Mr. Brida to Plaintiffs on December 1, 2022. [Doc. No. 316-4]. With respect to Mr. Valderrama, Defendants disclosed that he would be called to testify as an expert the field of patents and mechanical/design engineering and product design regarding "(1) rebuttal of the opinions expressed in the reports of Michael McGinley served in this case" and "(8) to respond to the various opinions expressed by Plaintiffs' expert on any of these or related topics." *Id.* With respect to Mr. Brida, Defendants disclosed that he would "testify as an expert in the field of economics, accounting and patent damages regarding (1) rebuttal of the opinions expressed in the report of Tiffany Lewis served in this case . . .." *Id.*

On December 19, 2022, Plaintiffs served Mr. McGinley's expert rebuttal report which was in rebuttal to the reports of Mr. Valderrama and Mr. Hubbard (invalidity). Likewise, on December 19, 2022, Defendants served the rebuttal expert reports of Mr. Valderrama and Mr. Brida. These

---

[2] Citations are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

reports were in rebuttal to Mr. McGinley's report (infringement) and Ms. Lewis' report (damages) that were served on November 18, 2022. Thus, Plaintiffs and Defendants timely produced the reports addressing the issues on which they bear the burden of proof and each have timely exchanged rebuttal reports addressing the reports of the other side.

On January 18, 2023, Plaintiffs filed a motion for leave to serve rebuttal reports in response to the rebuttal reports of Defendants' experts. [Doc. No. 349]. The Court denied Plaintiffs' request to file sur-rebuttal reports. [Doc. No. 351]. Thus, the Court has already ruled on Plaintiffs' motion for leave to file sur-rebuttal reports. The Court will now address Plaintiffs' motion to strike the rebuttal reports of Phillip Brida and Vincent Valderrama.

## II. ANALYSIS

Plaintiffs argue that both the Brida and the Valderrama reports include a number of independent opinions that each expert will seek to offer at trial. [Doc. No. 316-1 at 3]. Plaintiffs contend that the reports do not solely contradict or rebut the opinions and testimony of Plaintiffs' experts. *Id.* at 3. Plaintiffs contend that Mr. Brida's proffered opinion that Plaintiffs' damages expert, Ms. Lewis, overstates the damages amount and provides an alternative calculation of reasonable royalty damages. *Id.* According to Plaintiffs, Mr. Brida's opinion of a different reasonable royalty range for Plaintiffs' damages does not solely contradict or rebut Ms. Lewis' calculations. *Id.* at 4. Plaintiffs contend that if the Brida report was pure rebuttal, the jury would only be allowed to hear Ms. Lewis' numbers without an alternative set of numbers from Defendants. *Id.* Plaintiffs further contend that Mr. Brida also provides a number of other independent opinions. *Id.* (citing Doc. No. 316-9 at ¶¶ 26, 81, 73, 110, 63, 66-77, 37-57, 92-94).

Plaintiffs also argue that Mr. Valderrama crosses the line with his reference and reliance on multiple CAD drawings and "image" and "screen" captures, as well as his reliance on his other opinions and expert reports in the case. [Doc. No. 316-1 at 4] (citing Doc. No. 316-10 at 2, 11, 13,

14, 25, 26, 29). Plaintiffs argue that the Court should strike Mr. Valderrama's non-rebuttal opinions as made in an untimely Rule 26(a)(2)(B) report. *Id.*

The Court finds that Plaintiffs' motion should be denied. Under Rule 26(a)(2)(D)(ii), an expert report qualifies as a rebuttal report if it "is intended solely to contradict or rebut evidence on the same subject matter identified" by the opposing party's expert report. A rebuttal expert may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert. *In re Genetically Modified Rice Litig.*, 2010 U.S. Dist. LEXIS 116135, 2010 WL 4483993, at *3 (E.D. Mo. Nov. 1, 2010) ("An expert may introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert."); *MMI Realty Servs. v. Westchester Surplus Lines Ins. Co.*, No. 07-00466 BMK, 2009 U.S. Dist. LEXIS 18379, at *4 (D. Haw. Mar. 10, 2009) ("Under this rule, Holland is free to support his opinions with evidence not cited in Westchester's reports so long as he rebuts the 'same subject matter' identified in those reports.").

With respect to the Brida report, Plaintiffs argue that not only does Mr. Brida contend that Ms. Lewis overstates the damages to which she claims Plaintiffs are entitled, he provides an "alternative calculation." Contrary to Plaintiffs' arguments, nothing in Rule 26 or the nature of rebuttal prohibits offering independent opinions or utilizing other methodologies. In fact, offering a different and purportedly better methodology is a proper way to rebut the methodology of someone else.

In her Summary of Opinions, Ms. Lewis contends that her calculation of the applicable royalty range and damages range was "determined based on a hypothetical negotiation between SCP and the LNC Defendants in early 2014 considering the *Georgia-Pacific* factors." [Doc. No. 356-3 at ¶13]. Ms. Lewis also acknowledges that, "Considerations that are relevant to the hypothetical negotiation are described in the well-established *Georgia-Pacific* ("GP") factors,

including technology, commercial, licensing, and other industry and market factors that, based on my experience, are often relevant to business world licensing negotiations." *Id.* at ¶16. Virtually all of the topics in Mr. Brida's report which Plaintiffs claim are beyond the scope of the Lewis Report are analyzing specific *Georgia Pacific* factors and taking issue with Ms. Lewis' analysis of these factors. [Doc. No. 356-3 at ¶¶ 26, 81, 73, 110, 63, 66-77, 92-94].[3] The cited paragraphs contain Mr. Brida's criticism of Ms. Lewis' assumptions, calculations, methodology and her analysis under the *Georgia-Pacific* factors.

Plaintiffs make similar broad objections to Mr. Valderrama's report. Specifically, Plaintiffs complain that "Mr. Valderrama also crosses the line with his reference and reliance on multiple CAD drawings and 'image' and 'screen' captures (Ex. I, pp. 11, 13, 14, 25, 26) as well as his reliance on his other opinions and expert reports in the case (Id., pp. 2, 23: incorporating opinions regarding the commercial success of Plaintiffs' invention without discussing them)." [Doc. No. 316-1 at 4]. Plaintiffs do not state how Mr. Valderrama "crossed the line" with respect to any of the CAD drawings, images or screen captures, or which ones they believe cross the line. *Id.*

Each of Mr. Valderrama's expert opinions are in direct rebuttal to the enumerated opinions set forth in McGinley's report. [Doc. No. 356-2 at 8-33]. Indeed, Mr. Valderrama identifies each opinion by corresponding number in the McGinley report. This indicates that Mr. Valderrama did not offer any opinions other than those in rebuttal to Mr. McGinley's enumerated opinions. The CAD drawings, images and screen captures vaguely referenced by Plaintiffs are all contained in the sections responding to the enumerated opinions in McGinley's report in rebuttal. As discussed, "[a] rebuttal expert may cite new evidence and data so long as the new evidence and data is offered

---

[3] Plaintiffs also took issue with Mr. Brida examining the "meaning and substance of the Chodorow and Pearhead license agreements." [Doc. No. 316-1 at 4] (citing Doc. No. 356-3 at ¶¶ 37-57). However, the parties have since stipulated that neither expert will reference or rely on these agreements.

to directly contradict or rebut the opposing party's expert." *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013); *see also In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1220 (S.D. Cal. 2010) (overruling argument that an expert report exceeded the scope of a proper rebuttal on grounds that the rebuttal expert conducted an analysis that the initial expert did not do); *Kirola v. City & Cty. of S.F.*, No. C-07-3685 SBA (EMC), 2010 U.S. Dist. LEXIS 7355, at *6 (N.D. Cal. Jan. 29, 2010) ("As a general matter, courts have permitted additional data to be used in a rebuttal report so long as it is of the same subject matter.")

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Exclude or Strike the "Rebuttal" Reports of Phillip Brida and Vincent Valderrama and Alternative Motion for Leave to File Rebuttal Reports [Doc. No. 316] is **DENIED.**

MONROE, LOUISIANA, this 26th day of September 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE