UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

This is a patent action involving U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Pending before the Court is the Motion to Exclude Expert Opinion Testimony of Michael L. McGinley Under Fed. R. Evid. 702 [Doc. No. 378] filed by Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants"). Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs") filed an Opposition [Doc. No. 396]. The matter is fully briefed. The Court is now prepared to rule on the motion.[1]

**I. PROCEDURAL BACKGROUND**

The present motion was filed before the Court addressed a number of issues raised in the briefing. On February 24, 2023, Plaintiffs were granted leave to amend their complaint for the limited purpose of adding the Redesigned Nuby Tear Free Rinse Pail ("NTFRP") as an accused device. [Doc. No. 388 at 2].[2] The Court also allowed the parties to submit additional claim construction briefing for the terms "flexible panel" and "generally smooth inward surface." *Id.* at 2-3.

---

[1] After carefully considering the paper filed, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; LR 78.1.
[2] Citations are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

On June 23, 2023, the Court considered the briefing and construed the two terms. [Doc. Nos. 428 and 429]. Specifically, the term "flexible panel" is given its plain and ordinary meaning; and the phrase "generally smooth inward surface for unobstructed fluid flow" means "mostly smooth inward surface that does not include corrugations that obstruct fluid flow." [Doc. No. 429]. In its Ruling, the Court also restated that "a person of ordinary skill in the art would have either: (1) a Bachelor's degree in Mechanical Engineering or equivalent thereof, and at least two years of experience designing consumer products, or (2) familiarity with plastic, rubber, foam and other flexible materials, and at least five years of experience designing consumer products." [Doc. No. 428 at 9-10]. With this background, the Court turns to the present motion.

## II. LEGAL STANDARD

### a) Fed. R. Evid. 702 and *Daubert* Motions

Fed. R. Evid. 702 provides that a witness who is qualified "by knowledge, skill, experience, training, or education," may provide opinion testimony if that testimony will assist the trier of fact and "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The witness must possess "specialized knowledge, skill, experience, training, or education in the relevant field," in order to be qualified to express his expert opinion on the topic in issue. *Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1110 (5th Cir. 1991).

The Supreme Court in *Daubert* charged trial courts with the task of determining whether expert testimony under Rule 702 is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993).

> The *Daubert* opinion lists a number of factors that a trial court may use in determining an expert's reliability. Trial courts are to consider the extent to which a given technique can be tested, whether the technique is subject to peer review and publication, any known potential rate of error, the existence and maintenance of standards governing operation of the technique, and, finally, whether the method has been generally accepted in the relevant scientific community . . . . These factors are not mandatory or exclusive; the district court must decide whether the factors discussed in *Daubert* are appropriate, use them as a starting point, and then ascertain if other factors should be considered . . . . But the existence of sufficient facts and a reliable methodology is in all instances mandatory. Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.

*Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (internal citations omitted).

When applying *Daubert*, the Court's task "is to analyze not what the experts say, but what basis they have for saying it." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995). Importantly, "[a]n expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record." *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir. 1994). That said, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## III. ANALYSIS

Plaintiff, Michael L. McGinley, is a named inventor and owner of the '178 Patent. Mr. McGinley is also the founder, president, and sole-owner of S.C. Products, Inc. ("SCP"), the other named Plaintiff in this action. Mr. McGinley is also designated as a Rule 26(a)(2)(A) expert "to present evidence under Federal Rule of Evidence 702, 703, or 705." [Doc. No. 381 at 8]. Mr. McGinley submitted a Supplemental Report pursuant to Rule 26(a)(2), which is dated November 18, 2022. [Doc. No. 381-1 at 8]. In the report, Mr. McGinley discloses twenty (20) separately numbered opinions. Opinion Nos. 2-5 represent McGinley's infringement analysis of claims 1, 2, 4, 6, 7 and 9 of the '178 Patent by the NTFRP. *Id.* at 4-16. Opinion Nos. 6-9 are Mr. McGinley's

corresponding infringement analysis by the Redesigned NTFRP. *Id.* at 16-30. Opinion Nos. 1 and 10-20 present opinion testimony on various topics. *Id.* at 2-4, 30-38.[3]

Defendants argue that McGinley's Supplemental Report confirms that he has not "testified as an expert at trial or by deposition in any other case in the last four (4) years," and does not include "a list of publications authored in the previous 10 years." [Doc. No. 381 at 11] (citing Rule 26(a)(2)(B)(iv) and (v)). Defendants also argue that Mr. McGinley also does not disclose his "compensation to be paid for the study and testimony in the case." *Id.* at 11-12 (citing Rule 26(a)(2)(B)(vi)). Defendants contend that Mr. McGinley lacks the requisite qualifications, and that he did not author the report or formulate the infringement opinions. *Id.* at 12-17. Defendants also argue that Mr. McGinley's basic methodology is fundamentally flawed because of his inability to explain the underpinnings of his literal infringement analysis. *Id.* at 18-19. According to Defendants, Mr. McGinley is not qualified or competent under Rule 702 to provide expert opinion testimony at trial on infringement. *Id.* at 19.

Defendants further argue that Mr. McGinley's expert opinion testimony on infringement (Opinion Nos. 2-9) is also inadmissible under Rule 702 as presenting conclusory and unsubstantiated *ipse dixit* expert testimony. *Id.* at 19-20. Defendants also contend that Mr. McGinley's Opinion Nos. 6-9 violate fundamental tenets of established patent law in seeking to expand the literal scope of his claims in order to cover the Redesigned NTFRP. *Id.* at 22-23. Defendants argue that Mr. McGinley's literal infringement analysis is contrary to the relevant prosecution history where this particular limitation of a "flexible panel having a generally smooth inward surface" traces its origin." *Id.* at 23-27. Defendants also contend that Mr. McGinley's expert opinion testimony on infringement under the doctrine of equivalents (Opinion Nos. 2-9) should be excluded as *ipse dixit* testimony. *Id.* at 27-31. Finally, Defendants argue that Mr.

---

[3] As will be discussed more below, Defendants contend that several of these "expert opinions," are no longer relevant and should be excluded. [Doc. No. 381 at 8].

McGinley's Opinion Nos. 10-20 do not involve scientific, technical, or specialized knowledge. *Id.* at 31. According to Defendants, the Court should prohibit McGinley from providing expert opinion testimony under Rule 702 on those subjects identified in Opinion Nos. 10-20 in the McGinley Supplemental Report. *Id.* at 31.

Plaintiffs respond that Defendants' motion is an overly generalized, broad-brushed challenge to Mr. McGinley's proffered opinions as stated in his November 18, 2022 Supplemental Expert Report [Doc. 381-1] and December 19, 2022 Rebuttal Opinions and ensuing expert deposition. [Doc. No. 396 at 6]. Plaintiffs argue that Defendants' motion deliberately ignores the full meaning and effect of the Court's definition of "ordinary skill in the art." *Id.* at 6 (citing Doc. No. 234). Plaintiffs contend that Defendants' motion additionally fails to present an accurate picture of Mr. McGinley's proffered opinions. *Id.* Plaintiffs further argue that Mr. McGinley's proffered testimony is limited to this case, to the '178 Patent, and the accused products. *Id.* Plaintiffs also contend that Mr. McGinley explained this during his deposition, and that Defendants ignore the portions of Mr. McGinley's report and deposition detailing his experience and qualifications to provide the expert testimony regarding the "original" and "redesigned" version of the Nuby Tear Free Rinse Cup ("NTFRP"). *Id.*

Plaintiffs further argue that the blanket exclusion of McGinley's expert testimony Defendants seek is patently excessive and none of Defendants' five arguments supports the proposition being advanced. *Id.* at 7. Plaintiffs contend that the proffered opinions and testimony establish that Mr. McGinley's conclusions as to the infringing features of the NTFRP and the prior art are relevant, reliable, and admissible at trial. *Id.* Plaintiffs further contend that Mr. McGinley has adequately related each of the opinions with sufficient facts and the methodology he used to arrive at the conclusions reached from the comparisons is both reliable and reliably applied to the facts. *Id.*

Plaintiffs contend that Mr. McGinley is poised to present his opinions on any of the infringement and other issues the Court finds will help the jury understand the evidence and determine the remaining facts in issue. *Id.* Plaintiffs argue that Defendants' objections to Mr. McGinley's report pertain to the conclusions he reaches, which go to the weight of the opinions, not their admissibility. *Id.* Plaintiffs also contend that Defendants can cross-examine Mr. McGinley at trial on any viable issues they are able to raise in an attempt to refute the basis of his conclusions. *Id.* Plaintiffs further argue that excluding McGinley's opinion as Defendants argue would be improper. *Id.* According to Plaintiffs, the Court should deny Defendants' motion and requests to exclude McGinley's opinion testimony as to infringement and validity. *Id.* With the exceptions noted below, the Court generally agrees with Plaintiffs.

The fact that Mr. McGinley is not a professional expert, or the recipient of a college degree in mechanical engineering or product design, or formally trained in patent law does not disqualify him as an expert witness in this case. In his Supplemental Report, Mr. McGinley states that he has more than 33 years' experience designing consumer products like the Shampoo Rinse Cup, and is familiar with plastic, rubber, foam, and other flexible materials. [Doc. No. 381-1 at 3, 39]. Defendants do not contest this statement. As discussed above, the Court finds that a person of ordinary skill in the art would have either: (1) a Bachelor's degree in Mechanical Engineering or equivalent thereof, and at least two years of experience designing consumer products, or (2) familiarity with plastic, rubber, foam and other flexible materials, and at least five years of experience designing consumer products. [Doc. No. 428 at 9-10]. Based on Mr. McGinley's statement, the Court finds that he is a person of ordinary skill in the art, and is qualified by his knowledge, skill, experience, training, or education to relate his opinions at trial. Defendants' argument falls short because it focuses entirely on the first part of the Court's definition while ignoring the second part.

Regarding Mr. McGinley's Opinions 2-9 in his Supplemental Report, Defendants contend that they should be barred as conclusory and unsubstantiated. The Court disagrees. In these eight opinions, McGinley compares and explains how the structure and features of the Original and Redesigned NTFRP literally meet or satisfy the disputed claim terms [Doc. No. 381-1 at 2-30]. Indeed, the Court reviewed Mr. McGinley's report and finds that it contains a sufficiently detailed statement of his opinions and the bases for the conclusions he reached. In stating these conclusions, Mr. McGinley identifies the disputed features using labeled photographs, which depict and show both the Original NTFP and Redesigned NTFRP, for both literal infringement and infringement under the doctrine of equivalents. Defendants can cross-examine Mr. McGinley at trial on any of these issues to refute the basis of his conclusions.

The Court also notes that the parties' arguments regarding the prosecution history related to the '178 Patent is moot given the Court's Second Claim Construction, which addresses the prosecution history cited by the parties. [Doc. No. 428 at 12-19]. Regarding Opinions 10-20 in Mr. McGinley's Supplemental Report, Plaintiffs concede that Opinions 10, 12, 13, 15, 16, 18 and 19 are not expert opinions. [Doc. No. 396 at 29]. Plaintiffs also state that Mr. McGinley withdraws his Opinion 17. *Id.* at 30. However, Plaintiffs argue that the Opinions 11, 14, and 20 are fact testimony or proper lay or expert opinion. *Id.* at 29. The Court agrees with Defendants that Opinions 10-20 are not "expert opinions," and should not be allowed at trial under the guise of Mr. McGinley's expert opinion testimony. *Id.* at 31. The opinions do not involve scientific, technical, or specialized knowledge. The opinions do not require the testimony to be provided by a person of ordinary skill in the art. If presented as expert opinions, the opinions could lead to jury confusion and would be prejudicial to Defendants. Accordingly, Plaintiffs are precluded from presenting Opinions 10-20 in Mr. McGinley's Supplemental Report as expert opinion.

Finally, it appears that Mr. McGinley has not provided "a list of publications authored in

the previous 10 years," and did not disclose his "compensation to be paid for the study and testimony in the case," as required by Rule 26(a)(2)(B). Mr. McGinley is ordered to provide this information to Defendants within the next five business days.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Exclude Expert Opinion Testimony of Michael L. McGinley Under Fed. R. Evid. 702 [Doc. No. 378] is **GRANTED IN PART** and **DENIED IN PART.**

- Mr. Michael McGinley will be allowed to offer expert opinion testimony under Fed. R. Evid. 702 at trial.

- Plaintiffs are not precluded from presenting Opinions 1-9 in Mr. McGinley's Supplemental Report as expert opinion.

- Plaintiffs are precluded from presenting Opinions 10-20 in Mr. McGinley's Supplemental Report as expert opinion.

- Mr. Michael McGinley is ordered to provide to Defendants "a list of publications authored in the previous 10 years," and his "compensation to be paid for the study and testimony in the case," as required by Rule 26(a)(2)(B) within the next five business days.

MONROE, LOUISIANA, this 26th day of September 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE