UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

This is a patent action involving U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Pending before the Court is Omnibus Motion in Limine [Doc. No. 313] filed by Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants"). Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs") filed an Opposition [Doc. No. 365]. The matter is fully briefed. The Court is now prepared to rule on the motion.[1]

### I.    LEGAL STANDARD

"A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, Federal Motions in Limine § 1:1 (2018). The decision on a motion in limine is consigned to the district court's discretion— including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should

---

[1] After carefully considering the paper filed, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; LR 78.1.

not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see also, LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460 (1984).

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 U.S. Dist. LEXIS 124798, at *274 (M.D. Fla. Jan. 30, 2009). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* at *276 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id.*

## II. ANALYSIS

Defendants present seven motion in limine issues. The Court addresses each one as follows:

### a) Motion in Limine No. 1: References to Morris E. Cohen's familial relationship to the Hakim family and/or any other employee or agent of Defendants.

Defendants state that Morris E. Cohen is a patent attorney, and is also the nephew to Nouri Edward Hakim and Joseph Hakim. [Doc. No. 313-1 at 6].[2] Defendants further state that Mr. Cohen offered Nouri Edward Hakim the opinion that his proposed design for the Original Nuby Tear Free

---

[2] Citations are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

Rinse Pail ("NTFRP") did not infringe the '625 Patent. *Id.* Defendants argue that they expect that Plaintiffs will attempt to play the familial relationship between Mr. Cohen and the Hakims. *Id.* Defendants contend that this fact is irrelevant and inadmissible. *Id.* (citing Fed. R. Evid. 401-403).

Plaintiffs respond that Mr. Cohen is the patent attorney who gave LNC the advice on which LNC bases its defense that it did not willfully infringe the '178 Patent. [Doc. No. 365 at 6]. Plaintiffs argue that any party, including the party calling the witness, may attack the credibility of a witness by showing that the witness is biased. *Id.* at 7.

The Court agrees with Plaintiffs. The Supreme Court characterizes bias as "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, testimony in favor of or against a party." *United States v. Abel*, 469 U.S. 45, 52, 105 S. Ct. 465, 469 (1984). Specifically, as it relates to the issue before the Court, "[i]n certain situations, … external facts from which may be inferred a specific bias, or motive to testify in a particular way, are admissible to impeach a witness – e.g., *facts which show a familial, employment, or litigious relationship*. Since the range of facts from which bias may be inferred is vast, hard and fast *rules permitting or excluding specific types of impeachment evidence might be unwise*." *United States v. Robinson*, 174 U.S. App. D.C. 224, 530 F.2d 1076, 1079-80 (1976) (*citing U.S. v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (emphasis added). Thus, "[t]he partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.'" *Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110 (1974) (quoting 3A Wigmore, Evidence § 940 (Chadbourn rev. 1970)). Accordingly, for these reasons, LNC's Motion in Limine No. 1 is **DENIED**.

**b) Motion in Limine No. 2: References to Defendants' knowledge and intent.**

Defendants argue that the Court should preclude Plaintiffs, their witnesses, and experts from opining on Defendants' knowledge or intent regarding the '178 Patent to establish willful

infringement. [Doc. No. 313-1 at 7]. Defendants contend that no testimony or attorney argument should be permitted on Defendants' knowledge or intent, and that only Defendants' representatives should be allowed to testify regarding this issue. *Id.*

Plaintiffs argue that they do not intend to offer any expert opinion regarding Defendants' intent in the context of willful infringement. [Doc. No. 365 at 10]. Plaintiffs further argue that no such expert testimony is included in any of the expert reports or expert depositions. *Id.* Plaintiffs contend that Defendants are actually requesting the Court to preclude Plaintiffs from offering any "attorney argument" on the issue of Defendants' knowledge and intent in order to show that Defendants' infringement of the '178 Patent was deliberate, reckless, and willful over the years. *Id.* at 10-11. Plaintiffs argue that they are entitled to present and argue the evidence in support of their claim of willful infringement including Defendants' knowledge of the '178 Patent and intent and decision to willfully infringe the patent. *Id.* at 11.

As it relates to expert testimony, there does not appear to be a dispute that the expert's cannot opine on Defendants' knowledge or intent. Accordingly, Defendants motion in limine to exclude any evidence, argument, or reference by Plaintiffs, their counsel and their witnesses regarding *their opinion on Defendants' knowledge or intent* with respect to the issue of the alleged willful infringement of the '178 Patent is granted. *See Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 143 (N.D. Iowa 2003) ("[W]illful infringement is not an issue on which the court finds that expert testimony will assist the trier of fact to understand the evidence or determine the issue. . . . Rather, 'willful infringement' is a matter for jury determination, in light of facts well within their understanding and appropriate instructions from the court.").

However, this ruling does not preclude Plaintiffs from presenting and arguing the evidence in support of their claim of willful infringement, which may include facts indicating that Defendants had knowledge of the '178 Patent, as long as it is factual and not purely attorney

Page 4 of 10

argument. Indeed, it would be unfair and highly prejudicial to allow Defendants to present a unilateral case by allowing only Defendants' representatives to testify on the issue of willfulness. [Doc. No. 313-1 at 7]. If specific evidence, testimony, or argument is presented at trial that Defendants believe is improper regarding the issue of willful infringement (outside the excluded expert opinion testimony of Defendants' knowledge or intent), then Defendants can object at that time. *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003) ("Rulings on a motion in limine are by definition preliminary and are subject to change as the case unfolds."). For the reasons stated above, Defendants' Motion in Limine No. 2 is **GRANTED IN PART** and **DENIED IN PART.**

    c) **Motion in Limine No. 3: Defendants' size and wealth.**

Defendants argue they anticipate that Plaintiffs will seek to introduce testimony, attorney argument, or evidence regarding Defendants' size, wealth, overall revenues, or profits as compared to Plaintiffs. [Doc. No. 313-1 at 8]. Defendants argue that any probative value gained by mentioning Defendants' size, value, revenue, profits or assets is substantially outweighed by the danger of unfair prejudice and will likely create an unfair and inaccurate characterization of Defendants as a "Goliath," against Plaintiffs as "David." *Id.* at 9. Defendants also argue that Plaintiffs should be excluded from referring to LNC as a "bully" or from making any similar reference. *Id.*

Plaintiffs agree not to compare Defendants' size, wealth, overall revenues, and profits to their own. [Doc. No. 365 at 11]. Plaintiffs further agree not to make any "David and Goliath" arguments before the jury. *Id.* However, Plaintiffs argue that the Court should not preclude Plaintiffs from introducing Defendants' business records, testimony, and other evidence to show the financial and other details relating to the NTFRP including Defendants' purchase and sale and cost of the product. *Id.* Plaintiffs also argue that the Court should allow Plaintiffs to mention and

discuss other items. *Id.* at 11-12.

The Court finds that Defendants' motion in limine is very broad from the aspect that it could be interpreted, as Plaintiffs interpret it, to preclude evidence directly related to a defense of a claim. As it relates to this type of evidence, this broad request is best evaluated in view of specific evidence at trial. *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07-572, 2010 U.S. Dist. LEXIS 132686, at *7-8 (W.D. La. Dec. 15, 2010) ("Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Accordingly, Defendants' motion is granted in part and denied in part. Specifically, Plaintiffs' are precluded from making a "David and Goliath" argument to the jury by introducing evidence regarding the size, value, or assets of Defendants in the abstract. Plaintiffs are also precluded from offering evidence comparing the size of Defendants' business to Plaintiffs' business. This evidence would create an unfair characterization of Defendants as a "Goliath," against Plaintiffs as "David."

To the extent that evidence is relevant to an element of an asserted claim or defense, Defendants' motion in limine is denied. If specific evidence, testimony, or argument is presented at trial that Defendants believe is improper regarding the issue of Defendants' size and wealth, then Defendants can object at that time. *Ultra-Precision*, 338 F.3d at 1359 ("Rulings on a motion in limine are by definition preliminary and are subject to change as the case unfolds."). For the reasons stated above, Defendants' Motion in Limine No. 3 is **GRANTED IN PART** and **DENIED IN PART**.

### d) Motion in Limine No. 4: References to foreign sales.

Defendants note that this issue was fully briefed in their Motion in Limine to Exclude Testimony of Plaintiffs' Expert, Tiffany Lewis, and that they incorporate by reference the

arguments advanced therein. [Doc. No. 313-1 at 10] (citing Doc. No. 312). On September 26, 2023, the Court ruled on Defendants' motion. [Doc. Nos. 439 and 440]. For the reasons stated in the Court's Ruling, Defendants' Motion in Limine No. 4 is **DENIED.**

### e) Motion in Limine No. 5: References to other lawsuits involving Defendants, their principals, officers or agents or to Defendants being "litigious."

Defendants seek to exclude any references, evidence, arguments or references pertaining to Defendants' prior, claims, lawsuits or settlements emanating therefrom, or references to Defendants as "litigious" under Rules 401 and 403. [Doc. No. 313-1 at 10]. Defendants argue that any other litigation in which Defendants have been involved is irrelevant to any issue in this case, and the probative value, if any, is substantially outweighed by the danger of unfair prejudice and jury confusion. *Id.*

Plaintiffs agree that both sides should not be allowed to characterize the other as "litigious." [Doc. No. 365 at 14]. Plaintiffs further state that they are not aware of any prior lawsuits or settlements to which any Defendant was a party that they currently believe to be relevant to the case. *Id.* Accordingly, Defendants' Motion in Limine No. 5 is **GRANTED.**

### f) Motion in Limine No. 6: Opinions not included in expert reports.

Defendants argue that Plaintiffs should be precluded from introducing any expert testimony or opinions beyond the scope of the expert reports. [Doc. No. 313-1 at 12]. Defendants further argue that an expert witness may not testify to subject matter beyond the scope of the witness's expert report unless the failure to include that information in the report was "substantially justified or is harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)). Defendants contend that if Plaintiffs attempt to rely on expert opinions not included in expert reports, it will significantly prejudice Defendants' ability to adequately examine the expert and summarily deny Defendants the ability to introduce competing evidence in the form of a rebuttal expert report on the topic. *Id.* at 13.

Plaintiffs argue that Defendants opted to depose Plaintiff Michael McGinley at great length over his November 18, 2022 expert report. [Doc. No. 365 at 15]. Plaintiffs argue that Defendants cannot now credibly ask the Court to preclude Mr. McGinley from restating and explaining the additional opinions that Defendants asked for during the deposition. *Id.* Plaintiffs further argue that the Court should permit Mr. McGinley to offer any opinions stated in his expert opinions or over the course of his deposition. *Id.* Plaintiffs also contend that Defendant LNC made the same argument in a previous case, and that the Court rejected the argument and denied LNC's motion as intrinsically vague. *Id.* (citing *Luv N Care v. Laurain*, No. 3:16-00777, 2021 U.S. Dist. LEXIS 256117, at *44-45 (W.D. La. Mar. 29, 2021).

As with the previous case, the motion is denied without prejudice. A party may object at trial to any expert testimony or opinions it deems is beyond the scope of the expert's report or outside the scope of the expert's deposition. However, the parties must be judicious in making these types of objections, and the objections must be well founded. A party that is aware that an expert's testimony or opinion is beyond the scope of the expert's report and deposition testimony should not needlessly oppose the objection. The parties are forewarned that the Court will subtract any time spent resolving unfounded objections from the trial time allocated to the party that presents or prolongs an unfounded objection. For the reasons stated above, Defendants' Motion in Limine No. 6 is **DENIED.**

g) **Motion in Limine No. 7: References to Nuby Asia Pacific, Ltd., Nuby Uk, LLP, Nuby China, Ltd., Nuby Hong Kong, Ltd. and Luv 'n care Holdings, LLC.**

Defendants argue that Plaintiffs did not name Nuby Asia Pacific, Ltd. ("NAP"), Nuby UK, LLP ("Nuby UK"), Nuby China, Ltd. ("Nuby China"), Nuby Hong Kong, Ltd. ("Nuby Hong Kong") or Luv n' care Holdings, LLC ("LNC Holdings") as defendants, either as alleged infringers of the '178 Patent or as being part of any single business enterprise or subject to an alter ego claim. [Doc. No. 313-1 at 14]. Defendants contend that they have been completely unaware of any intent

by Plaintiffs to bring these entities into this litigation. *Id.* Defendants further argue that these entities have not been named in this action, and have not been served and presented with any allegations to admit or deny. *Id.*

Defendants also argue that if Plaintiffs wanted to adduce evidence regarding the business activities of these non-parties, they could have attempted to do so by properly naming them and making them parties to this action. *Id.* at 15. According to Defendants, any evidence or argument regarding these entities is wholly irrelevant inasmuch as their operations do not have "any tendency to make a fact more or less probable than it would be without the evidence," and any fact that may be established regarding the business activities of these foreign, non-parties would be of no consequence to the outcome of this action. *Id.* (citing Fed. R. Evid. 401, 402).

Plaintiffs respond that there is no dispute that Nuby UK, LLP, Nuby China, Ltd., Nuby Hong Kong, Ltd., and Luv n' care Holdings, LLC are not parties to this lawsuit. [Doc. No. 365 at 16]. Plaintiffs argue that they do not seek to hold these businesses vicariously liable for the conduct of LNC or the other LNC Parties. *Id.* at 17. Plaintiffs contend that the existence and identities and acts of each of these entities is relevant to Plaintiffs' claims. *Id.* Plaintiffs further argue that evidence of sales of the NTFRP made by, through or via Nuby UK, Nuby China, Nuby Hong Kong, NAP, and LNC Holdings may be properly attributed to LNC and/or the other LNC Parties, either directly or based on principles of agency. *Id.* at 17-18. Plaintiffs contend that LNC and Nuby UK, Nuby China, Nuby Hong Kong, NAP, and LNC Holdings were under common control and were and remain affiliated Hakim-family businesses. *Id.* at 18. According to Plaintiffs, the Court should not preclude Plaintiffs from mentioning, presenting, or establishing the participation and role of these businesses without first allowing the parties to present their evidence. *Id.*

The Court finds that it would be imprudent to rule on this evidence without more context. Accordingly, the Court defers ruling on this evidence and testimony until it is offered in its proper

context. *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07-572, 2010 U.S. Dist. LEXIS 132686, at *7-8 (W.D. La. Dec. 15, 2010) ("Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.") (citing *Starling v. Union Pac. R.R.* 203 F.R.D. 468, 482 (D. Kan. 2001) ("[I]t is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there")). If specific evidence, testimony, or argument is presented at trial that Defendants believe is improper regarding these foreign entities, then Defendants can object at that time. *Ultra-Precision*, 338 F.3d at 1359 ("Rulings on a motion in limine are by definition preliminary and are subject to change as the case unfolds.").

For the reasons stated above, Defendants' Motion in Limine No. 7 is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendants' Omnibus Motion in Limine [Doc. No. 313] is **GRANTED IN PART** and **DENIED IN PART.**

MONROE, LOUISIANA, this 28th day of September 2023.

_____
Terry A. Doughty
United States District Judge