# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

This is a patent action involving U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Pending before the Court is the Motion in Limine to Exclude or Strike Certain Opinions Offered by Marc A. Hubbard [Doc. No. 323] filed by Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs"). Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants") filed an Opposition [Doc. No. 357]. The matter is fully briefed. The Court is now prepared to rule on the motion.[1]

## I.    LEGAL STANDARD

### a)  Motion in Limine

"A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, Federal Motions in Limine § 1:1 (2018). The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in

---

[1] After carefully considering the paper filed, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; LR 78.1.

limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *see also, LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460 (1984).

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 U.S. Dist. LEXIS 124798, at *274 (M.D. Fla. Jan. 30, 2009). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* at *276 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id.*

### b) Fed. R. Evid. 702

Fed. R. Evid. 702 provides that a witness who is qualified "by knowledge, skill, experience, training, or education," may provide opinion testimony if that testimony will assist the trier of fact and "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The witness must possess "specialized knowledge, skill, experience, training, or education in the relevant field," in order to

be qualified to express his expert opinion on the topic in issue. *Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1110 (5th Cir. 1991).

The Supreme Court in *Daubert* charged trial courts with the task of determining whether expert testimony under Rule 702 is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993).

> The *Daubert* opinion lists a number of factors that a trial court may use in determining an expert's reliability. Trial courts are to consider the extent to which a given technique can be tested, whether the technique is subject to peer review and publication, any known potential rate of error, the existence and maintenance of standards governing operation of the technique, and, finally, whether the method has been generally accepted in the relevant scientific community . . . . These factors are not mandatory or exclusive; the district court must decide whether the factors discussed in *Daubert* are appropriate, use them as a starting point, and then ascertain if other factors should be considered . . . . But the existence of sufficient facts and a reliable methodology is in all instances mandatory. Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.

*Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (internal citations omitted).

When applying *Daubert*, the Court's task "is to analyze not what the experts say, but what basis they have for saying it." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995). Importantly, "[a]n expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record." *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir. 1994). That said, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## II.    ANALYSIS

Plaintiffs argue that the Court should preclude Defendants' designated patent law expert, Mr. Marc A. Hubbard, from expressing any opinions in regard to the intention or knowledge of inventors or patent lawyers and/or the supposed thoroughness of a patent examiner's examination

and work in connection with a patent application on the grounds that any such opinions would be inadmissible and properly excluded as speculative and unreliable under Fed.R.Evid. 702. [Doc. No. 327 at 1).[2] Specifically, Plaintiffs argue that Mr. Hubbard should be precluded from expressing the opinions stated in Paragraphs 71, 94, 100, 196, 197, and 215 in his report. *Id.* at 1-2. Plaintiffs further argue that the Court should preclude Mr. Hubbard from expressing "[a]ny opinions referencing or asserting that the asserted claims [] are invalid for failing to comply with 35 U.S. § 112, an affirmative defense Defendants never plead." *Id.* at 2. Finally, Plaintiffs contend that the Court should preclude Mr. Hubbard from expressing "[a]ny opinions that are contrary to the prior decisions of this Court and Court of Appeals." *Id.*

Defendants respond that Mr. Hubbard's qualifications are impeccable and are detailed in his report. [Doc. No. 357 at 2]. Defendants argue that Plaintiffs take issue with a small portion of Mr. Hubbard's expert report. *Id.* at 3-6. Defendants also argue that none of the identified paragraphs address "quotas, time pressures, or the problems examiners generally face in completing their work at the PTO," which Plaintiffs claim is improper per *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F.Supp.3d 928, 947 (N.D. Cal. 2015). *Id.* at 6. Defendants further contend that none of these paragraphs address issue with "the 'completeness' or 'file integrity'" of the prior art maintained at the USPTO, the difficulties examiners face in discovering and obtaining prior art references other than patents, and the supposed time constraints under which the USPTO must operate," which Plaintiffs argue is improper and inadmissible per *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 79 F.Supp.2d 252, 255 (W.D.N.Y. 2000). *Id.*

The Court generally agrees with Plaintiffs that Mr. Hubbard should be precluded from expressing most of the opinions stated the identified paragraphs. The paragraphs include

---

[2] Citations are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

statements which are speculative, unhelpful to a jury, and inadmissible. Specifically, Mr. Hubbard

is precluded from expressing the following stricken statements from his report:

71. Patents are presumed to be valid once granted. ~~However, it is important to keep in mind that the examination undertaken by the USPTO is limited. The presumption of validity does not mean that the examination of an application was thorough, complete, or without mistake. In my opinion, being able to challenge the validity of a patent when there is a reasonable issue concerning its validity is critical to helping to ensure that the legal requirements set for receiving a patent are met.~~

94. ~~Patent practitioners are, in my opinion, well aware that~~ a continuation-in-part application presents the possibility of different claims presented in the application having different effective filing dates. In my opinion and experience, ~~patent practitioners who represent applicants before the PTO understand that~~ any claim for which there is not written description in the earlier application will only have as its effective filing date the filing date of the CIP application.

~~100. Although some imprecision in claim langauge cannot be avoided, it is my opinion that the practice of most if not all patent lawyers is to employ language in claims having at least some imprecision, even when more precision is possible.~~

196. In the remarks section of the response, the applicant specifically pointed out that both claims required a "generally flat sidewall section;" that claim 34 required a "generally flat inward flexible panel;" and that claim 35 required an "inwardly flexible panel." ~~It is my opinion that applicant's reliance on these limitations to avoid double patenting and to distinguish the claims over the prior art indicates that the applicant did not believe that a container meeting these limitations was obvious.~~ It is also my opinion that the applicant's reliance on these limitations indicates the importance of these limitations and that they are not trivial limitations. Indeed, they were required to overcome the rejections based on the prior art and to obtain allowable claims in this application.

197. Furthermore, the applicant stated that support for these limitations was found in Figures 2 and 9 of the application. In my opinion this is an admission that Figure 9 was required for support of the claims. ~~If only Figure 2 was required for support, it is my opinion that the applicants' attorney, understanding that the '797 application was a CIP application, would have argued that Figure 2 provided support for the limitations.~~

> 215. … ~~In my experience, inventors usually do not understand what a claim means; they have to be explained to them~~ …

It is clear that "the purpose of [the stricken] testimony would be to attempt to undermine the presumption of validity under 35 U.S.C. § 282 by inviting the jury to speculate about possible defects, errors, or omissions in the application process that led to the issuance of the patent-in-suit." *Bausch & Lomb*, 79 F. Supp. 2d at 255-56. Moreover, the testimony makes unfounded and unsupported statements about what the applicant, applicant's attorney, inventors, or "most if not all patent attorneys" believe or think. This type of testimony is improper, not helpful, and inadmissible. Accordingly, Plaintiffs' motion in this regard is **GRANTED.**

Regarding Mr. Hubbard's opinions on invalidity for failure to comply with 35 U.S.C. §112, Defendants note that this was subject of a pending motion at the time the briefing was filed. [Doc. No. 357 at 7] (citing Doc. Nos. 299, 309). On September 26, 2023, the Court ruled on Plaintiffs' motion. [Doc. Nos. 437 and 438]. For the reasons stated in the Court's Ruling, Plaintiffs' motion is **GRANTED.**

Regarding Plaintiffs' argument to exclude "[a]ny opinions that are contrary to the prior decisions of this Court and Court of Appeals," Plaintiffs do not reference *any* of Mr. Hubbard's opinions. It is not the Court's role to attempt to discern what opinions Plaintiffs contend run afoul of prior decisions of "this Court" or the unidentified "Court of Appeal." If specific evidence, testimony, or argument is presented at trial that Plaintiffs believe is "contrary to the prior decisions of this Court and Court of Appeals," then Plaintiffs can object at that time. *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003) ("Rulings on a motion in limine are by definition preliminary and are subject to change as the case unfolds."). Accordingly, Plaintiffs' motion in this regard is **DENIED.**

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion in Limine to Exclude or Strike Certain

Opinions Offered by Marc A. Hubbard [Doc. No. 323] is **GRANTED IN PART** and **DENIED IN PART.**

MONROE, LOUISIANA, this 28th day of September 2023.

Terry A. Doughty
United States District Judge