**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**MICHAEL L MCGINLEY ET AL**            **CASE NO. 3:17-CV-00821 LEAD**

**VERSUS**           **JUDGE TERRY A. DOUGHTY**

**LUV N CARE LTD**           **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

Pending before the Court is a Motion to Bifurcate Trial of Liability from Damages [Doc. No. 484] filed by Defendant. Plaintiffs oppose the Motion [Doc. No. 485].

For the following reasons, the Motion is **GRANTED**.

**I.    BACKGROUND**

This matter is set for a jury trial beginning on January 16, 2024. Defendants argue that the jury trial should be bifurcated into a liability phase before a jury and a damages phase before a special master.

In its Motion, Defendant asserts that Plaintiffs have requested an accounting in the event that they succeed in their infringement claim against the product at issue in the litigation.[1] There is an issue between the parties as to the exact number of new versus old products sold by Defendant during the alleged infringing period. This is why Plaintiffs seek an accounting.[2]

Defendant does not object that if there is infringement found for the old product but not the new one, then an accounting is proper.[3] Therefore, Defendant proposes that the trial should be bifurcated into liability and damages phases.[4] In support of this contention, Defendant argues that

---

[1] [Doc. No. 484]
[2] [Id.]
[3] [Id.]
[4] [Id.]

if Plaintiffs fail to convince the jury on infringement or Defendants are successful on their invalidity defense, then there is no need for the jury to consider damages.[5] Alternatively, if Plaintiffs are successful, then Defendant argues that damages would be properly determined by an accounting and not the jury because an accounting is an equitable remedy.[6]

In opposition, Plaintiffs argue that there is no need to bifurcate the trial because they "no longer believe that the 'accounting' Defendants now say they will agree to and pay for 'if the jury were to rule against them' … is necessary."[7] Plaintiffs simply contend that this is a straightforward case and that "there is no good reason to split out any of the claims, defenses and issues for a second, separate jury trial."[8]

The Court has considered the issues and is prepared to rule.

## II. LAW AND ANALYSIS

### A. Legal Standard

The Federal Rules of Civil Procedure provide that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). Bifurcation is left to the discretion of the court; however, to rightly bifurcate, the issue being separated "must be distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B&W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964). The Fifth Circuit "has cautioned that separation of issues is not the usual course that should be followed[.]" *State of Ala. v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978) (citing *Swofford*, 336 F.2d at 415). Moreover, bifurcation should not be granted when it "would result in unnecessary delays, additional expense, or some other form

---

[5] [Id.]
[6] [Id.]
[7] [Doc. No. 485, p. 1]
[8] [Id.]

of prejudice." *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1433 (D. Del. 1989).

### B.  Analysis

The Defense asserts that bifurcation would result in a more streamlined and shorter trial, ultimately conserving judicial resources and saving a jury from considering unnecessary evidence. The Court agrees with Defendant. FRCP 42(b) was made for cases such as these. While Plaintiffs argue that this case is "straightforward" and assert that they will easily determine the amount of the products sold to prove damages, the Court simply does not agree with this contention. This case has, as Plaintiffs asserted, been ongoing for nearly eight years. The Court has issued numerous rulings and considered the vast arguments and evidence presented by both parties in this matter over the course of those eight years. During the eight-year period, the Court has had to employ a technical advisor for this case because of the complicated questions of law and fact that have arisen.

The Court finds that bifurcation in this case is warranted. It sees no prejudice to either party to bifurcate, and finds that these complicated issues should not, and likely cannot, be presented to a jury in just two weeks. Additionally, the Defense has agreed to pay for the accounting should that be necessary, resulting in no additional expenses to Plaintiffs as a result of the bifurcation. For these reasons, Defendant's Motion is **GRANTED**.

### III.  CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion to Bifurcate Trial of Liability from Damages and Supporting Memorandum [Doc. No. 484] filed by Defendant is

**GRANTED**, and this matter shall be bifurcated into a liability phase to be conducted before the jury and an accounting phase to be conducted by a special master, at the expense of Defendant.

MONROE, LOUISIANA, this 28th day of December 2023.

_____
Terry A. Doughty
United States District Judge