UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### RULING AND ORDER ON THE PARTIES' PRETRIAL MEMORANDUM

Pending before the Court is Pretrial Memorandum [Doc. No. 462] filed by Plaintiffs Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs"). Also, before the Court is Pretrial Memorandum [Doc. No. 463] filed b Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively "Defendants"). The Court provides the following rulings for the issues raised in the parties' pretrial memorandums.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case has a long and complex procedural history. [*See, e.g.*, Doc. No. 414-1 at 6-11].[1] As it relates to the parties' pretrial memorandums, the Court entered an amended Scheduling Order on July 6, 2023, and set the case for trial on January 16, 2024. [Doc. No. 433]. Pursuant to the July 6, 2023 Scheduling Order, the parties filed their respective pretrial memorandums identifying contested issues of law, outstanding discovery issues, and objections to the trial depositions. [Doc. No. 433 at 5]. A pre-trial conference was held on December 14, 2023. [Doc. No. 473]. To the extent that an issue was not addressed during the pre-trial conference, the Court resolves the issues as follows.

### II. PLAINTIFFS' PRETRAIL MEMORANDUM [DOC. NO. 462]

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

As an initial matter, Plaintiffs state that the Court "should confirm" that it will do a number of things. [Doc. No. 462 at 1, 8, 9]. Plaintiffs' are placing the cart before the horse. To the extent that Plaintiffs are asking the Court to confirm what the Court is required to do as a matter of law, a confirmation is unnecessary. To the extent that Plaintiffs are asking the Court to confirm what the Court is not required to do as a matter of law, the request is denied at this time.

Plaintiffs also argue that Defendants voluntarily waived any attorney-client privilege applicable to their post-April 2014 evaluation of U.S. Patent No. 8,636,178 ("the '178 Patent). [Doc. No. 462 at 4-5] (citing Doc. No. 143-2). Plaintiffs contend that Defendant LNC should produce all of the documents memorializing, reflecting or otherwise generated in connection with the communications Mr. Hakim described. [Doc. No. 462 at 5]. The Court finds that Plaintiffs have not previously raised this waiver argument, and it is improper to do so at this stage in the case. Accordingly, the Court finds that Plaintiffs have waived this argument by failing to raise it in a timely manner. Indeed, the document cited by Plaintiffs for their basis of waiver is dated November 30, 2018. A five year delay goes far beyond untimely.

The parties also dispute whether the doctrine of "prosecution history disclaimer" should apply to bar Plaintiffs from arguing that the flexible panel of the redesigned NTFRP satisfies the flexible panel limitation of the asserted claims. [Doc. No. 462 at 5]. The Court agrees with Plaintiffs that the fact finder will decide whether the redesigned NTFRP satisfies that flexible panel claim limitation, literally or under the doctrine of equivalents. If the finding is for literal infringement, that ends the matter. If the finding is infringement based on the doctrine of equivalents, then Defendants can argue post-trial that Plaintiffs should be estopped from prevailing on that finding.

The parties also dispute whether Plaintiffs are estopped as a matter of law from proving

that the structure or features of the original and redesigned NTFRP satisfy the "generally flat" limitations of the '178 Patent, Claims 1 and 6 based on the doctrine of equivalents. [Doc. No. 462 at 6]. The Court agrees with Plaintiffs that it need not address or resolve Defendants' argument regarding the "generally flat" limitations of the '178 Patent until after the fact finder reaches its verdict. The same is also true of Defendants' related "claim vitiation" defense and "ensnarement of the prior art" defense. These matters can be briefed and argued after the trial under the rules if necessitated by the verdict.

Finally, Plaintiffs argue that Defendants assert as their Eleventh and Twelfth Affirmative Defenses are not defenses at all. [Doc. No. 462 at 9]. Plaintiffs contend that these defenses are merely arguments in opposition to Plaintiffs' claims for enhanced damages and attorney's fees based on Defendants' infringement, actions and litigation misconduct. *Id.* It is unclear what relief Plaintiffs are requesting regarding these defenses. Other than describing their version of the facts, Plaintiffs do not ask for a specific resolution.

### III. DEFENDANTS' PRETRAIL MEMORANDUM [DOC. NO. 463]

Defendants argue that Plaintiffs are barred by prosecution history estoppel and prosecution disclaimer from asserting infringement under the doctrine of equivalents for both the "generally flat" and "generally smooth inward surface" limitations in independent Claims 1 and 6 of the '178 Patent. [Doc. No. 463 at 8-12]. Defendants also argue that the legal limitations on the doctrine of equivalents such as the "All Limitations Rule" and "Ensnarement" must be decided by the Court as a matter of law. *Id.* at 12-13. As discussed above, these matters can be briefed and argued after the trial if necessitated by the verdict.

Defendants also challenge Mr. Michael L. McGinley's expert opinion testimony disclosed in his September 8, 2023 Second Supplemental Report. [Doc. No. 463 at 14]. Defendants argue

that McGinley's supplemental infringement opinion is contrary to what the Court has already found was disclaimed by Mr. McGinley during prosecution of the '178 Patent. *Id.* Specifically, Defendants object to Mr. McGinley's further restricting or redefining the scope of his amendment in adding the limitation "generally smooth inward surface." *Id.* at 15. Defendants argue that Mr. McGinley is asserting an infringement analysis based upon arguments not originally presented during the prosecution of the '178 Patent in order to overcome the examiner's objection based on the Perock Patent. *Id.* Defendants also argue that Mr. McGinley seeks to testify as an expert that the flexible panel in the original NTFRP and the redesigned NTFRP are "nothing like the flexible panel patented by Perock." *Id.* (citing Doc. No. 463-1).

"[T]he construction of a patent, including terms of art within its claim, is *exclusively* within the province of the court." *Markman v. Westview Instruments*, 517 U.S. 370, 372, 116 S. Ct. 1384, 1387 (1996) (emphasis added). The Court provided two Claim Constructions Orders in this case. [Doc. Nos. 233, 428]. Both Claim Construction Orders conclude with the following instructions:

> The parties are ordered to not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are ordered to refrain from mentioning any part of this opinion, other than the definitions adopted by the Court, in the presence of the jury. *However, the parties are reminded that the testimony of any witness is bound by the Court's reasoning in this order but any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the Court.*

[Doc. Nos. 233 at 41, 428 at 19] (emphasis added). The Court analyzed the specification and the prosecution history, and construed the terms in the context of the intrinsic evidence as a matter of law. Any analysis by Mr. McGinley of the prosecution history is an improper attempt to usurp the exclusive province of the Court. Once the parties are provided with the Court's constructions, the prior art cited in the prosecution history is completely irrelevant in the context of an infringement analysis *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1323 (Fed. Cir. 2002). ("A two-step

process is used in the analysis of patent infringement: first, the scope of the claims are determined as a matter of law, and second, the properly construed claims are compared to the allegedly infringing device to determine, as a matter of fact, whether all of the limitations of at least one claim are present, either literally or by a substantial equivalent, in the accused device."). Mr. McGinley is bound by the Court's reasoning and is precluded from providing any testimony regarding the prior art in the context of an infringement analysis.

Defendants further argue that Plaintiffs are precluded from seeking damages under 35 U.S.C. § 271(a) for infringing acts that do not take place "within the United States." [Doc. No. 463 at 19-22]. This is not the first time Defendants have raised this issue. [Doc. No. 312]. In previously resolving the issue, the Court ruled as follows:

> Plaintiffs will have to prove that these sales actually occurred within the United States. For example, Plaintiffs may prove that the level of the sales activity occurring at LNC's headquarters in Monroe was "substantial," and that those sales by LNC are properly deemed to be sales from within the U.S. for purposes of § 271(a). Accordingly, the Court agrees with Plaintiffs that the calculations and opinions that Defendants are requesting the Court to exclude turn on multiple disputed facts that should be decided by the jury.

[Doc. No. 439 at 6-7]. Defendants' contentions in their pretrial memorandum address the disputed facts. The fact finder will ultimately hear these disputed facts, and then determine whether the sales occurred in the United States.

Finally, Defendants argue that the 2nd McGinley Suppl. Report includes "Supplemental Opinions 11-20," which the Court previously determined should not be allowed. [Doc. No. 463 at 22-23] (citing Doc. No. 445 at 7). As previously decided, Plaintiffs are precluded from presenting Opinions 10-20 in Mr. McGinley's November 18, 2022 Supplemental Report as expert opinion.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the parties comply with the above rulings as they relate to the issues raised in Plaintiffs' Pretrial Memorandum [Doc. No. 462] and Defendants' Pretrial Memorandum [Doc. No. 463].

MONROE, LOUISIANA, this 29th day of December 2023.

                                              **TERRY A. DOUGHTY**
                                              **UNITED STATES DISTRICT JUDGE**