UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

This is a patent action involving U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." Pending before the Court is the Motion to Strike and Motion in Limine [Doc. No. 465] filed by Luv n' care, Ltd. ("LNC"), Admar International, Inc. ("Admar"), BuyBabyDirect, LLC ("BBD"), Bayou Graphics and Design, LLC ("BGD"), Control Services, Inc. ("CS"), and HHHII, LLC ("HHHII"), (collectively, "Defendants"). The motion seeks to strike certain portions of Mr. Michael McGinley's Second Supplemental Expert Report of September 8, 2023 ("Supplemental Report"). Michael L. McGinley and S C Products, Inc., (collectively "Plaintiffs") filed an Opposition [Doc. No. 483]. Defendants moved the Court to file a reply. [Doc. No. 494]. The Court denied Defendants' request. [Doc. No. 501]. The Court is now prepared to rule on the motion.

**I. LEGAL STANDARD**

  **a) Fed. R. Evid. 702 and *Daubert* Motions**

Fed. R. Evid. 702 provides that a witness who is qualified "by knowledge, skill, experience, training, or education," may provide opinion testimony if that testimony will assist the trier of fact and "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The witness must possess

"specialized knowledge, skill, experience, training, or education in the relevant field," in order to be qualified to express his expert opinion on the topic in issue. *Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1110 (5th Cir. 1991).

The Supreme Court in *Daubert* charged trial courts with the task of determining whether expert testimony under Rule 702 is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993). Specifically:

> The *Daubert* opinion lists a number of factors that a trial court may use in determining an expert's reliability. Trial courts are to consider the extent to which a given technique can be tested, whether the technique is subject to peer review and publication, any known potential rate of error, the existence and maintenance of standards governing operation of the technique, and, finally, whether the method has been generally accepted in the relevant scientific community . . . . These factors are not mandatory or exclusive; the district court must decide whether the factors discussed in *Daubert* are appropriate, use them as a starting point, and then ascertain if other factors should be considered . . . . But the existence of sufficient facts and a reliable methodology is in all instances mandatory. Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.

*Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (internal citations omitted).

When applying *Daubert*, the Court's task "is to analyze not what the experts say, but what basis they have for saying it." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995). Importantly, "[a]n expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record." *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir. 1994). That said, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Indeed, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact*." United States v.*

*14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987)).

**II.  ANALYSIS**

Defendants move the Court to strike certain portions of the Supplemental Report, and preclude Mr. McGinley from introducing evidence, testimony, arguments, or reference at trial regarding the tests disclosed in the Supplemental Report. [Doc. No. 465-1 at 1].[1] Defendants argue that the intended use of the original Nuby Tear Free Rinse Pail ("NTFRP") and the redesigned NTFRP is to place the flexible portion of the cup against a child's head to create a seal that prevents the flow of any liquid or soap down the front of the child's face. *Id.* An example of this is illustrated in Figure 3 of the '178 Patent.



'178 Patent at Figure 3. Defendants argue that the Supplemental Report is replete with assertions

---

[1] Citations to the parties' filings are to the filing's number in the docket [Doc. No.] and pin cites are to the page numbers assigned through ECF.

acknowledging the intended use of the NTFRPs. [Doc. No. 465-1 at 3-4]. Defendants contend that the "more detailed test" disclosed in the Supplemental Report is fundamentally flawed because it did not test the cups in their intended operational configuration or by simulating their intended use. *Id.* at 4-5.

Defendants also argue that Mr. McGinley's testing did not account for and factor in the differences in the coefficients of friction between the original NTFRP versus the redesigned NTFRP. *Id.* at 6. Finally, Defendants contend that Mr. McGinley cannot point to any peer review to support his methodology, discuss any known or potential errors in said methodology, or to address whether said methodology is even generally accepted in the scientific community. *Id.*

The Court finds that Defendants' motion simply challenges the credibility and weight to be given to Mr. McGinley's testing testimony as opposed to its reliability and admissibility at trial. Given the nature of the patented technology, the accused device and the atypical character of the subject matter, the Court finds that Mr. McGinley's testing, his conclusions, and the way he reached them were not beyond the practice of an expert in the relevant field. The Supplemental Report includes a description of McGinley's testing on pages 8 through 10. (Doc. No 465-3 at 8-10). Mr. McGinley's description is detailed and supported by notes and a video to document the results of the testing. The methodology is reliable and repeatable. Accordingly, the Court finds that McGinley's testing was measured, and not haphazard as Defendants contend. Indeed, Mr. McGinley's test is a repeatable mechanical pouring of a uniformly measured amount of fluid, which tests the NTFRPs without the natural variance in the size of differing heads.

Defendants have similarly failed to support their second criticism of Mr. McGinley's testing as unreliable. For each of these reasons, Defendants' attacks on the methodology of Mr. McGinley's testing at best question the results of the testing, and not the reliability of the testing method. *Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 U.S. Dist. LEXIS 36010, at *3 (E.D.

La. Apr. 7, 2009) ("Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion.").

Lastly, the lack of any peer review or analysis of McGinley's testing does not render his testing and related opinions unreliably inadmissible. The methods used by an expert in his or her testimony do not necessarily have to be subject to peer review and publication or be generally accepted in the relevant scientific community to be admissible in court. As discussed above, the admissibility of expert testimony is determined under the *Daubert* framework, which includes several factors which may not apply to every expert opinion. *See, e.g.*, *Hathaway v. Bazany*, 507 F.3d at 318 (5th Cir. 2007).

The Court finds that in this instance the lack of any peer review, publications, or acceptance of his testing methods by "the relevant scientific community" does not render his testing conclusively unreliable and inadmissible. Defendants are free to challenge Mr. McGinley's testing methodology and results before the jury. *Daubert*, 509 U.S. at 596. ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The jury can then determine the weight they should give to the tests.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Strike and Motion in Limine [Doc. No. 465] is **DENIED.**

**MONROE, LOUISIANA,** this 4th day of January 2024.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT COURT**