UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL L. McGINLEY, ET AL.** | **CASE NO. 3:17-CV-00821 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LUV N' CARE, LTD., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

Pending before the Court is a Renewed Motion for Judgment as a Matter of Law on the Issue of Literal Infringement or, in the Alternative, Motion for New Trial [Doc. No. 564] filed by filed by Plaintiffs Michael L. McGinley ("McGinley") and S. C. Products, Inc., ("S.C."), (collectively "Plaintiffs"). An Opposition [Doc. No. 572] was filed by Defendants Luv n' care, Ltd., Admar International, Inc., BuyBabyDirect, LLC, Bayou Graphics and Design, LLC, Control Services, Inc., and HHHII (collectively "LNC" or "Defendants"). A Reply [Doc. No. 576] was filed by Plaintiffs.

Having considered the briefing, case record, and relevant authorities, the Court is of the opinion that the Renewed Motion should be **DENIED** for the reasons set forth herein.

**I.    BACKGROUND**

On March 30, 2016, Plaintiffs brought suit against Defendants for infringement of U.S. Patent No. 8,636,178 (the '178 Patent). The '178 Patent issued on January 28, 2014, and is related to a "flexible panel pitcher device." This case has a long and complex procedural history that spans over eight years. [*See, e.g.*, Doc. No. 414-1 at 6-11]. The case eventually proceeded to trial before a jury on January 22, 2024.[1] The trial lasted two and one-half days, and ended on January 24, 2024, with the jury finding that Plaintiffs did not prove by a preponderance of the evidence that Claims

---

[1] The jury trial was originally set for Tuesday, January 16, 2024 [Doc. No. 433], but due to hazardous weather in the area had to be delayed twice. [Doc. No. 527]

1, 2, 4, 6, 7 and/or 9 of the '178 Patent was infringed by Defendant LNC. [Doc. No. 541, 546]. The Court entered Judgment on February 1, 2024 holding that LNC did not infringe Claims 1, 2, 4, 6, 7 and/or 9 of the '178 Patent. [Doc. No. 553].

Before the jury returned its verdict, Plaintiffs moved the Court for Judgment as a Matter of Law ("JMOL") on the issue of infringement. [Doc. No. 541]. The Court denied Plaintiffs' motion on January 26, 2024. [Doc. No. 549]. Plaintiffs renew their motion for JMOL on the issue of whether the original Nuby Tear Free Rinse Pail (Exhibits 402B, 1630) literally infringed Claims 1, 2, 4, 6, 7 and/or 9 of the '178 Patent.[2] In the alternative, Plaintiffs move the Court for a new trial concerning the same issue of literal infringement, because they contend that the jury's verdict in favor of Defendants was against the weight of the evidence

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 50(b)

Judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party" on an issue. Fed. R. Civ. P. 50(a)(1). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district would usually lie." *Finisar Corp. v. DirectTV Grp., Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008). The Fifth Circuit "uses the same standard to review the verdict that the district court used in first passing on the motion." *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). Thus, "a jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.'" *Id.* at 700 (quoting Fed. R. Civ. P. 50(a)(1)). "[I]f the jury's factual findings

---

[2] Plaintiffs state that "[n]either of these motions addresses or is based on the jury's findings and verdict on the Redesigned Nuby Tear Free Rinse Pail (Ex. 1629)." [Doc. No. 564-1 at 7 n. 2].

are not supported by substantial evidence or if the legal conclusions implied from the jury's verdict cannot in law be supported by those findings," JMOL should be granted. *Am. Home Assur. Co. v. United Space Alliance*, LLC, 378 F.3d 482, 486-87 (5th Cir. 2004).

Under Fifth Circuit law, the court is to be "especially deferential" to a jury's verdict and must not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). "Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded men [and women] in the exercise of impartial judgment might reach different conclusions." *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000) (citing *Gaia Technologies, Inc. v. Recycled Prods. Corp.*, 175 F.3d 365, 374 (5th Cir. 1999)). The moving party is not entitled to judgment as a matter of law unless "the evidence points so strongly and so overwhelmingly in favor of the [moving] party that no reasonable juror could return a contrary verdict." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005) (citing *Cousin v. Tran Union Corp.*, 246 F.3d 359, 366 (5th Cir. 2001)).

In evaluating a motion under Rule 50, the court must "draw all reasonable inferences in the light most favorable to the verdict and cannot substitute other inferences that [the court] might regard as more reasonable." *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 452 (5th Cir. 2013) (internal citation omitted). "[T]he court must give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *See Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001) (quoting 9A WRIGHT & MILLER § 2529). However, in doing so, the court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000)).

### B. Federal Rule of Civil Procedure 59

Under Federal Rule of Civil Procedure 59(a), a new trial can be granted to any party after a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In considering a motion for a new trial, the Federal Circuit applies the law of the regional circuit. *z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). "The decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999). "The Fifth Circuit has instructed that district courts should respect the jury's collective wisdom and must not simply substitute its opinion for the jury's, but if the trial judge is not satisfied with the verdict of a jury, he has the right—and indeed the duty—to set the verdict aside and order a new trial." *Sonder USA, Inc. v. 635 N. Scott St., LLC*, No. 18-13891, 2022 U.S. Dist. LEXIS 87411, at *21 (E.D. La. May 16, 2022) (quotations omitted).

### C. Infringement

To prove infringement under 35 U.S.C. § 271, a plaintiff must show the presence of every element, or its equivalent, in the accused product or service. *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985). First, the claim must be construed to determine its scope and meaning; and second, the construed claim must be compared to the accused device or service. *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1129 (Fed. Cir. 2011) (citing *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). "A determination of

infringement is a question of fact that is reviewed for substantial evidence when tried to a jury." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007).

### III.   ANALYSIS AND ARGUMENT

**A. Plaintiffs did not Establish Infringement as a Matter of Law.**

Plaintiffs move for judgment as a matter of law under Fed. R. Civ. P. 50(b) that the Original Nuby Tear Free Rinse Pail (Ex. 1630) literally infringed the asserted claims. As an initial matter, Plaintiffs bear the burden at trial to show that the accused devices practice every element of the asserted claims. 35 U.S.C. § 271(a); *see also Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011). The absence of even a single limitation defeats a charge of infringement. *Gen. Am. Transp. Corp. v. Cryo-Trans, Inc.*, 93 F.3d 766, 771 (Fed. Cir. 1996). As discussed, "[a] determination of infringement is a question of fact that is reviewed for substantial evidence when tried to a jury." *ACCO Brands,*, 501 F.3d at 1311. The Court finds that Defendants presented substantial evidence during trial that at least the "general flat" limitation was not met by the accused products, and therefore the jury's determination of noninfringement is supported by substantial evidence. Accordingly, the Court finds that Plaintiffs' motion for judgment as a matter of law should be denied.

Plaintiffs argument focuses on the term "generally flat," which is recited in Claims 1 and 6 of the '178 Patent. [Doc. 564-1 at 7]. The Court's construction for the term "generally flat" repeated the construction provided by the Federal Circuit in July 2020. [Doc. No. 258 at 13]. Specifically, the term "generally flat" as used in the asserted claims of the '178 Patent means "mostly flat and not, as whole V-shaped, round or cylindrical." [Doc. No. 547 at 10]. Plaintiffs argue that Mr. McGinley testified and showed the jury that the flexible portion of the generally

continuous [rigid] sidewall of Defendants' Original Nuby Tear Free Rinse Pail satisfied the Court's definition. [Doc. No. 564-1 at 8-9].

Without citation to the trail transcript, Plaintiffs argue that Defendants' theory was the shape of the sidewall and flexible portion on the front of the NTFRP was not "generally flat," because it was not "flat" or "mostly flat." *Id.* at 9. Again, without citation to the trial transcript, Plaintiffs further argue that they objected to Exhibits 5308-5313 and 5315, because they were CAD drawings of the Original NTFRP. *Id.* Plaintiffs contend that Defendants emphasized that the Court's definition of "generally flat" used an "and" had two discrete parts. *Id.* at 10. Plaintiffs contend that Defendants "subtly" suggested that the jury need only consider and decide the first part of the definition. *Id.* Again, without citation to the trial transcript, Plaintiffs further argue that Defendants violated the claim scope even more by offering Exhibit 360, 360A, 5600-1, -2, -3. *Id.* at 11. According to Plaintiffs, the admission and use of the unauthenticated drawings and "circle" exhibits misled the jury into thinking that the Original NTFRP was round as a whole when it was not. *Id.*

Plaintiffs further argue that by presenting its evidence and arguing the case and its defense in this way, Defendants unjustly violated the Court's claim construction instruction and the claim scope rulings of the Federal Circuit. *Id.* at 11-12. According to Plaintiffs, neither Mr. Valderrama's opinions nor the inadmissible exhibits on which he relied can be reasonably viewed as supporting the jury's verdict. *Id.* at 12. Plaintiffs argue that Mr. Valderrama's opinions and testing was legally insufficient to rebut Plaintiffs' evidence of infringement. *Id.*

Plaintiffs further contend that McGinley explained to the jury that the flexible sidewall and panel portion of the Original NTFRP literally satisfies the Federal Circuit's definition of a "generally flat" surface. *Id.* at 15. According to Plaintiffs, Defendants focused the jury's attention

on the product as a whole rather than on only the front or face of the product, which although curved, was "mostly flat and not, as a whole, V-shaped, round or cylindrical." *Id.* at 16. Again, without citation to the trial transcript, Plaintiffs argue that Defendants reinforced this misguided and improper global view of the product using Exhibits 5308-5313 and 5315. *Id.* Plaintiffs further argue that Defendants' attacks on Mr. McGinley's credentials and design expertise did not change the shape of the surface of the flexible sidewall section and panel portion of the Original NTFRP. *Id.* Plaintiffs contend that Mr. Valderrama agreed with Plaintiffs that the features of the Original NTFRP were best determined by a visual inspection of the product. *Id.* at 17.

Plaintiffs next argue that even if the jury could reasonably find that the surface of the inwardly flexible panel was not "generally flat" as Defendants asserted, independent claim 6 of the '178 Patent differed from independent claim 1 in that claim 6 did not require the inwardly flexible and pliable panel to be "generally flat." *Id.* According to Plaintiffs, nothing about the language of claim 6 required the "inwardly flexible and pliable panel forming a portion of said generally flat sidewall section" to be "generally flat." *Id.* at 17-19. Plaintiffs argue that had the jury objectively considered McGinley's testimony including Exhibits 1508 and 1509 as the Court instructed, the only outcome a reasonable jury could reach was that the Original NTFRP literally infringed the asserted claims. *Id.* at 19.

Defendants respond that Plaintiffs cannot substantiate any of these alleged violations, because a certified trial transcript is not in the record. [Doc. No. 572 at 2].[3] Defendants further

---

[3] Defendants argue that the lack of a certified trial transcript in the record presents a significant impediment to Plaintiffs' JMOL Motion. [Doc. No. 572 at 5]. Defendants note that any appeal taken from the Court's decision on Plaintiffs' JMOL Motion to the Federal Circuit will be reviewed under the same standards applied by this Court. *Id.* Defendants state that the Federal Circuit, however, will have the benefit of a certified trial transcript. *Id.* According to Defendants, this leaves open the distinct possibility that any inaccuracies in LNC's opposition or the Court's denial of Plaintiffs' JMOL Motion due to the absence of a certified trial transcript can be exploited by

argue that Plaintiffs fail to comprehend the possibility that the jury simply did not believe Mr. McGinley regardless of LNC's noninfringement case. *Id.* at 2-3. Defendants contend that what transpired at trial was a classic battle of the experts with each party presenting one expert on infringement. *Id.* at 4. Defendants contend that both experts were subjected to "[v]igorous cross-examination" and the "presentation of contrary evidence" going to the weight of the evidence to be given by the jury. *Id.* (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993). According to Defendants, what took place at trial was a hard fought battle of the experts that Plaintiffs lost. [Doc. No. 572 at 10]. Defendants argue that LNC did nothing wrong and that Plaintiffs' lack corroboration that the various complaints lodged by Plaintiffs' JMOL Motion were preserved at trial. *Id.* Defendants contend that there was more than sufficient evidence for the jury to find noninfringement of the asserted claims of the '178 Patent by the Original NTFRP. *Id.*

Plaintiffs reply that "there is no need to resort to any testimony at trial other than that through which the Original NTFRP and the '178 patent were admitted in evidence without objection." [Doc. No. 576 at 3]. According to Plaintiffs, a straightforward comparison between LNC's product and the language of the asserted claims was all that was needed to decide the issue. *Id.* Plaintiffs argue that such a comparison leads to the conclusion that the Original NTFRP literally infringed claims 1 and/or 6 of the '178 Patent together with their corresponding dependent claims. *Id.* Again without any citation to the trial transcript, Plaintiffs argue that LNC's expert, Vincent Valderrama admitted during cross-examination that a surface that is "generally flat" can be curved, but a surface that is "mostly flat" cannot have any curvature, no matter how slight. *Id.* at 576 at 5-6. Plaintiffs contend that they are simply asking the Court to evaluate LNC's oppositional evidence

---

Plaintiffs on appeal. *Id.* Defendants argue that the lack of a certified trial transcript warrants denial of Plaintiffs' JMOL Motion for several reasons. *Id.* at 6-9.

and arguments at trial, and find that they were quantitatively insufficient to raise any genuine issue to overcome the indisputable fact. *Id.* at 6.

Ultimately, Plaintiffs ask the Court to make its own credibility determinations and find in Plaintiffs' favor. This would be improper. *See Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*, 554 F.3d 1010, 1024 (Fed. Cir. 2009) (recognizing that "the Fifth Circuit has made clear that the jury is entitled to disbelieve a party's expert if it chooses"); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744-JRG, 2017 U.S. Dist. LEXIS 137926, at *26 (E.D. Tex. Aug. 28, 2017) ("It is not the court's role, and in fact it is improper, for the Court to second guess the credibility determinations of the jury.").

The Court provided the jury with the proper claim construction for the term "generally flat." [Doc. No. 547 at 10]. Specifically, the Court provided the jury with the construction provided by the Federal Circuit. [Doc. No. 258 at 13]. The Court further instructed the jurors that they "must accept the meanings I give you and use them when you decide whether any one or more of the asserted claims has been infringed." [Doc. No. 547 at 9]. The Court also instructed the jury that in deciding the issue of infringement the jurors "must separately compare the original Nuby Tear Free Rinse Pail and the redesigned Nuby Tear Free Rinse Pail to each of the asserted claims using my instructions about the meaning of certain terms used in the asserted claims." [Doc. No. 547 at 12].

As previously indicated by the Court, the matter of infringement as it related to the "generally flat" limitation was a fact question for the jury. *See, e.g.*, Doc. No. 434 at 9 ("[T]he the issues of whether the Original NTFRP and the New NTFRP meet the 'generally flat' limitation must be reserved for the jury to decide."). Accordingly, the parties were given a jury trial, and the jury weighed the competing evidence and evaluated the credibility of Mr. McGinley and Mr.

Valderrama. In weighing the conflicting testimony and the respective credibility of the witnesses, the jury agreed with Defendants. The Court need not recount and rehash additional testimony in support of the verdict, of which there are ample amounts. (*See, generally*, Trial Transcript 207:6-287:3, 292:18-341:3, 375:3-454:22). The jury's verdict is well supported by the record evidence, and judgment as a matter of law is inappropriate.

Regarding Plaintiffs' argument that Mr. Valderrama's testimony and Defendants' arguments plainly violated the Court's claim construction and the law, Plaintiffs do not cite to the trial transcript where it objected to argument or testimony concerning the construction of "generally flat," nor can the Court find any such objection. Accordingly, such argument on this point is untimely and is waived. The Court instructed the jury and the parties that they were bound by the Court's construction.

Regarding the objections to the referenced exhibits, the Court reviewed the trial transcript and finds that all objections were properly ruled upon. Specifically, Plaintiffs objected to Exhibits 5308-5313 and 5315, because Plaintiffs contended that Defendants had not established sufficient foundation. [Trial Transcript at 409:2-8, 421:16-22, 424:9-15, 429:8-14, 431:1-4, 432:18-23]. As indicated in the trial transcript, Defendants provided sufficient foundation and the exhibits were admitted.

Plaintiffs also objected to Exhibit 360 and 360-A, because Plaintiffs contended that Defendants had not established sufficient foundation. [Trial Transcript at 434:19-25, 437:11-17]. As indicated in the trial transcript, Defendants provided sufficient foundation and the exhibits were admitted. Finally, the trial transcript indicates that Plaintiffs did not object to Exhibits 5600-1, -2 and -3. [Trial Transcript at 439:19-440:8][4]. Likewise, the trial transcript indicates that Plaintiffs

---

[4] The trial transcript refers to these exhibits as "5601-1 5601-2 and 5601-3" [Trial Transcript

did not object to Exhibits 5451, 5452, 5456. [Trial Transcript 231:20-232:4, 232:19-233:2, 228:8-11]. Moreover, it was Plaintiffs that admitted Exhibit 5453. [Trial Transcript 197:7-17].

### B. Motion for New Trial

In the alternative, Plaintiffs submit that they are entitled to a new trial on the issue of whether the Original NTFRP (Ex. 1630) infringed claims 1, 2, 4, 6, 7, and/or 9 of the '178 Patent, because they contend that Mr. Valderrama's testimony and opinions and Defendants' arguments violated the Court's claims construction instruction and claim scope rulings. [Doc. No. 564-1 at 20]. Plaintiffs contend that the arguments and testimony, in conjunction with the admission and use of Exhibits 360, 360A, 5308-5313, 5315, and 5600-1, -2 and -3 unjustly prejudiced Plaintiffs and led to a verdict that lacked the requisite evidentiary support. *Id.* Plaintiffs further contend that the admission and use by Defendants of Exhibits 5451-5456 over Plaintiffs' objection led the jury even farther from the propriety of the Court's instructions and what the law required. *Id.*

Plaintiffs argue that the danger that these exhibits would unfairly prejudice Plaintiffs, confuse the issues, and mislead the jury was real and "substantially outweighed" whatever probative value the exhibits arguably had. F.R.E. 403. *Id.* According to Plaintiffs, Defendants' faulty expert testimony, unfairly prejudicial evidence, and inconsistent and illogical arguments hindered the jury in its ability to fairly consider the evidence (*i.e.*, the asserted claims and the sidewall section and flexible panel on the face of the Original NTFRP) in conjunction with the Court's instructions. *Id.*

For the above reasons, the Court declines to grant Plaintiffs a new trial. The trial was not unfair, the verdict was not against the great weight of the evidence, and no prejudicial error was committed. *See Smith,* 773 F.2d at 613. The Court respects the jury's collective wisdom and will

---

440:7].

not simply substitute Plaintiffs' opinion for the jury's verdict. Accordingly, the Court denies Plaintiffs' motion for a new trial.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Renewed Motion for Judgment as a Matter of Law on the Issue of Literal Infringement or, in the Alternative, Motion for New Trial [Doc. No. 564] is **DENIED.**

MONROE, LOUISIANA, this 27th day of September 2024.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE